UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP, et al.,

    Defendants.
_____/

## ORDER ON "PRESS COALITION" MOTION

A coalition of local and national news media organizations which describes itself as the "Press Coalition" filed this afternoon a "Motion Regarding the Arraignment of Former President Donald Trump." [ECF No. 10]. Although the title appears to limit the motion to only tomorrow's first appearance and arraignment of former President Donald J. Trump, it also seeks relief for all *future* proceedings and hearings. The Press Coalition[1] makes two broad requests: (1) it wants the Court to permit a "limited number of photographs and video-recordings in the courtroom and/or the outside corridor before tomorrow's proceedings begin; and (2) it wants immediate release of the "recordings" of tomorrow's proceedings and in future proceedings.

---

[1] The Press Coalition includes cable television networks, broadcast networks, wire services, newspapers, radio stations, publishers and other news and information entities.

The Undersigned will start with a common sense jurisdictional point and an observation: I follow the "stay in your lane" philosophy. My involvement in this case will almost certainly end tomorrow. I am handling tomorrow's first appearance and arraignment only because of my status as duty magistrate judge in the Miami Division of this Court. I am not the magistrate judge paired with United States District Judge Aileen M. Cannon and it is *highly* unlikely that I will be asked to remain involved. So I do not feel it is appropriate for me to rule on what happens in *future* proceedings when I am not the district court judge and when I will have no involvement whatsoever.

Movants rely on Local Rule 77.1 to support their first request. But that local rule *prohibits* "**all** forms" of "photographing, audio- or video-recording, broadcasting or televising within the environs of any place of holding court in the District, including courtrooms, chambers, adjacent rooms, hallways, doorways, stairways, elevators or offices of supporting personnel, whether the Court is in session **or at recess**[.]" (emphasis added).

That is a **broad** prohibition.

To be sure, the rule does have an exception for "photographing in connection with naturalization hearings or other *special proceedings*, as approved by a Judge of this Court[.]" (emphasis added). The Press Coalition argues that tomorrow's first appearance and arraignment are "special proceedings," but the Undersigned is not convinced.

The "special proceedings" term referenced in the Local Rule is analogized to a proceeding akin to a naturalization proceeding. Tomorrow's proceedings are undoubtedly "special" in that they are genuinely historic and of huge importance, but they are not in any way similar to a naturalization proceeding. The motion does not cite any case or legal authority which would support the view that photographs are permitted tomorrow because the first appearance and arraignment are "special proceedings," as that term is used in the rule.

Moreover, allowing photographs would undermine the massive security arrangements put in place.

Shifting focus to the second request, the Undersigned is similarly not convinced that immediate disclosure of the audio is warranted. Tomorrow's proceedings will be public. News media representatives and ordinary citizens will be permitted to attend the hearing in person on a first-come, first-serve basis. Moreover, because the Undersigned anticipates that there will not be enough in-court seats to accommodate everyone who would like to be present in the courtroom, the Undersigned has arranged, with the help of the Clerk of the Court, to have a live video feed broadcast into a spillover room. Therefore, those wishing to see and hear the proceedings unfold live will have the opportunity to do that.

Additionally, the Undersigned has already coordinated with the court reporter to provide an expedited transcript of tomorrow's hearing. The Undersigned anticipates that the transcript will, in fact, be available tomorrow.

Based on these reasons, the Undersigned denies, but without prejudice, the motion. As noted, my jurisdiction covers only tomorrow's hearing, not the remainder of the case. Therefore, the Press Coalition may refile its motion with Judge Cannon for rulings on similar requests concerning future hearings.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on June 12, 2023.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Aileen M. Cannon
All Counsel of Record