**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON**

**UNITED STATES OF AMERICA**,

 Plaintiff,

v.

**DONALD J. TRUMP, and**
**WALTINE NAUTA**,

 Defendants.

_____/

## GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT AND APPOINTMENT OF A CLASSIFIED INFORMATION SECURITY OFFICER

This prosecution involves classified records containing national defense information. The indictment charges Defendant Donald J. Trump with willfully retaining national defense information, and it charges Defendant Trump and Defendant Waltine Nauta with obstructing the government's efforts to retrieve those records and making or causing to be made false statements about them.   Federal Rule of Criminal Procedure 16 obligates the government to provide classified materials to the defense in discovery in this case.   Moreover, a subset of classified documents will comprise part of the government's proof at trial.

Accordingly, the Classified Information Procedures Act, Pub. L. 96–456, 94 Stat. 2025, 18 U.S.C. App. III §§ 1–16 ("CIPA"), will play a significant role in this case.   It will govern, pre-trial, how the Court oversees classified discovery and rules on the potential discoverability of certain classified information.   In addition, CIPA provides a framework for the Court to decide, again pre-trial, issues related to the use and admissibility of classified information at trial, and it

sets forth procedures for handling questions related to classified information that might arise during trial.   Last, CIPA establishes certain appellate procedures.

For the reasons set forth above, as it typically does in prosecutions involving classified information, the government hereby moves pursuant to Section 2 of CIPA "for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." [1]   18 U.S.C. App. 3 § 2.   In the motion for a continuance being filed contemporaneously with this motion, the government is providing the Court and defendants with a proposed schedule for when the different proceedings CIPA establishes may occur.

The government also moves for an order designating a Classified Information Security Officer ("CISO") to assist the Court, Court personnel, and the defense in the handling of any motions and orders pursuant to CIPA.   A CISO will assist in processing security clearances for Court staff and defense counsel – a process that already has begun – and establishing appropriate secure facilities for the Court and counsel to store and process classified information in this case. Last, the government requests that it be permitted to file the proposed order designating a CISO under seal in order to protect the privacy and security of the CISOs.

In support of these motions, the government relies on the points and authorities set forth below.

## I.   <u>BACKGROUND</u>

On June 8, 2023, a grand jury in this district returned a 38-count indictment against Donald J. Trump and Waltine Nauta. Defendant Trump is charged with unlawfully retaining national

---

[1]  The government has conferred with counsel for Defendant Trump and Defendant Nauta about this motion. They have stated that they have no objection to this motion. Counsel for Defendant Nauta, Stanley Woodward, has not yet been admitted *pro hac vice* or entered an appearance, but the government is providing him a courtesy copy of this pleading.

defense information in violation of 18 U.S.C. § 793(e) (Counts 1-31). Defendants Trump and Nauta are charged jointly with conspiring to obstruct justice in violation of 18 U.S.C. §1512(k) (Count 32), obstructing justice in violation of 18 U.S.C. §§ 1512(b)(2)(A), and (c)(1) (Counts 33 and 34), concealing a document in a federal investigation in violation of 18 U.S.C. § 1519 (Count 35), and a false statements concealment scheme in violation of 18 U.S.C. §1001(a)(1) (Count 36). Defendants Trump and Nauta are each charged with making false statements in violation of 18 U.S.C. §1001(a)(2) (Counts 37 and 38, respectively).

Classified information, including the documents that Trump is charged with unlawfully retaining, was collected as part of the underlying investigation and will be handled in accordance with the provisions of CIPA, in addition to the standard rules, statutes, and case law that apply to discovery and use of evidence at trial. The disclosure and use of such material will raise issues of national security that the Court will need to address at the outset of this case.

## II.   CIPA OVERVIEW

CIPA was enacted in 1980 to enable courts to evaluate potential classified information issues in criminal cases before jeopardy attaches. Previously, "[s]ensitive regard for national security was seen as having resulted in [forgoing] prosecutions for serious crimes, even in cases where the chances were great that, properly handled prior to trial, a defendant could well have been accorded due process without any cost in public revelation of classified information." *United States v. Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983). This included "the growing problem of greymail, a practice whereby a criminal defendant threatens to reveal classified information during the course of his trial in the hope of forcing the government to drop the criminal charge against him." *United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989). CIPA addressed the

problem by providing "a procedural framework" for rulings before evidence is introduced in open court. *Id*.

