UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA

      Plaintiff,

vs.

DONALD J. TRUMP and
WALTINE NAUTA,

      Defendants.
_____/

## GOVERNMENT'S SUPPLEMENTAL RESPONSE
## TO THE STANDING DISCOVERY ORDER

The United States of America, by and through the Special Counsel's Office, in response to the Standing Discovery Order issued in this case, files this response. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

Per the protective order issued in this case (ECF No. 27), on June 21, 2023, and July 6, 2023, the government provided to counsel for Defendants Trump and Nauta, respectively, its first production of unclassified discovery ("Production 1"). *See* ECF Nos. 30, 59. On July 17, 2023, the government provided its second production of unclassified discovery to counsel for the Defendants ("Production 2"). Production 2 includes, *inter alia*, additional documents obtained via subpoena and evidence obtained via search warrants; memorialization of witness interviews conducted between May 12, 2023, and June 23, 2023; and forms generated by the Federal Bureau of Investigation.

The government responds to the specific items identified in the standing discovery order as set forth below.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C.     The government is providing information or material known to the United States that may be favorable to either defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), or *United States v. Agurs*, 427 U.S. 97 (1976).

D.     The government has disclosed and will continue to disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

J.     Production 1 and Production 2 include the grand jury testimony and recordings of witnesses who may testify for the government at the trial of this case.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial. The government's responses to the Standing Discovery Order otherwise remain the same as set forth in ECF No. 30.

Respectfully submitted,

JACK SMITH
Special Counsel

By:    */s/ Jay I. Bratt*
        Jay I. Bratt
        Counselor to the Special Counsel
        Special Bar ID #A5502946
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530

        Julie A. Edelstein
        Senior Assistant Special Counsel
        Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

3

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on July 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          *s/ Julie A. Edelstein*
                                          Julie A. Edelstein
                                          Senior Assistant Special Counsel