## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP, *et al*.,

      Defendants.

Case No. 23-cr-80101-AMC

## UNOPPOSED MOTION OF THE PRESS COALITION TO INTERVENE TO REQUEST PERMISSION TO USE ELECTRONIC DEVICES AT THE AUGUST 10, 2023 ARRAIGNMENT

Pursuant to Local Rules 7.1 and 88.9 and Administrative Orders 2023-47 and 2018-79, a coalition of local and national news media organizations (the "Press Coalition")[1] that continue to cover the proceedings in this prosecution of former President Donald J. Trump respectfully requests the Court's permission for its journalists to use mobile electronic devices inside the courtroom during the arraignment on the superseding indictment (ECF No. 85) in this action, which is scheduled for August 10, 2023 at 10:00 a.m., before the Honorable Shaniek Mills Maynard, United States Magistrate Judge (ECF No. 94).

---

[1] The coalition includes: Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., Cable News Network, Inc., CBS Broadcasting, Inc. o/b/o CBS News, CMG Media Corporation, Cox Enterprises, Inc. d/b/a The Atlanta Journal-Constitution, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Fort Myers Broadcasting Company, Fox News Network, LLC, The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc., Gray Media Group, Inc., Guardian News & Media Limited, Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, the McClatchy Company, LLC d/b/a the Miami Herald, National Cable Satellite Corporation d/b/a C-SPAN, NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Orlando Sentinel Media Group, publisher of the Orlando Sentinel, POLITICO LLC, Radio Television Digital News Association, Reuters News & Media Inc., Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel, TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, Univision Networks & Studios, Inc., WP Company LLC d/b/a The Washington Post, and WPLG, Inc.

For clarity: the Press Coalition is not, at this time, asking for permission to electronically record or broadcast video or audio from the courtroom.  Rather, the journalists in this coalition seek the ability to use their devices to take notes and to transmit text during the hearing, permitting these organizations to report on the proceeding in real time.  The public would benefit from contemporaneous reporting on the arraignment, and such limited use of electronic devices will not interfere with this proceeding.

## BACKGROUND

In October 2018, then-Chief Judge K. Michael Moore issued Administrative Order 2018-79 ("AO 18-79"), which governs "the introduction of electronic equipment into the federal courthouse facilities within the Southern District of Florida."[2]  The rule is essentially a flat prohibition – "[a]ll electronic devices . . . are prohibited from being brought into any federal courthouse facility within the Southern District of Florida" – with a series of defined exceptions.  Exception A recognizes that judges retain the authority to "allow[] a specific person access to the courthouse with a specific electronic device for a specific purpose and period of time."  *See* AO 18-79(I)(A).  Exception G provides for a credentialing process by which journalists can apply for permission to bring electronic devices into the Southern District courthouses:

> Upon application and approval, news reporters may bring into courthouses cellular phones, mobile electronic devices and laptops, and may utilize the wireless capabilities of those devices, as long as the news reporters agree in writing to use their electronic device inside the District's courtrooms only in text function mode consistent with this Order. Reporters also must agree in writing to not record or transmit in any way audio, still photography, or video from anywhere inside courthouses nor from inside courtrooms, and agree to not transmit a live feed of any of the aforementioned at any time. Nor may they create a verbatim record of any proceeding. They must acknowledge in writing that a knowing or willful violation of the agreement will result in contempt of court.

---

[2] Available at https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2018-79.pdf.

> The Clerk of Court shall keep the list of reporters who have signed
> such agreement and make that list available to Court security
> personnel assigned to each courthouse. District and Magistrate
> Judges retain the discretion to maintain order in their courtrooms,
> which includes the right to lock their courtrooms should the entry
> and exit of news reporters become disruptive in a particular
> proceeding.

*See* AO 18-79(I)(G).  By all accounts, this system has ably served the judges of this Court, Court staff and litigants, the journalists who have reported on their work day-to-day, and the public.

On June 8, 2023, a federal grand jury indicted former President Trump on 37 counts of criminal conduct arising from the relocation of "hundreds of classified documents" from the White House to his Mar-a-Lago resort and club.  *See* ECF No. 3 ¶¶ 1-4.  Specifically, Trump faces charges under the Espionage Act for alleged willful retention of national defense information, concealing documents, making false statements, and conspiracy to obstruct justice. *See generally id.*  Trump was arraigned June 13, 2023, and pleaded not guilty to all charges. June 13, 2023 Arraignment Tr., ECF No. 31, at 8:1-2.  By order of Chief Judge Cecilia M. Altonaga, members of the media – even those who had received credentials pursuant to AO 18-79 Exception G – were prohibited from using electronic devices inside the federal courthouse in Miami during the day of the arraignment.  *See* Admin. Order 2023-40.[3]

On July 17, 2023, Chief Judge Altonaga issued another Administrative Order stating that "all cellular phones and/or electronic equipment are hereby prohibited for news reporters and other members of the media inside the Alto Lee Adams, Sr. United States Courthouse in Fort Pierce," but directing that "all other provisions" of AO 18-79 "shall remain in effect."  *See* Admin. Order 2023-47.[4]  As a result, journalists were not permitted to use electronic devices to

---

[3] Available at https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2023-40.pdf.

