# EXHIBIT 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

      Defendants.

Case No. 23-80101-CR-CANNON/REINHART

## AFFIRMATION OF TODD BLANCHE

Todd Blanche, counsel to President Donald J. Trump, submits this Affirmation in support of President Trump's Response in Opposition to the Government's Renewed Motion for Protective Order Pursuant to Section 3 of the Classified Information Procedures Act.

I have had multiple communications with several individuals who are familiar with the required security protocols surrounding President Trump and his family and based on these communications, I represent as follows:

1. At all times, President Trump, his wife, and his son are entitled to, and indeed have, United States Secret Service protection. The law allows for United States Secret Service protection for both President Trump and his wife for the remainder of both of their lives.

2. If President Trump travels to a public facility in the Southern Division of this District, most circumstances would require an overnight stay in the local area by his protective detail, including members of the Secret Service, as well as an overnight stay by President Trump, due to the distance between his residence and the public facility.

3. Similar to the arraignment on June 13, 2023, which took place in the Wilkie D. Ferguson, Jr. U.S. Courthouse in Miami, the security and required arrangements for President Trump's future visits to a similarly situated public facility would pose a significant inconvenience to the public, and perhaps to the Judges and court personnel who work or visit the public facility. If the public learns of President Trump's arrival or expected visit to a public facility, the necessary security measures are heightened and will further disrupt day-to-day business operations. Indeed, the public facility and surrounding area may need to be closed to the public for a significant period of time to ensure the safety of everyone, including President Trump.

4. If President Trump travels to a public facility in the Northern Division of this District, it would similarly require several hours of travel each way from his residence to the public location—all under Secret Service security and protection—and pose the same security issues described above.

5. In any of these scenarios, the required security measures take significant planning and effort, as well as financial resources.

6. The alternate secure location in which President Trump seeks to discuss (but not review) classified information is under 24-hour a day full security protection, whether President Trump is present or not. Furthermore, the government can re-establish a restricted area within the proposed secure location in which President Trump and his legal team can discuss classified information in a manner that is consistent with government security protocols.

7. Between 2017 and 2021, with reasonable effort and expense, a secure facility was established and approved at President Trump's residence in the Southern District of Florida. In that facility, President Trump was permitted to review and discuss classified information. Re-establishing this secure facility is readily possible if the Court so directs.

-3-

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Executed on Augst 9, 2023<br>New York, New York | <u>*/s/ Todd Blanche*</u><br>Todd Blanche, Esq. |