# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE GRAND JURY SUBPOENA<br>GJ 42-67 | )<br>)<br>)<br>)<br>) | CASE NO. 23-gj-46<br><br>UNDER SEAL |

## RESPONSE TO MOTION FOR DISCLOSURE

Earlier today, attorney Stanley Woodward, counsel for Waltine Nauta, a defendant in *United States v. Trump*, No. 23-cr-80101 (S.D. Fla.) ("Florida case"), filed a motion seeking either (1) to "unseal the proceedings" in this matter "save for the redaction of any reference to ▮▮▮▮▮ ▮▮▮▮▮," an individual whom Woodward previously represented, or (2) to "authorize the sealed disclosure of the record in this matter, including transcripts of the hearings held by the Court, to the district court presiding over" the Florida case. The Government does not oppose the public filing in the Florida case of record materials related to the conflicts hearing in this matter with redactions to ▮▮▮▮▮'s name.

Indeed, permission for such a public disclosure was expressly granted under a prior Government motion and the Court's corresponding order. On July 30, 2023, the Government moved *ex parte*, *see* Fed. R. Crim. P. 6(e)(3)(F), for permission to disclose "all information related to the conflicts hearing, including the fact and dates of the hearing, the resulting appointment of [the First Assistant Public Defender ▮▮▮▮▮▮▮▮ to represent ▮▮▮▮▮, and, if necessary, any filings, orders, or transcripts associated with the conflicts hearing." Motion for Order Authorizing Disclosure, 23-gj-46, at 2 (D.D.C.) (filed July 30, 2023) (Att. A.). In the motion, the Government explained its intended use of the materials related to the conflicts hearing:

> The government initially intends to include such information only in a sealed supplement to its motion for a *Garcia* hearing. But, to ensure that it does not need to return to the Court for further disclosures, the government also seeks

>authorization to disclose information related to the conflicts hearing more broadly in the Florida case, as the need arises, including in briefing and in-court statements related to the *Garcia* hearing.

*Id.*  The following day, this Court issued a minute order indicating that "[f]or the reasons stated in the Government[']s Motion," the Government was authorized to disclose in the Florida case "all information related to the conflicts hearing conducted by this Court on June 30 and July 5, 2023." (Att. B).

To the extent an additional order is necessary to ensure that parties other than the Government may file record materials from this matter in the Florida case, the Government does not object.  Consistent with this Court's July 31 order permitting disclosure and to facilitate review by the district court presiding over the Florida case, the Government intends to file this response and its attachments—including the Response to a Motion for Conflicts Hearing, 23-gj-46 (D.D.C.) (filed June 30, 2023) (Att. C), from which Mr. Woodward claims the Government "selectively quoted"—as a notice in the Florida case.*

Respectfully submitted,

JACK SMITH
Special Counsel
N.Y. Bar No. 2678084

By:   /s/ *James I. Pearce*

James I. Pearce (N.C. Bar No. 44691)
Cecil VanDevender (Tenn. Bar No. 029700)
Assistant Special Counsel

August 25, 2023

---

* When filing the response and attachments in the Florida case, the Government will—consistent with Woodward's request and the *Garcia*-related litigation to date—redact references to ▮▮▮▮▮'s name.

# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA GJ 42-67 | ) ) ) ) ) ) ) |  CASE NO. 1:23-gj-46 <br><br> UNDER SEAL AND *EX PARTE* <br><br> GRAND JURY NO. 22-6 |

## MOTION FOR ORDER AUTHORIZING DISCLOSURE

On June 27, 2023, the government filed a sealed motion asking the Court to conduct an inquiry into potential conflicts of interests arising from attorney Stanley Woodward, Jr.'s simultaneous representation of ▮▮▮▮▮▮ and Waltine Nauta ("conflicts hearing motion"); and a separate sealed motion seeking Court authorization to disclose the conflicts hearing motion by, among other things, attaching a copy of the motion to a sealed notice to be filed in *United States v. Donald J. Trump, Waltine Nauta, and Carlos De Oliveira*, No. 23-cr-80101 (S.D. Fla.) ("Florida case"). The Court granted both motions, and the government filed the sealed notice, with a copy of the conflicts hearing motion attached, the same day.

After conducting a conflicts hearing on June 30 and July 5, 2023, the Court, at ▮▮▮▮'s request, appointed First Assistant Federal Public Defender Michelle Peterson to represent ▮▮▮▮ going forward. Represented by Peterson, ▮▮▮▮ then entered into a cooperation agreement with the government and testified before the grand jury in the Southern District of Florida on July 20, 2023. The grand jury returned a superseding indictment in the Florida case on July 27, 2023.

