**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

UNITED STATES OF AMERICA,                    **Case No. 23-80101-CR**
                                             **CANNON/REINHART**
vs.

DONALD J. TRUMP, *et al.*,

      Defendants.

_____

**PRESIDENT DONALD J. TRUMP'S REPLY IN FURTHER SUPPORT OF MOTION**
**FOR ADJOURNMENT OF THE TRIAL DATE**

President Donald J. Trump respectfully submits this reply memorandum in support of his October 4, 2023 motion for an adjournment of the trial date until at least mid-November 2024.

Last month, the Court invited defense motions if counsel encountered impediments to our ability to confer with our clients. (9/12/23 Tr. 22). It is hard to imagine a more fundamental impediment to that process than the failure of the Special Counsel's Office to timely produce discovery that is central to the pending charges. The Office is quick to cast aspersions regarding the motive for President Trump's adjournment requests. But the prosecutors still have not explained their written and verbal misrepresentations to the Court in June and July 2023.

Nor has the Special Counsel's Office addressed the implications of its strategic decision to pursue a conflicting schedule in *United States v. Trump*, 23 Cr. 257 (TSC). Specifically, as we noted previously, the Office sought to start jury selection in the District of Columbia on the same day as a scheduled hearing in this case and requested a trial date that conflicted with numerous existing deadlines set by the Court. In more recent submissions, the prosecutors conveniently ignore the intervening two-month trial in the District of Columbia, which involves distinct facts but will require a similar degree of complex motion practice and preparations for President Trump

and counsel, in favor of the misleading and deceptive assertion that the trial in this case is seven

months away.

At bottom, the Special Counsel's Office misled the Court this summer by contending that

the unprecedented schedule it requested was workable—and not violative of the defendants'

rights—because the Office would promptly produce all discoverable materials.  To date, that claim

has proven to be false in at least the following ways:

- President Trump and counsel still cannot access nine of the documents that the Office charged him with illegally retaining in an Indictment filed more than three months ago.

- A recent, untimely production nearly doubled the volume of classified discovery, and the Office has not explained why those materials were withheld from prior productions.

- Despite doubling down on the false claim that the Office is producing "all witness statements," the Office admits that it is withholding from discovery "certain [unclassified] agents' communications," and it indicated in a prior filing that similar classified materials are outstanding.  (Opp'n at 3)

- After the Court's scheduling order, the Office produced approximately 168,424 pages[1] of unclassified discovery, and it now relies on flawed and speculative arguments to try to justify that untimely production.

Unable to explain away these deficiencies, the Office resorts to characterizing straightforward

arguments about the basic rights of criminal defendants as "sinister."  (Opp'n at 11).  The record

does not support that claim.  Most of the members of the Office's trial team are seasoned litigators

and Department of Justice attorneys.  The fact that they continue to contend that it is appropriate

and not a violation of President Trump's due process rights to push forward with back-to-back

multi-month trials in different districts with wholly different facts—over a defendant's objection—

reveals a central truth about these cases.  The Special Counsel's Office is engaged in a reckless

---

[1] The Office's citation of 166,554 pages produced since July 21 is inaccurate and does not account for pages provided in their newest production from last Friday, October 6.

effort to try to obtain a conviction of President Trump prior to the 2024 Election, no matter the cost.  The Court should not permit the use of the criminal justice process toward that end.

Accordingly, and for the additional reasons set forth below, the requested adjournments are appropriate to allow adequate time to review the Office's ongoing productions of discovery, to address complex motions and necessary hearings, and to prepare for trial in the context of the two cases initiated by the same Office.

### I.   Classified Discovery Is Not Complete

As of this filing, President Trump and counsel[2] still do not have access to nine of the allegedly classified documents that serve as the basis for individual § 793(e) counts.  (*See* Dkt. No. 165 at 6 n.4).  The Special Counsel's Office refers to these documents as the "special measures documents," and we lack access to unspecified "others" in this category.  (Opp'n at 6-7).  There is also other classified discovery that the Office concedes is outstanding, such as a reportedly "small volume" of "classified *Jencks* emails (primarily agent emails)."  (Dkt. No. 165 at 7).  Thus, while President Trump may have access to "considerable" classified discovery, or even the "vast majority of it," he does not have what the Office agreed to provide at the July 18, 2023 conference before the Court set the current schedule.  (Opp'n at 2, 5; *see also* 7/18/23 Tr. 62-63 ("[W]e've had all the discovery and been able to produce it and to have the case ready from our perspective to go to trial.")).

In a transparent and meritless effort to minimize the problem, the Special Counsel's Office credits itself with having established things it believes are "not in dispute."  (Opp'n at 4). We do

---

[2] As noted previously, the Office's delay has compounded the scheduling challenges previously identified by Christopher M. Kise, co-counsel on this case, and effectively denied him the ability to participate in the defense.  President Trump should not be denied the assistance of core counsel in a matter of this significance due to the Government's delayed discovery process.

not agree with any of those assertions, and such arguments highlight the risks of permitting these prosecutors to make *ex parte* presentations to the Court regarding what is "relevant and helpful" to the defense under CIPA § 4.  In one notable example, the Office claims that the issue of "national defense information"—one of the critical elements in 32 of the 42 counts in the Superseding Indictment—"will hardly be the centerpiece of the trial."  (Opp'n at 5).  Perhaps the Office hopes not to focus on that element of the crimes it charged, but that strategy does not bind the defense. To the contrary, and as President Trump signaled in his September 22, 2023 classified supplement, the defense will contest the Office's NDI-related proof through pretrial motions and at trial.  The prosecutors' attempts to diminish their burden of proof are not a basis to require premature motion practice and an unnecessarily accelerated trial.

