UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

     Defendants.

_____/

## OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINES

Facing an upcoming deadline for discovery requests and motions to compel on October 20, 2023, defendants have filed another motion to stay the deadlines indefinitely. The Government has complied with (and exceeded) its discovery obligations to date, the defense has demonstrated that they are fully equipped to file a motion to compel any unclassified discovery they seek, and the Government does not oppose a 10-day extension of the deadline to file a motion to compel classified discovery given the complications surrounding defense access to classified discovery that have now been resolved. The defense motion misrepresents the record regarding the production of classified and unclassified discovery, disregards their own demonstrated ability to formulate requests for additional unclassified discovery, and fails to disclose the Government's position during conferral on this motion, in which the Government agreed to a brief continuance of the deadline for any motions to compel classified discovery. The defendants' motion for an indefinite extension should be denied.

1

**ARGUMENT**

I.     **The Defendants Can File their Motion to Compel Unclassified Discovery by October 20**

Defendants seek an indefinite stay to file their motion concerning unclassified discovery, claiming that the "proffered distinction between unclassified and classified litigation is entirely illusory for these purposes." ECF No. 183 at 5. The discovery record and defendants' own conduct belie their claim.

First, the Government has fully complied with its unclassified discovery obligations. Defendants continue to wrongly accuse the Government of being dilatory in producing discovery. Not so. As recounted in recent filings, *see* ECF Nos. 165, 172, and 173, the Government promptly produced unclassified discovery and exceeded its obligations. Although it is unnecessary to repeat the discovery record here, a few key facts merit mention: (1) more than 800,000 of the 1.3 million pages were produced to Trump in June and the other two defendants within one day of their arraignments, *see* ECF No. 173 at 3-4; (2) regarding Jencks material, the Government committed to—and did—produce all witness memorialization in its possession, *see id.*; (3) the Government's last production, on October 6, was less than 1,900 pages, *see* ECF No. 172 at 1; and (4) since July 21, when the Court set the trial date, *see* ECF No. 83, the unclassified discovery produced has totaled only about 168,423 pages—a fraction of the overall discovery in this case, *see* ECF No. 173 at 3. Moreover, among the material produced since July 21, about 134,974 pages—or approximately 80 percent—were from defendant Waltine Nauta's devices, which includes some documents previously produced and about which the Government informed the Court at the July 18 status hearing. *See* 7/18/23 Transcript at 8-9. Aside from Nauta's devices, another 7,665 pages of the material produced after July 21 were copies of unclassified material from the boxes that Trump surrendered to the National Archives and Records Administration (NARA) in January

2022—which boxes themselves and their unclassified content have been available for defendants' inspection from the moment the Government first produced discovery in June.  In sum, the Government has met and exceeded its discovery obligations.  Indeed, the government believes it has now produced all unclassified discovery of which it is aware, except for emails and text messages exchanged by testifying law enforcement agents, which constitutes Jencks material not due for disclosure until much closer to trial.  Defendants thus have everything they need to file a motion to compel based on the approximately 1.3 million pages of unclassified discovery they have received.

Second, the defense has already requested from the Government and received what it needs to file any motion to compel additional unclassified discovery.  On October 9—months after receiving the majority of the discovery in this case--the defense sent the Government a nine-page discovery letter, which included 39 discovery requests, some of which included multiple sub-parts, and one of which included 49 sub-parts.[1]  The defense explicitly requested that the Government respond by October 16 "[i]n light of the current motions schedule"—an obvious reference to the impending October 20 motion to compel deadline.  The Government diligently worked on a thorough response which was provided on October 16, as the defense requested.  Not until the afternoon of October 13—after the Government was well underway in responding to Trump's requests—did Trump's counsel inform the Government the defense would be seeking an extension of the October 20 deadline.

The defense's extensive discovery requests evidence their ability to thoroughly review and analyze the discovery it has been provided, and the Government's prompt responses underscore

---

[1] Given that defendants received most of the discovery at issue months before, they could have made these requests earlier.

the thorough and organized nature of the discovery it has provided.  For example, Trump accused the Government in his reply in support of his motion to adjourn the trial date of failing to produce "nearly 50 FBI reports in the unclassified discovery that refer to enclosures and attachments that do not appear to have been produced" and ridiculed the Government, alleging, "[i]t is difficult to understand how the case-file review mandated by the Justice Manual could miss that type of issue." ECF No. 178 at 6.  In fact, in over half the identified instances, the Government had already produced the enclosure to the defense, and in its October 16 letter, the Government identified for the defense by Bates number where it was produced; and in many of the remaining instances, the enclosures or attachments were not discoverable.[2]  In response to Trump's detailed discovery request, the Government produced an additional 138 pages of unclassified discovery, while pointing out that these additional materials exceeded the Government's discovery obligations. Given Trump's detailed October 9 discovery letter and the Government's prompt and complete October 16 response, any motion to compel is ripe—there is no cause to extend the October 20 deadline with respect to unclassified discovery, let alone stay it indefinitely.

Finally, the defense's assertion that unclassified and classified discovery are too intertwined to maintain the deadline for the moving to compel with respect to the former is wrong. The only example the defense offers about why unclassified and classified discovery are intertwined for purposes of its motion to compel is that "the Court's resolution of" a motion regarding the scope of the prosecution team "will have implications for both classified and unclassified materials."  ECF No. 183 at 6.  But resolution of any such motion does not affect what

---

[2] Trump's counsel apparently made little effort to identify the enclosures on their own, given that in multiple instances the document specified, for example, that the referenced enclosure was a transcript or the audio recording of a specific interview that the Government already had produced.

discovery the defense would seek to compel, rather only where the Government must search for that discovery. Nor does the defense need any additional time to review discovery to litigate the proper scope of the prosecution team. In his October 9 discovery letter, Trump set forth his expansive definition of the prosecution team, wrongly contending that it includes multiple components of the Justice Department not involved in this case, NARA, White House Counsel, and the entire Intelligence Community. The Government disputed this assertion in its October 16 response. The disagreement is therefore ripe and can be litigated now if the defense so chooses, alongside any motion to compel unclassified discovery.

## II.     Only a Brief Continuance of the October 20 Deadline with Respect to a Motion to Compel Classified Discovery Is Warranted, Not an Indefinite Stay

Due to the unforeseen complications regarding the defense's access to some of the classified material—which have now been resolved—the Government does not object to an extension until October 30 for the defense to file motions to compel classified discovery, with the defense informing the Government by October 20 if they have additional requests—as the defense originally proposed—to allow time for conferral. Although the Government informed counsel of that position when conferring on defendants' proposed motion, defendants failed to disclose the Government's position in their pleading. Regardless, the Court should set a date certain rather than agree to indefinite delay.

As an initial matter, the Government must correct the misstatements in defendants' filing regarding the timing of classified discovery and its status. As the Government informed the defense on October 6, on that date, the Government produced to the Classified Information Security Officer (CISO) about 2,400 pages of classified discovery. The Government inquired of the defense on Saturday, October 7, when the defense was planning next to be in Florida to continue its review, so that the Government could ensure the discovery was available. Trump's

counsel responded that day that they were unsure of their travel plans and would keep the Government updated.  The Government responded to the defense the next day, October 8, informing them that it could help coordinate the couriering of the special measures documents when they traveled to Florida if an appropriate space was available for review and discussion of those documents.  The Government later learned from the CISO that defense counsel intended to travel to review documents the week of October 16, and the Government immediately arranged for the documents to be available when the defense intended to be present.  In the meantime, the CISO informed the Government and the defense that the defense SCIF and a second Florida location had been approved for review and discussion for all classified discovery, resolving the outstanding access issues—another fact that the defense omitted from its pleading.  The Government promptly arranged for delivery of the remaining materials to the SCIF for review upon counsel's arrival this week.  As defendants well knew when they filed their pleading, the "approximately 2,400 pages of additional classified discovery," ECF No. 183 at 1, will be available to them upon their arrival in Florida this week.

The brief extension that the Government proposes provides the defense ample time to complete its review of classified discovery, propound requests for additional discovery, and file any motion to compel.  The Government's proposal that the defendants propound all discovery requests related to classified discovery by October 20 is the very deadline that defendants once proposed—yet at which they now balk.  In defendants' motion for a revised schedule for motions to compel and CIPA Section 4 litigation, defendants proposed October 6 for the "[c]ompletion of classified discovery described at status conferences and the September 13, 2023 production letter by the Special Counsel's Office," and October 20 for "[d]efense discovery requests submitted to Special Counsel's Office."  ECF No. 160 at 7.  The Government produced to the CISO as planned

on October 6 the materials it had described.  That the materials amounted to more pages than originally estimated and that defense counsel elected not to review them for over a week do not justify a large extension of time for defendants to propound discovery requests and file a motion to compel, let alone an indefinite delay.  The total volume of classified discovery—approximately 5,500 pages—is manageable, and now that access issues have been resolved, defendants should be able to make any discovery requests by the week's end and file any resulting motion to compel by October 30.

## CONCLUSION

For the foregoing reasons, the Court should not extend defendants' deadline to file any motion to compel with respect to unclassified discovery.  With respect to classified discovery, the Court should require defendants to make any discovery requests by October 20 and file any motion to compel by October 30.

Respectfully submitted,

JACK SMITH
Special Counsel

By:     */s/ Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

## <u>CERTIFICATE OF SERVICE</u>

I, Jay I. Bratt, certify that on October 16, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Jay I. Bratt*
Jay I. Bratt
