UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA,  and
CARLOS DE OLIVEIRA,**

        Defendants.

_____/

## GOVERNMENT'S SUPPLEMENTAL RESPONSE
## TO STANDING DISCOVERY ORDER

Pursuant to this Court's October 17, 2023 Order (ECF No. 188), and the Standard Discovery Order, issued on June 13, 2023 (ECF No. 16), the United States of America, by and through the Special Counsel's Office, files this pleading to provide the Court additional information regarding its productions of classified discovery.  Per the CIPA Section 3 protective orders issued in this case (ECF Nos. 150, 151, 152), the Government has provided four productions of classified discovery as described below and in our prior filings.  *See* ECF Nos. 158 at 3; 165 at 5-6; 173 at 5-6; 187 at 5-7.

First, as described in an unclassified discovery letter to the defense dated September 13, 2023—the date of the entry of the CIPA Section 3 protective orders—the Government on that date made available in the defense SCIF to defense counsel with the necessary security clearances its first classified discovery production of materials between classified Bates range 0001-2594 ("Classified Discovery Production 1").  As noted in the September 14 Joint Discovery Report

filed the following day, Classified Discovery Production 1 included "classified documents that had been stored at Mar-a-Lago as well as other classified material generated or obtained in the Government's investigation, including documents related to witness interviews such as reports and transcripts."  ECF No. 158 at 3.

Second, as described in a September 28, 2023 unclassified discovery letter to the defense, on September 26, a second production of classified discovery was delivered to the defense SCIF in the Southern District of Florida consisting of materials between classified Bates range 2595-2968 ("Classified Discovery Production 2").  This production consisted of classified witness interview transcripts.  *See* ECF No. 165 at 5-6 ("For example, on September 26, the CISO placed in the defense SCIF the remaining classified witness interview transcripts, and all classified witness interview transcripts are now in the defense SCIF.").

Third, as described in unclassified and classified October 6, 2023 discovery letters to the defense, a third production of classified discovery ("Classified Production 3") was prepared for defense counsel and delivered to the Classified Information Security Officer (CISO) in Washington, D.C. on that date, in response to a defense request to make it available by then.[1] Classified Production 3 consisted of materials between classified Bates range 2969-5366 and four discs containing items such as audio recordings of previously transcribed and produced interviews and photographs.  Classified Discovery Production 3 included, *inter alia*, audio recordings of classified interviews, photographs of documents that were at Mar-a-Lago, search warrant photographs, material extracted from electronic devices, and certain Jencks material.  On October

---

[1] As in all federal criminal cases involving classified discovery, to ensure confidentiality for the defense, the Government does not have access to the defense SCIF.  To deliver classified discovery to the defense SCIF requires the presence of either the CISO or appropriately cleared members of the defense team.

2

17, after the defense informed the Government it would be in Florida to receive classified discovery on that date, the Government provided Classified Discovery Production 3 in person to defense counsel at the defense SCIF in the Southern District of Florida.

Fourth, in an unclassified October 16, 2023 discovery letter to the defense, the Government informed the defense that it would provide to it the following day a fourth production of classified discovery consisting of materials between classified Bates range 5367-5386 ("Classified Discovery Production 4"). Classified Discovery Production 4 included two items: (1) an item requested in Trump's October 9 unclassified discovery letter, *see* ECF No. 187 at 3-4, and (2) five missing pages from a document previously produced to the defense. On October 17, the Government provided Classified Discovery Production 4 in person to defense counsel at the defense SCIF.

Although the defense SCIF is now approved for the review and discussion of all classified discovery, it is not yet approved for the storage of certain extremely sensitive materials, which the Government has referred to as "special measures documents." *See* ECF No. 173 at 6-7.[2] Some of the materials in Classified Discovery Production 1 and Classified Discovery Production 3 included such documents.[3] As the Government previewed for the defense in its October 16 letter,

---

[2] The Government understands that the CISO is working with the Intelligence Community to equip the defense SCIF with the requisite security measures to store the special measures documents there, and the Special Counsel's Office stands prepared to support that with any resources requested by the CISO to do so.

[3] In addition, the Government learned at the time of the delivery of Classified Discovery Production 1 that the CISO was not cleared to see about 131 pages of documents in that production. These documents were therefore placed in the defense SCIF with Classified Discovery Production 2. Also at the time of the delivery of Classified Discovery Production 2, the CISO temporarily placed in a "CISO-only" safe about 72 pages of documents from Classified Discovery Production 1 that were intermingled with other documents because no defense counsel yet had the clearance to review the documents and their presence in the defense safe would be an impediment to

3

the materials were made available yesterday—October 18—for the defense's review on a read-and-return basis. There are about 127 total pages of special measures documents (some of which are included in the above Bates ranges and the remainder of which are between classified Bates range 5387-5431). In sum, the Government has produced about 5,431 pages of classified discovery plus four discs of photographs, audio recordings, and material extracted from electronic devices.

The Government is aware of its continuing duty to disclose newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

Respectfully submitted,

JACK SMITH
Special Counsel

By: */s/ Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

---

reviewing other documents. Certain defense counsel received the necessary clearance in early October and have since had access to those documents.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                  */s/ Julie A. Edelstein*
                                                  Julie A. Edelstein
                                                  Senior Assistant Special Counsel