**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON(s)**

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

**DONALD J. TRUMP**,
**WALTINE NAUTA**, **and**
**CARLOS DE OLIVEIRA**,

      Defendants.

_____/

**GOVERNMENT'S MOTION FOR CIPA SECTION 5 NOTIFICATION**

      The Government respectfully moves for an Order resetting the date by which defendants must provide their first notice of any classified information they "reasonably expect[] to disclose or cause the disclosure of . . . in any manner in connection with any trial or pretrial proceeding" in this case.[1]  18 U.S.C. App. 3 § 5(a).

      In the Court's Order Granting in Part Government's Motion to Continue Trial and Resetting Deadlines (ECF No. 83), it set November 17, 2023, as the deadline for the defense to file their CIPA Section 5 notice.  In ECF No. 205, the Court stayed the November 17 deadline, among others, and in its Order Granting in Part Defendants' Motion to Continue Pretrial Deadlines and Denying without Prejudice Motion to Adjourn Trial, the Court superseded all deadlines except

---

[1]  The Government has conferred with counsel for defendants Trump, Nauta, and De Oliveira, and they have stated that they oppose this motion.

those identified in the Order.  ECF No. 215 at 8.  The Court's new set of CIPA deadlines did not include a date for the defense to file a CIPA Section 5 notice.

"The Section 5(a) notice is the central document in CIPA."  *United States v. Collins*, 729 F.2d 1195, 1199 (11th Cir. 1983).  It enables the Government to know what classified information the defense seeks to disclose at trial or in any ancillary hearings and sets the stage for proceedings under CIPA Section 6.  Timely notification under CIPA Section 5 ensures that a trial can go forward without delay.

Defense counsel now have full access to approximately 5,500 pages of classified discovery (*see* ECF No. 215 at 4) – the vast majority of the classified discovery in this case – and the laptops necessary to create pleadings referencing those materials.  They therefore are in a position to provide notice under CIPA Section 5 as to which documents or pieces of information from these 5,500 pages, or from any other source, they reasonably expect to disclose at trial.  Providing such notice by a set, near-term date will facilitate the completion of CIPA litigation before the May 20, 2024 trial date.

The Government acknowledges that (a) rulings on its CIPA Section 4 motion will likely result in the production of a limited amount of additional classified discovery;[2] and (b) the defense could be successful in compelling the production of other classified materials.  However, rather than delaying setting any CIPA Section 5 deadline until the CIPA Section 4 and discovery litigation is complete, the Court should reset the initial CIPA Section 5 deadline for December 18, 2023, with the understanding that it may be necessary to permit a supplemental CIPA Section 5 notice after all classified discovery issues have been resolved.  The statute contemplates this very

---

[2] The Government will be using CIPA Section 4 in part to obtain this Court's authorization to provide a limited amount classified discovery to the defense in the form of substitutions and redacted documents.

scenario and the need for supplemental CIPA Section 5 notices.  *See* 18 U.S.C. App. 3 § 5(a) ("Whenever a defendant learns of additional classified information he reasonably expects to disclose at any such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter and shall include a brief description of the classified information.").  Such supplemental notices are not uncommon.  *See, e.g., United States v. Cardoen,* 898 F. Supp. 1563, 1570 (S.D. Fl. 1994) (supplemental Section 5 notices); *United States v. Ahmed,* 2009 WL 1370936, at *2 (N.D. Ga. May 14, 2009) (same); *United States v. Schulte,* 2022 WL 1639282, at *1 (S.D.N.Y. May 2022) (four Section 5 notices).  Accordingly, the possibility of a supplemental CIPA Section 5 notice need not delay the process for the nearly 5,500 pages of classified materials already produced.

Respectfully submitted,

JACK SMITH
Special Counsel


By:      */s/ Jay I. Bratt*
          Jay I. Bratt
          Counselor to the Special Counsel
          Special Bar ID #A5502946
          950 Pennsylvania Avenue, N.W.
          Washington, D.C.  20530

          Julie A. Edelstein
          Senior Assistant Special Counsel
          Special Bar ID #A5502949

          David V. Harbach, II
          Assistant Special Counsel
          Special Bar ID #A5503068

## <u>CERTIFICATE OF SERVICE</u>

I, Jay I. Bratt, certify that on November 15, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Jay I. Bratt*
Jay I. Bratt