CIPA sets forth procedures at the pretrial, trial, and appellate stages of a criminal case to enable courts to protect a defendant's right to due process, including the right to a fair trial, and to protect the government's interest in classified information, sources, and methods. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA provides courts "with wide latitude to deal with thorny problems of national security in the context of criminal proceedings," and "district courts must ultimately balance [the] 'public interest in protecting the information against the individual's right to prepare his defense.'" *United States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008) (citation omitted).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (per curiam)); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

Thus, "CIPA does not create any discovery rights for the defendant." *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005); *accord United States v. Varca*, 896 F.2d 900, 905 (5th

Cir. 1990) (CIPA does not "expand the traditional rules of discovery" or require the government "to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense"); *United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of *Brady*."). Nor does CIPA "alter the machinery of evidence law." *United States v. Khan*, 794 F.3d 1288, 1302-04 (11th Cir. 2015). "CIPA has no substantive impact on the admissibility or relevance of probative evidence." *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998).

CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 115-16 (2d Cir. 2008) (citation omitted). It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

A section-by-section summary of CIPA follows.

### A.    Section 1 - Definitions

Under CIPA, "classified information" means "any information or material that has been determined by the United States government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. App. 3 § 1(a). "National security" means the "the national defense and foreign relations of the United States." *Id.* § 1(b). CIPA applies equally to classified testimony and classified documents. *See Khan*, 794 F.3d at 1302 (trial court properly applied CIPA to preclude defense from eliciting classified information on cross-examination); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

**B.**   **Section 2 - Pretrial Conference**

As noted above, Section 2 of CIPA – the section the government invokes with this motion – authorizes any party to move for a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3 § 2. As required by the statute, the district court promptly thereafter holds a pretrial conference to establish the timing of: (1) requests for discovery; (2) the provision of the requisite specific, written pretrial notice by the defense to the government, pursuant to Section 5 of CIPA, of any classified information the defendant reasonably expects to disclose; and (3) the initiation of procedures, pursuant to Section 6 of CIPA, concerning the use, relevance, and admissibility of classified information. *Id.* The court may also consider any matters that relate to classified information, or that may promote a fair and expeditious trial. *Id.* A Section 2 conference, however, is not intended to decide substantive issues concerning the use of classified information. *See* S. Rep. No 96-823, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298-99.

To foster open discussion at the pretrial conference, Section 2 provides that no admission made by a defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney. 18 U.S.C. App. 3 § 2.

**C.**   **Section 3 - Protective Order**

Section 3 of CIPA requires the district court to issue an order, upon the request of the United States, "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case." *Id.* § 3. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," *United States v. Pappas*, 94 F.3d 795, 801 (2d Cir. 1996), as well as to supplement the district court's authority under Federal Rule of Criminal Procedure 16(d)(1) to issue protective

orders in connection with the discovery process.[2] In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the Government discloses classified information to a defendant in connection with a prosecution, *e.g.* Brady and Jencks material." *Id.*; *see* H.R. Rep. No. 96-831, part 1, at 26 (1980).

Protective orders issued under Section 3 of CIPA generally set forth rules for all parties governing the use and storage of classified information. For example, they generally require cleared defense counsel to sign a memorandum of understanding, agree to review or discuss classified evidence only in a Sensitive Compartmented Information Facility, or "SCIF," and refrain from discussing the classified information with anyone not included in the order, sometimes including the defendants themselves. *See United States v. Al-Arian*, 267 F. Supp. 2d 1258, 1266-67 (M.D. Fla. 2003) (rejecting defense counsel's objection to security clearance requirement after weighing "counsel's right to confidentiality . . . against the United States' interest in protecting classified information"; "This Court cannot think of a more compelling or substantial interest that the United States possesses than protection of classified information.") (collecting cases); *see also, e.g.*, *Abu Ali*, 528 F.3d at 253-54 (affirming order denying defendant and non-cleared counsel to access to classified information).

### D.    Section 4 - Protection of Classified Information During Discovery

Section 4 of CIPA provides a procedural mechanism to protect classified information, while ensuring that the government can meet its discovery obligations, by allowing the district court to assess under standard discovery principles whether, and the extent to which, specified items of classified information should be disclosed. The section provides, in part, that a district court:

---

[2] Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

upon a sufficient showing may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. 3 § 4. As with Federal Rule of Criminal Procedure 16(d)(1), which gives the district court the authority to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" for "good cause," Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny, or otherwise restrict, discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. 3 § 4. CIPA's legislative history shows that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security, consistent with a defendant's rights. *See* S. Rep. No. 96-823, at 6, *reprinted in* 1980 U.S.C.C.A.N. at 4299-4300.

Thus, if the district court determines that the classified information is either not "relevant to the determination of the guilt or innocence of the defendant[]," or not "helpful to the defense," or not "essential to a fair determination of the cause," it is within its authority to withhold disclosure of the information. *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (quoting with approval *United States v. Pringle*, 751 F.2d 419, 428 (1st Cir. 1984), and holding that defendant's right to discovery must be balanced against public interest in nondisclosure). Although this standard is not different from the govern ent's ordinary *Brady* obligations, *see, e.g. United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003) ("*Brady* obligates the government to disclose only favorable evidence"), when the government invokes the classified information privilege, courts emphasize that defendants may not be entitled to certain Rule 16 discovery, such as a defendant's statements, unless the information is at least 'helpful to the defense of [the]

accused.'" *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989) (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)). Indeed, classified evidence needs to meet the "relevant" *and* "helpful" standard to be discoverable even when it falls within the scope of Rule 16 (such as a defendant's own statements). *See Yunis*, 867 F.2d at 623-24. *See also Smith,* 750 F.2d at 1110 (giving examples of information helpful to the defense such as that "'essential to the defense,'" "'necessary to [a defendant's] defense,'" and evidence that is "neither merely cumulative nor corroborative") (citations omitted).

CIPA Section 4 also provides, similar to Rule 16(d)(1), that the government may demonstrate that the use of an alternative discovery procedure – such as deletion or substitution – is warranted. CIPA further specifically provides that the government may make this showing *in camera* and *ex parte*. 18 U.S.C. App. 3 § 4; *see United States v. Campa*, 529 F.3d 980, 994-95 (11th Cir. 2008); *see also United States v. Asgari*, 940 F.3d 188, 191-92 (6th Cir. 2019); *United States v. Mejia*, 448 F.3d 436, 457-58 & n.21 (D.C. Cir. 2006) (noting similarity to Federal Rule of Criminal Procedure 16(d)); *see generally United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010); *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008); *Yunis*, 867 F.2d at 622-23; *Pringle*, 751 F.2d at 427.

*Ex parte* practice is typically necessary with respect to Section 4 because "[t]he right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view." *Campa*, 529 F.3d at 995. A security clearance at a given level is not sufficient to entitle any individual to access or receive national security information classified at that level. Rather, in addition to receiving a clearance after a favorable determination of eligibility and execution of a

9

non-disclosure agreement, an individual must have a "need to know" the classified information at issue. *See* Exec. Order 13526 § 4.1(a)(3). "Need to know" is defined as "a determination within the executive branch . . . that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." *Id.* § 6.1(dd). Accordingly, even if defense counsel hold appropriate security clearances, it "does not mean that [they are] entitled to access the government's classified filings." *United States v. Sedaghaty*, 728 F.3d 885, 909 (9th Cir. 2013); *see also Asgari*, 940 F.3d at 191 ("Defense counsel's security clearance becomes relevant if and only if the court determines the material should be disclosed."). Likewise, while defendants may be entitled to notice when the government initiates CIPA proceedings under Section 4, there is "no due process right to receive a description of materials in the government's possession that are not discoverable." *Sedaghaty*, 728 F.3d at 909 (citing *Mejia*, 448 F.3d at 458 (noting that, in the context of CIPA, as in other discovery in criminal cases, the defendant is "not entitled to access to any of the evidence reviewed by the court . . . to assist in his argument' that it should be disclosed") (citation omitted)). Defendants may be permitted to file their own *ex parte* submission outlining the theory of the defense to aid the court in the review of any classified materials. *See Sedaghaty,* 728 F.3d  at 906 n.10; *see also* Dkt. 87, Order Granting Government's *In Camera, Ex Parte* Motion in *United States v. Abdul-Latif*, CR11-0228JLR (W.D. Wash. 2012).

###    E.    Sections 5 and 6 - Procedure for Cases Involving Classified Information Possessed by the Defendant

There are three critical pretrial steps in the handling of classified information under CIPA after such information has been provided to the defendant through discovery. First, Section 5 requires that defendants specify the classified information they reasonably expect to disclose at trial, regardless of whether the information comes from discovery or the defendant's own

knowledge, and regardless of whether the information is likely to be elicited on direct or cross-examination. *See, e.g., United States v. North,* 708 F. Supp. 399, 400 (D.D.C. 1988) ("Under [Section 5 of CIPA] it is necessary [for the defendant] to inform the government of the extent to which sensitive classified information is likely to be revealed during trial (whether through testimony, cross-examination or opening statement) . . ."). Second, Section 6(a) mandates that the court hold a hearing, upon motion of the government, to determine the use, relevance, and admissibility of evidence that either party seeks to introduce. And, third, following the hearing and the court's admissibility findings, the government may move to substitute an admission of relevant facts or summaries for the classified information the court deems admissible. 18 U.S.C. App. 3 § 6(c).

### 1.      Section 5 - Requirement To Provide Notice of Disclosure

Section 5 requires defendants who intend to disclose, or cause the disclosure of, classified information to provide timely pretrial written notice of their intention to the court and the government. 18 U.S.C. App. 3 § 5(a). The notice must "include a brief description of the classified information," *id.*, and "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense," *Collins*, 720 F.2d at 1199. A district court "must not countenance a Section 5(a) notice which allows a defendant to cloak his intentions and leave the government subject to surprise at what may be revealed in the defense. To do so would merely require the defendant to reduce 'greymail' to writing." *Id.* at 1199-1200.

The Section 5 notice must take place "within the time specified by the court, or, where no time is specified, within thirty days prior to trial." 18 U.S.C. App. 3 § 5(a). If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the court to preclude disclosure of the classified

information. *See United States v. Badia*, 827 F.2d 1458, 1464-66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of Section 5); *see also Collins*, 720 F.2d at 1199-1200 (vacating on government's interlocutory CIPA appeal admissibility ruling regarding classified information proffered by defense because of insufficient Section 5(a) notice).

Defendants are prohibited from disclosing in a trial or pretrial proceeding "any information known or believed to be classified" until such Section 5 notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided, or the time for filing an appeal has expired. 18 U.S.C. App. 3 § 5(a). If a defendant attempts to disclose at trial classified information that is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b). *Smith*, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice.").

### 2.    Subsections 6(a) and (b) - Pretrial Hearing on Disclosure and Notice

CIPA Section 6 sets forth the steps that a court must take concerning specific classified information that may be subject to disclosure by either party at trial or in pretrial proceedings. If either the government or the defense (upon sufficient Section 5(a) notice) seeks to introduce or cause disclosure of classified information, the government may move to protect that information. First, Section 6(a) provides that upon motion of the government, the court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. 3 § 6(a). The hearing is to be held *in camera* if the Attorney General (or his designee) certifies that a public proceeding may result in the disclosure of classified information. *Id.* If the government's Section

6(a) motion is filed prior to the trial or pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding" applying the Federal Rules of Evidence. *Id*; *see United States v. Noriega*, 117 F. 3d 1206, 1216 (11th Cir. 1997) (affirming trial court's decision not to admit purported classified evidence, explaining that "contrary to Noriega's suggestions, the district court judged the admissibility of the [proffered classified] evidence in question solely under the standards set out in the Federal Rules of Evidence").

Section 6(b) requires that before any hearing is conducted under Section 6(a), the government must notify the defendant of the hearing and identify the classified information at issue. If the information was not previously made available to the defendant in its original form, the government may, with the court's approval, provide a generic description of the material to the defendant. Thus, for example, as Congress recognized in enacting CIPA , "the government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval." S. Rep. No. 96-823, at 8, *reprinted in* 1980 U.S.C.C.A.N. at 4301.

If the defense has provided sufficient notice of its intention to offer into evidence classified information and the government seeks to protect that information from disclosure, the court at the Section 6(a) hearing should consider the defense proffer and the arguments of counsel, and then rule whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence. *See Yunis*, 867 F.2d at 622; *Smith*, 780 F.2d at 1105-06. The court's inquiry does not end there, however, because under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." *Id.* at 1106. The court must also determine

whether the evidence is cumulative, "prejudicial, confusing, or misleading" such that it should be excluded under Rule 403. *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984).

In *Anderson*, for example, the Eleventh Circuit found no abuse of discretion in the exclusion of classified information proffered by defendants in support of their defense that their actions were taken in good faith reliance on the apparent authority of a purported CIA agent. *See* 872 F.2d at 1508. The district judge concluded that the classified material relating to a prior covert operation was irrelevant to the charges, risked confusing the jury, and was "purely and simply a red herring." *Id.* at 1514-15. The appellate panel endorsed the conclusion under Rule 403. *See id.* at 1518 (holding that "the fact that a defendant's prior connection with covert activities may be relevant does not mean that the details of those activities are admissible under Rule 403") (collecting CIPA cases). "Whatever probative value that [defendant's] participation in a prior covert operation had to this case, the admission of evidence regarding the details of those activities would only serve to impermissibly divert the jury's attention away from the basic charges in this indictment." *Id.* at 1519. "The district court's exclusion of the classified information did not deny the appellants their constitutional right to present a complete defense. . . . There are necessary limits to this right and it is axiomatic that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." *Id.*

As *Anderson* demonstrates, CIPA does not alter the court's role in determining if "evidence would be admissible at trial under the Federal Rules of Evidence." *Noriega*, 117 F3d at 1215. CIPA alters only the timing of such "use, relevance or admissibility" rulings, requiring that they be made before trial. *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988).

At the conclusion of the Section 6(a) hearing, the court must state in writing the reasons for its determination as to each item of classified information. 18 U.S.C. App. 3 § 6(a).

**3.** **Subsections 6(c) and (d) - Alternative Procedure for Disclosure of Classified Information**

If the court rules that one or more items of classified information that either party seeks to introduce as evidence are admissible, the government may propose a "substitution" for the classified information at issue. 18 U.S.C. App. 3 § 6(c)(1).[3] The government may move for, and the court may authorize: (1) the substitution of a statement admitting relevant facts that the specific classified information would tend to prove, or (2) the substitution of a summary of the classified information. *Id.* Section 6 authorizes substitutions for classified material in the form of "redactions and substitutions so long as these alternatives do not deprive the defendant of a fair trial." *Id.* § 6(c)(1)(A), (B); *see Abu Ali*, 528 F.3d at 255; *see also United States v. Giffen*, 473 F.3d 30, 33 (2d Cir. 2006); *Smith*, 780 F.2d at1105. The court must grant a motion for substitution if it finds that the admission or summary "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. App. 3 § 6(c)(1).

Any hearing under Section 6(c) shall be held *in camera* at the request of the Attorney General (or his designee). *Id.* In connection with a hearing, the government may submit to the court an affidavit of the Attorney General certifying that disclosure of classified information would cause identifiable damage to national security and explaining the basis for the classification of that information. The court must review that affidavit *in camera* and *ex parte* if requested by the

---

[3] Substitutions and summaries are not the only means by which classified information is routinely protected from public disclosure in national security cases. At trial or in any evidentiary hearing, classified evidence can be displayed to the court, jury, and parties, but shielded from public disclosure through the use of redactions to documentary evidence and witness testimony that carefully avoids revealing the classified substance of the topics of examination. *See, e.g.*, *United States v. Mallory*, 40 F.4th 166, 174-78 (4th Cir. 2022) (affirming the use of the "silent witness rule"); *United States v. Rosen*, 520 F. Supp. 2d 786, 793-96 (E.D. Va. 2007).

government. *Id.* § 6(c)(2). The court must seal and preserve the record of any *in camera* hearing at the close of which the court determines that classified information may not be disclosed or elicited at trial or a pretrial proceeding. *Id.* § 6(d).

### 4.      Subsection 6(e) - Prohibition on Disclosure and Relief for Defense

If the court determines that an item of classified information is relevant and admissible, and denies the government's motion for substitution under Section 6(c), the government may object to disclosure of the classified information through an affidavit of the Attorney General. In such cases, the court "shall order that the defendant not disclose or cause the disclosure of such information." *Id.* § 6(e)(1). Section 6(e)(2) sets forth a sliding scale of remedies that the court may impose in such a case, to include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. *See id.* § 6(e)(2); S. Rep. No. 96-823, at 9, *reprinted* in 1980 U.S.C.C.A.N. at 4302-03. An order imposing any such sanctions shall not take effect until the government has had the opportunity to appeal the order under CIPA Section 7, and thereafter withdraw its objection to disclosure. 18 U.S.C. App. 3 § 6(e)(2).[4]

### 5.      Subsection 6(f) - Reciprocity

If the court determines under Section 6(a) that the defense may disclose classified information in connection with a trial or pretrial proceeding, the court shall order the government to provide the defense with information it expects to use to rebut the classified information, unless the interests of fairness do not so require. 18 U.S.C. App. 3 § 6(f). The court may place the government under a continuing duty to disclose rebuttal information, and if the government fails

---

[4] As noted above, if the court determines after an *in camera* hearing that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. 18 U.S.C. App. 3 § 6(d).

to comply, exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information. *Id.*

### F.    Section 7 - Interlocutory Appeal

Section 7 permits the government to take an interlocutory expedited appeal if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the government to prevent the disclosure of classified information. *Id.* § 7(a); *see Collins*, 720 F.2d at 1198 (vacating and remanding district court order on government's interlocutory appeal under Section 7). If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. *Id.* § 7(b). Such an appeal and decision do not affect the defendant's right to lodge a subsequent appeal of an adverse ruling by the trial court upon conviction. *Id.*

### G.    Other Relevant CIPA Procedures

#### 1.    Section 8 - Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. *Id.* at § 8. Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified. *See* S. Rep. No. 96-823 at 10, *reprinted in* 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the district court to order admission into evidence of only a part of a document when fairness does not require the whole document to be considered. The purpose of this provision is to clarify Rule 106 of the Federal Rule of Evidence, known as the rule of

completeness, in order to prevent unnecessary disclosure of classified information. *Id.* at 10-11, 1980 U.S.C.C.A.N. at 4304.

Section 8(c) provides a procedure when a defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information. *Id.* at 11, 1980 U.S.C.C.A.N. at 4304. Under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible. 18 U.S.C. App. 3 § 8(c); *see also Khan*, 794 F.3d at 1302-04 (citing Section 8(c)). Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." *Id.* In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information. S. Rep. No. 96-823 at 11, *reprinted in* 1980 U.S.C.C.A.N. at 4304-5.

### 2.     Section 9 - Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure. 18 U.S.C. App. 3 § 9(a). Security Procedures established pursuant to this provision are codified directly following Section 9 of CIPA.

### 3.     Section 10 - Identification of Information Related to the National Defense

This section applies in criminal prosecutions, such as the instant case, in which the government must prove as an element of the crime charged that certain material relates to the

national defense or constitutes classified information. *See* S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305. In such a circumstance, Section 10 requires the government to inform the defendant of which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime. 18 U.S.C. App. 3 § 10.

### H. <u>Request To Designate CISO</u>

Pursuant to Section 2 of the Revised Security Procedures Established Pursuant to Pub. L. 95-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information ("Security Procedures"), the government requests that the Court designate a CISO in this case as set forth in the proposed order. The government will provide the names of the CISOs to be designated in an order designating them, which the government is seeking to file under seal in order to protect their privacy and security. The government's evidence in this case includes classified information, and additional classified information may be implicated in pretrial and trial litigation.

### III. <u>CONCLUSION</u>

Because the charges in this case concern the disclosure of classified material and the government's evidence includes classified information, the government respectfully moves for a pretrial conference, pursuant to Section 2 of CIPA, to establish a discovery and motion schedule relating to any classified information. At or before the Section 2 pretrial conference, the government will provide the Court an estimate of the time necessary to conduct a complete review of any potentially relevant classified information. The government may move for a protective order

under CIPA Section 3 before the Section 2 pretrial conference.

Respectfully submitted,

JACK SMITH
SPECIAL COUNSEL

By:    */s/ Jay I. Bratt*_____
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 23, 2023, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF.

<u>/s/ *Jay I. Bratt*      </u>
Jay I. Bratt
Counselor to the Special Counsel