[4] Available at https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2023-47.pdf.

report on the hearing held in Fort Pierce on July 18, 2023, and the public did not receive contemporaneous reporting on the important arguments made during that proceeding.

On July 27, 2023, the Government unsealed a superseding indictment, which includes a third defendant, Carlos De Oliveria, and four additional criminal charges. *See* ECF No. 85. De Oliveira made his initial appearance in the Court's Miami courthouse on July 31, 2023, and by order of Chief Magistrate Judge Edwin G. Torres, credentialed journalists <u>were</u> allowed to use their electronic devices (in text-only mode) in the courtroom during that hearing. By all accounts, the hearing proceeded without incident. *See, e.g.*, Hannah Rabinowitz, *Mar-a-Lago property manager makes first court appearance in classified documents case*, CNN (July 31, 2023), https://www.cnn.com/2023/07/31/politics/carlos-de-oliveira-court-appearance-classified-documents-case/index.html.

On August 1, 2023, the U.S. District Court for the District of Columbia unsealed a separate indictment against Trump, charging him with four counts of conspiracy and obstruction. *See* Indictment, *United States v. Trump*, No. 23-cr-257-TSC (D.D.C. Aug. 1, 2023), ECF No. 1. Trump was arraigned in that case on August 3, 2023, and credentialed journalists <u>were</u> permitted to use their electronic devices to report from the courthouse's media room, which received a live audio and video feed from the courtroom where the arraignment was held.[5] Again, by all accounts the hearing proceeded without incident. *See, e.g.*, Glenn Thrush & Charlie Savage, *Trump, Arraigned on Election Charges, Pleads Not Guilty*, The New York Times (Aug. 3, 2023), https://www.nytimes.com/2023/08/03/us/politics/trump-arraignment-court.html.

---

[5] *See* Public & Media Advisory, U.S. District Court for the District of Columbia (Aug. 2, 2023), https://www.dcd.uscourts.gov/sites/dcd/files/Public%20and%20Media%20Advisory%20for%20Thursday,%20August%203,%202023.pdf.

**ARGUMENT**

**I.      The Court Should Permit The Press Coalition To Intervene.**

"The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records." *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1170 (11th Cir. 2019).  Movants have been reporting on this investigation for more than a year since many of them successfully moved to intervene to unseal the Mar-a-Lago search warrant materials.  *See In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1259 (S.D. Fla. 2022).  Here, too, the press has standing to intervene to request permission to use electronic devices to report on the August 10, 2023 hearing in this case.

**II.     The Court Should Permit Press Coalition Journalists To Use Mobile Electronic Devices In The Courthouse To Report On The August 10, 2023 Arraignment.**

The approved use of electronic devices has enabled journalists to provide real-time reporting on proceedings in cases across the country and better carry out their responsibility to serve as "representatives" of the public in observing the public's business in court.  *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 577 n.12 (1980).  Because the public interest in such real-time reporting is especially high in this historic case, and in light of these other proceedings involving Trump where transmission from devices caused no disruptions, the Press Coalition seeks permission for its journalists to use mobile electronic devices in the Adams courthouse at Fort Pierce to report on the August 10 arraignment.

Under the provisions of AO 18-79 that remain in effect, this Court retains the authority to allow journalists to use electronic devices in the Adams courthouse.  Specifically, AO 18-79 Exception A expressly empowers this Court to permit specific persons to use electronic devices in the Southern District's courthouses for specific purposes and at a specific times.  *See* AO 18-

5

79(I)(A) (allowing use of mobile electronic devices upon "[a] written request signed by a judge or other designated authority, forwarded to the United States Marshal for verification, allowing a specific person access to the courthouse with a specific electronic device for a specific purpose and period of time").

The Court should exercise that authority to permit Press Coalition journalists to use their mobile electronic devices on August 10 to report on the arraignment of Trump and his co-defendants on the charges set out in the superseding indictment.  Though Exception A does not require any particular basis for the Court to authorize the use of electronic devices, good cause exists for the Court to do so here.  First, the Defendants themselves are excused from attending, so security concerns that may arise from proximity to a former President do not affect this hearing.  Second, the July 27 hearing in this case and the August 3 arraignment in the D.C. case have demonstrated that journalists can and do use their electronic devices to contemporaneously report on these historic proceedings without disruption.  Third, as Magistrate Judge Moxila A. Upadhyaya observed during that August 3 hearing, "an arraignment is a short but very important proceeding."  See Tom Jackman & Salvador Rizzo, *Packed courtroom, somber defendant. A recap of Donald Trump's arraignment.*, The Washington Post (Aug. 3, 2023), https://www.washingtonpost.com/national-security/2023/08/03/trump-court-election-charges-arraignment/.  The public benefits from timely reporting on such important proceedings, which the use of electronic devices will make possible.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court grant its request to intervene in these proceedings and grant permission, under AO 18-79 Exception A, for journalists to bring their mobile electronic devices into the Adams Courthouse in Fort Pierce

on August 10, 2023, and to use those devices for the specific purpose of reporting on the arraignment scheduled in this matter for 10:00 a.m. that day.

## CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to Local Rules 7.1(b)(3) and 88.9(a), undersigned counsel certifies that on August 6, 2023, they made reasonable efforts to confer via email with counsel for the Government and counsel for Defendants regarding the relief requested in this motion. Counsel for the Government stated that the Government takes no position on the Press Coalition's motion and defers to the Court. Counsel for Defendants Trump, Nauta, and De Oliveira all stated that their respective clients also take no position on the Press Coalition's motion.

Dated: August 7, 2023

THOMAS AND LOCICERO PL

By: */s/ Carol Jean LoCicero*
    Carol Jean LoCicero (FBN 603030)
    601 South Boulevard
    Tampa, FL 33606
    Telephone: 813.984.3060
    clocicero@tlolawfirm.com

    Dana J. McElroy (FBN 845906)
    Karen Williams Kammer (FBN 771200)
    Daniela B. Abratt (FBN 118053)
    915 Middle River Drive, Suite 309
    Fort Lauderdale, FL 33304
    Telephone: 954.703.3418
    dmcelroy@tlolawfirm.com
    kkammer@tlolawfirm.com
    dabratt@tlolawfirm.com

*Attorneys for CBS Broadcasting Inc., Fort Myers Broadcasting Company, the McClatchy Company, LLC d/b/a the Miami Herald, The New York Times Company, Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel, and Times Publishing Company*

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Charles D. Tobin*
    Charles D. Tobin (FBN 816345)
    1909 K Street NW, 12th Floor
    Washington, DC 20006
    Telephone: 202.661.2218
    tobinc@ballardspahr.com

*Attorneys for Advance Publications, Inc., the Associated Press, Bloomberg L.P., Cable News Network, Inc., the E.W. Scripps Company, Fox News Network, LLC, Gray Media Group, Inc., Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Cable Satellite Corporation d/b/a C-SPAN, NBCUniversal Media, LLC, Radio Television Digital News Association, Reuters News & Media Inc., TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, WP Company LLC d/b/a The Washington Post, and Univision Network & Studios, Inc.*

SHULLMAN FUGATE PLLC

By: */s/ Rachel E. Fugate*
    Rachel E. Fugate (FBN 144029)
    Deanna K. Shullman (FBN 514462)
    Minch Minchin (FBN 1015950)
    2101 Vista Parkway, Suite 4006
    West Palm Beach, FL 33411
    Telephone: 813.935.5098
    rfugate@shullmanfugate.com
    dshullman@shullmanfugate.com
    mminchin@shulmanfugate.com

*Attorneys for American Broadcasting Companies, Inc., CMG Media Corporation, Dow Jones & Company, Inc., Guardian News & Media Limited, Orlando Sentinel Media Group, publisher of the Orlando Sentinel, and Tribune Publishing Company*

ATHERTON GALARDI MULLEN & REEDER PLLC

By: */s/ L. Martin Reeder, Jr.*
    L. Martin Reeder, Jr. (FBN 308684)
    1641 Worthington Road, Suite 11
    West Palm Beach, FL 33409
    Telephone: 561.293.2530
    martin@athertonlg.com

*Attorneys for The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August 2023, I caused true and correct copies of

the foregoing to be served via ECF, and also by email and U.S. Mail on the following:

John S. Irving, Esq.
E&W Law
1455 Pennsylvania Ave NW
Suite 400
Washington, DC 20004

*Attorneys for Carlos De Oliveira*

/s/ *Charles D. Tobin*
Charles D. Tobin