The government presently intends to file a motion in the Florida case requesting a hearing—referred to in the Eleventh Circuit as a *Garcia* hearing, *see United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975)—to inquire into potential conflicts arising from, among other things, Woodward's representation of Nauta during a trial at which ▓▓▓▓, his former client, is expected to testify against Nauta and be subject to cross-examination about false statements ▓▓▓▓ made during the time that Woodward represented him. The government further believes that the court in the Florida case—which was previously notified of the filing of the conflicts hearing motion—should now be notified of all relevant information related to the conflicts hearing, since that information may assist the court in determining whether to hold a *Garcia* hearing and in resolving any issues that arise therefrom.

The government therefore moves for an order permitting it to disclose to the court in the Florida case all information related to the conflicts hearing, including the fact and dates of the hearing, the resulting appointment of AFPD ▓▓▓▓ to represent ▓▓▓▓, and, if necessary, any filings, orders, or transcripts associated with the conflicts hearing. The government initially intends to include such information only in a sealed supplement to its motion for a *Garcia* hearing. But, to ensure that it does not need to return to the Court for further disclosure orders, the government also seeks authorization to disclose information related to the conflicts hearing more broadly in the Florida case, as the need arises, including in briefing and in-court statements related to the *Garcia* hearing.

By Local Rule of this Court, because the proceeding on the conflicts hearing motion was "in connection with a grand jury subpoena or other matter occurring before a grand jury, all other papers filed in support of or in opposition to [the] motion" were "filed under seal," with the conflicts hearing itself "closed." D.D.C. LCrR 6.1. Accordingly, the proceeding on the conflicts hearing motion must not be made public except by order of the Court. *See id.* ("Papers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."). These requirements advance the important public and private interests served by the grand jury secrecy requirement contained in Federal Rule of Criminal Procedure 6(e). *See, e.g.*, *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983). At the same time, Rule 6(e) permits the Court to authorize the disclosure of a grand-jury matter "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E). The government must secure permission from a court overseeing a grand jury investigation before disclosing materials protected under Rule 6(e) to another district court. *See In re Sealed Case*, 250 F.3d 764, 768-70 (D.C. Cir. 2001).

The government requests the Court to permit the disclosure of all information related to the conflicts hearing preliminarily to or in connection with its anticipated motion for a *Garcia* hearing in the Florida case.

A proposed order granting the government's motion is attached.

                                                Respectfully submitted,

                                                JACK SMITH

Special Counsel
N.Y. Bar No. 2678084

By:     /s/ *Cecil VanDevender*
Cecil VanDevender (Tenn. Bar No. 029700)
John M. Pellettieri (N.Y. Bar No. 4145371)
James I. Pearce (N.C. Bar No. 44691)
Assistant Special Counsels

July 30, 2023

# ATTACHMENT B

## Notice of Electronic Filing

The following transaction was entered on 7/31/2023 at 11:47 AM and filed on 7/31/2023

| | |
|---|---|
| **Case Name:** | GRAND JURY SUBPOENA GJ 42-67 |
| **Case Number:** | [1:23-gj-00046-JEB *SEALED*](#) |
| **Filer:** | |
| **WARNING: CASE CLOSED on 07/05/2023** | |
| **Document Number:** | No document attached |

**MINUTE ORDER: For the reasons stated in the Governments [7] Motion, the Court ORDERS that: 1) The [7] Motion for Order Authorizing Disclosure is GRANTED; and 2) The Government is authorized to disclose to the court in United States v. Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, No. 23-80101 (S.D. Fla.), all information related to the conflicts hearing conducted by this Court on June 30 and July 5, 2023. So ORDERED by Chief Judge James E. Boasberg on 7/31/2023. Counsel has been notified electronically. (zlsj)**

**1:23-gj-00046-JEB *SEALED* Notice has been electronically mailed to:**

**1:23-gj-00046-JEB *SEALED* Notice will be delivered by other means to::**

---

**REDACTED NOTICE FOLLOWS**

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

U.S. District Court

District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 7/31/2023 at 11:47 AM and filed on 7/31/2023

**Case Name:** Sealed v. Sealed

**Case Number:** [23-46](#) (Requires CM/ECF login)

**Filer:** Redacted

**WARNING: CASE CLOSED on 07/05/2023**

**Document Number:** No document attached

**Redacted due to sealed restriction. Docket text can be viewed via the unredacted NEF receipt available [here](#).** (Requires CM/ECF login)

# ATTACHMENT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the Matter of Grand Jury No. 22-06
Subpoena #42-67

UNITED STATES OF AMERICA,   )
                            )
              v.            )     FILED UNDER SEAL
                            )
       ███████████.         )
                            )
                            )

### RESPONSE TO MOTION FOR CONFLICTS HEARING

Counsel takes allegations of the existence of a conflict of interest that may affect the diligent and competent representation of a client extremely seriously. However, the government is incorrect in making any assertion that any alleged conflicts that may exist amount to non-waivable conflicts as defined by District of Columbia Rules of Professional Conduct Rule 1.7(a). Further, counsel strongly disputes the assertion that any conflict of interest exists. Neither counsel's concurrent representations of Walt Nauta and ███████, nor Save America PAC's payment for Mr. Woodward's legal services on behalf of ███████ create any conflicts of interest under the rules. Counsel welcomes the Court's inquiry into Mr. Woodward's representation of ███████, as the Court will very easily be able to determine that Mr. Woodward is providing competent, diligent, and conflict-free representation to ███████.

At the outset, the allegation that ███████ has lied under oath before a grand jury is unfounded. The government seeks to portray a mundane initial question about the grand jury process as evidence of a guilty conscience that simply does not exist. Government Filing, at 4 ("███████ also provided an unusual response when he was advised at the outset of his testimony that if a witness testifies that he does not recall something when, in fact, he does recall it, that

testimony is considered false. . ." ██████ asked, 'How would you know if I can't recall or can't remember any of that stuff.'"). However, a mere cursory review of ██████'s grand jury transcript will reveal, *inter alia*, that this was ██████'s first appearance before any grand jury, and that questions about the grand jury process were encouraged by government counsel. Further, such a statement is a common tactic applied by the government intended to make witnesses carefully consider exactly how they respond to the government's inquiry and fearful of having to say that they do not recall certain information when asked by the government. *See id.* (referring to government's question as a "routine admonition"). For the government to portray a clarifying question about a process ██████ was wholly unfamiliar with as evidence of anything beyond clarification about the process is ludicrous, especially as ██████ was very likely instructed to ask such clarifying questions if questions or statements were unclear to him.

Beyond this claim, the government provides no information to support their claim that ██████ has provided false testimony to the grand jury. While counsel does not preclude that the government may have provided more information to the Court *ex parte*, the government's current representation that ██████ has clearly presented false or conflicting information to the grand jury such that he is doomed for prison if he refuses to become a cooperating witness before the grand jury is wholly unsupported by any information available to counsel. Further, even if ██████ did provide conflicting information to the grand jury such that could expose him to criminal charges, he has other recourse besides reaching a plea bargain with the government. Namely, he can go to trial with the presumption of innocence and fight the charges as against him. If ██████ wishes to become a cooperating government witness, he has already been advised that he may do so at any time.

The government seeks to portray two different aspects of Mr. Woodward's representation of ▇ as conflicts of interest that should entirely preclude Mr. Woodward from representing ▇ : 1.) that the Save America PAC is paying for Mr. Woodward's legal fees, and 2.) that Mr. Woodward represents Walt Nauta about whom the government alleges ▇ ▇ possesses information negative to Mr. Nauta's case in Florida. While the government seeks to demonstrate that both conflicts are non-waivable, such a position has no teeth. Further, counsel has no reason to believe that any conflict even exists in his representation of ▇ ▇.

At the outset, an agreement for a third-party to cover a client's legal is a common and uncontroversial practice, so long as certain procedures outlined by the D.C. Rules are followed. *See* District of Columbia Rule 1.8, Comment 10 (". . . lawyers are prohibited from accepting or continuing [third-party payment for a client's legal services] *unless* the lawyer determines that there will be no interference with the lawyer's independent professional judgment and there is informed consent from the client." (emphasis added)). While the government has often sought to imply an illicit purpose for the Save America PAC covering the legal costs of certain grand jury witnesses, the truth has always been very simple and legitimate: many of the grand jury witnesses, including ▇ , are only subject to this investigation by virtue of their employment with entities related to or owned by Donald Trump. Save America PAC has placed no conditions on the provision of legal services to their employees. Ultimately and in compliance with Rule 1.8, ▇ was advised that Save America PAC would pay his legal fees, that ▇ could pursue other counsel than Mr. Woodward if he so desired, that Save America PAC was not Mr. Woodward's client, that ▇ was Mr. Woodward's client,

3

and that ▮▮▮▮▮ could always make the decisions relating to the trajectory of ▮▮▮▮▮'s grand jury testimony.

While the government seeks to also portray the existence of a non-waivable conflict due to the concurrent representation of Mr. Nauta and ▮▮▮▮▮, such an assertion is also not backed by the Rules.  Non-waivable conflicts are a very specific type of conflict, as made clear by the rules.  *See* District of Columbia Rules of Professional Conduct Rule 1.7(a) ("A lawyer shall not advance two or more adverse positions in the same matters.").  Further, the rules make clear that such conflicts are a very narrow type of conflict, whereby there is no possible way an attorney can give competent and diligent representation to both clients; that a lawyer may take positions in a different matter that is adverse to a client is not a waivable conflict.  *See* District of Columbia Rules of Professional Conduct Rule 1.7, Comment 4 ("The absolute prohibition of paragraph (a) applies only to situations in which a lawyer would be called upon to espouse adverse positions for different clients in the same matter. It is for this reason that paragraph (a) refers to adversity with respect to a 'position taken or to be taken' in a matter rather than adversity with respect to the matter or the entire representation. This approach is intended to reduce the costs of litigation in other representations where parties have common, non-adverse interests on certain issues, but have adverse (or contingently or possibly adverse) positions with respect to other issues. . .").

The government presents a broad swath of Sixth Amendment case law about a witness's right to counsel of choice, effective advocacy, and a requirement of the government to notify the court at the earliest possible moment of potential conflicts of interest that arise during grand jury representation, arguing that these cases clearly preclude Mr. Woodward's representation of ▮▮▮▮▮.  Government Filing, pp. 6-7.  However, the case law they cite does not even support

4

this position, as this Circuit has noted that non-waivable conflicts are an extremely narrow type of conflicts of interest, and usually require that an attorney be involved in the underlying conduct for which their client is being prosecuted. *See United States v. Lopesierra-Gutierrez*, 708 F. 3d 193, 200 (D.C. Cir. 2013) ("[Defendant's ineffective assistance of counsel on the basis of conflicts of interest that Defendant had waived] argument relies heavily on a line of Second Circuit decisions that have defined a very narrow category of cases in which a conflict of interest is never subject to waiver. . . because the conflict so permeates the defense that no meaningful waiver can be obtained." (internal quotations omitted)). Ultimately, the D.C. Circuit noted that their view of non-waivable conflicts is much narrower than the Second Circuit's, concluding that non-waivable conflicts require the conclusion that, "no rational defendant would knowingly and voluntarily desire the attorney's representation." *See id.* at 201 (quoting *United States v. Martinez*, 143 F.3d 1266, 1270 (9th Cir. 1998). Further, it should be noted that the cases cited by the government in this matter concern conduct that goes well beyond any conduct alleged against counsel, namely criminal activity related to that for which counsel represents client(s). The government has not alleged such activity, meaning their offered cases are distinguishable.

Ultimately, this is little more than a last-ditch effort to pressure ▮▮▮▮▮ with vague (and likely nonexistent) criminal conduct in the hopes that ▮▮▮▮▮ will agree to become a witness cooperating with the government in other matters. *See* Government Filing, p. 10 ("A conflict may arise during an investigation if a lawyer's 'responsibility to his other clients prevents the lawyer from exploring with the prosecutor whether it might be in the interest of one witness to cooperate with the grand jury or to seek immunity if the witness's cooperation or testimony would be detrimental to the lawyer's other client.' [] 'Professional ethics prevent [an attorney] from advising a witness to seek immunity or leniency when the quid pro quo is

5

testimony damning to his other clients, to whom he also owes a duty of undivided fidelity[.] [] In many cases, however, that advice is precisely what the client needs to hear, even, or perhaps especially, when it 'is unwelcome' advice that 'the client, as a personal matter, does not want to hear or follow.' [] (internal citations omitted)). Ultimately, ▇▇▇▇ has been advised by counsel that he may, at any time, seek new counsel, and that includes if he ultimately decided he wanted to cooperate with the government. However, ▇▇▇▇ has not signified any such desire and that means counsel for ▇▇▇▇ can continue to represent ▇▇▇▇ both diligently and competently.[1]

[SIGNATURE ON NEXT PAGE]

---

[1] *See* D.C. Rules of Professional Conduct Rules 1.1 ("Competency), 1.3 ("Diligence").

6

Dated: June 30, 2023 Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Stan M. Brand (D.C. Bar No. 213082)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest
Washington, District of Columbia 20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for* ▮

**CERTIFICATE OF SERVICE**

On June 30, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was provided electronically to the court and served by electronic mail upon government counsel.

          */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road, Northwest
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com