The Special Counsel's Office also goes to great lengths to distance itself from any suggestion that it has "control[]" of the "situation" with respect to President Trump's access to classified discovery.  (Opp'n at 7).  That approach is as troubling as it is counter factual.  The Office acknowledges that it has been navigating the same special measures to access the same documents in the vicinity of the District of Columbia.  (Opp'n at 9).  The discovery confirms as much; time and again, when it was in the Office's interest, prosecutors arranged to have the documents made available and obtained concurrences from the intelligence community permitting them to show the documents to witnesses.  The Office has not made the same arrangements for President Trump, and these are not mere "logistical impediments."  (Opp'n at 7).  Providing discovery in an accessible format is part of every prosecutor's job, and the adjournments are appropriate because the Office has not yet accomplished that in this case.

## II.    The Special Counsel's Office Recently Doubled The Classified Discovery

Although the discovery deficiencies relating to nine of the pending counts are sufficient to grant the requested adjournments, the Special Counsel's Office recently made available a classified production consisting of approximately 2,400 pages and four discs.  This is in stark contrast to the Office's September 12, 2023 estimate that there were between 750 and 1,000 pages of classified discovery outstanding.  (*See* 9/12/23 Tr. 9-10).  There are also other items that the Office concedes it has not yet produced, such as the "small volume of classified *Jencks* materials (primarily agent emails)."  (Dkt. No. 165 at 7).

The October 6, 2023 unclassified discovery letter from the Special Counsel's Office provided no description of the production.  In response to our inquiry, the Office disclosed in an unclassified email that the production includes "after-action reports," "documents related to the classification review of the documents that were stored at Mar-a-Lago," "documents relating to certain charged documents," "audio recordings of classified interviews," "photographs of documents that were at Mar-a-Lago," "search warrant photographs," and "classified content that was found on unclassified devices."

It is clear that at least some aspects of the production have existed since the outset of this case, and the Special Counsel's Office has not explained why it failed to produce these materials previously despite its repeated claims about making discovery available "promptly."  (*E.g.*, Opp'n at 1, 2, 4).  The timing and size of the October 6 production further support the need for the requested adjournments.

## III.    Unclassified Discovery Is Not Complete

Despite prior written commitments to the Court to produce "all" witness statements, the Special Counsel's Office is withholding from President Trump and the other defendants "certain

agents' [unclassified] communications"—in addition to the above-referenced similar classified materials. (Opp'n at 3). Thus, the Office is not, in fact, "producing all witness statements, regardless of whether the Government intends to call the witnesses at trial." (*Id.* at 2 n.2). Footnote two of the Office's opposition submission is not accurate.

If the "process" used by the Special Counsel's Office to prepare discovery was "fully consistent with the Justice Manual provisions to which the defendants refer," then there would have been no need for the Office to limit its October 9, 2023 compliance certification to the discovery "of which it is aware." (Opp'n at 3, 10 n.4). Even that caveated representation, however, is inaccurate. On October 9, 2023, President Trump notified the Office that there are nearly 50 FBI reports in the unclassified discovery that refer to enclosures and attachments that do not appear to have been produced. It is difficult to understand how the case-file review mandated by the Justice Manual could miss that type of issue, and we expect that the number of unproduced enclosures and attachments will increase as our review of the unclassified discovery continues.

Finally, the Special Counsel's Office does not address its production of 19 additional terabytes of CCTV footage since the Court's scheduling order, and the Office's argument relating to the additional 168,424 pages of documents it produced since the order is flawed. Specifically, the Office contends that an unspecified number of 134,974 of the pages at issue, relating to two cellphones, are "likely duplicative" of materials that were produced previously from a single iCloud account. (Opp'n at 3). This is little more than conjecture, offered in complete disregard of the amount of time and effort that will be required for defense counsel to test that hypothesis. And the Office's guess about what is "likely duplicative" does no violence to the obvious fact that, as with the classified discovery, the Office did not do what it told the Court it would. Because President Trump and the other defendants have not been provided discovery in the timeframe the

Office described this summer, the Court should not hold the defendants to the deadlines that were based on that timeframe.  Accordingly, the requested adjournments should be granted.

Dated: October 11, 2023                    Respectfully submitted,

                                          */s/ Todd Blanche*
                                          Todd Blanche
                                          Admitted Pro Hac Vice
                                          ToddBlanche@blanchelaw.com
                                          Emil Bove
                                          Admitted Pro Hac Vice
                                          Emil.Bove@blanchelaw.com
                                          BLANCHE LAW PLLC
                                          99 Wall Street, Suite 4460
                                          New York, New York 10005
                                          (212) 716-1250

                                          */s/ Christopher M. Kise*
                                          Christopher M. Kise
                                          Florida Bar No. 855545
                                          ckise@continentalpllc.com
                                          CONTINENTAL PLLC
                                          255 Alhambra Circle, Suite 640
                                          Coral Gables, Florida 33134
                                          (305) 677-2707

                                          *Counsel for President Donald J. Trump*

**CERTIFICATE OF SERVICE**

I, Christopher M. Kise, certify that on October 11, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise