UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

Case No. 23-80101-CR
CANNON/REINHART

**PRESIDENT DONALD J. TRUMP'S OPPOSITION TO MOTION FOR NOTICE AND DISCLOSURES REGARDING ADVICE-OF-COUNSEL DEFENSE**

President Donald J. Trump respectfully submits this opposition to the Motion for Notice and Disclosures Regarding Advice-of-Counsel Defense (the "Motion") submitted by the Special Counsel's Office. ECF No. 208.[1]

The Special Counsel's Office has repeatedly demanded deadlines in this case that are detached from reality and practice, and this Motion is no different. The 60 days requested in the Motion would give the Office more time to "investigate" an advice-of-counsel defense than the Office proposed to give President Trump to review approximately 1.3 million pages of discovery and file Rule 12(b) motions. *See* ECF No. 34-3. The Court rejected the Office's earlier unjust proposal, and the same result is appropriate here. The Motion is not supported by any rule of criminal procedure, and several courts have rejected prosecutorial requests for advance notice of a trial defense because it is inconsistent with the Sixth Amendment, due process, and the burden of proof.

---

[1] Defendants Waltine Nauta and Carlos De Oliveira join in this opposition filing.

Not a single case cited by the Special Counsel's Office involved the amount of advance notice they are seeking, and there is deep irony in the prosecution's invocation of "fairness" and "efficiency." *E.g.*, Mot. at 8.  Prior to filing the Indictment, before presenting evidence to a grand jury in this District, the Office unlawfully violated President Trump's attorney-client privilege and improperly forced attorneys to testify before a grand jury in the District of Columbia.  We will further address that misconduct in pretrial motions.  However, given the unconstitutional steps that the Office took to invade President Trump's privilege before bringing this politically motivated case, it was irresponsible for the Office to suggest in the Motion that (1) they face the risk of a defense "ambush" regarding legal advice, Mot. at 9, and (2) President Trump should be required to make a decision regarding a privilege waiver before the Court addresses the Office's pre-Indictment abuse of his privilege.

The Motion also ignores the Supreme Court's emphasis on the need for reciprocity in pretrial discovery, which is lacking here in light of the ongoing discovery deficiencies that will be the subject of extensive litigation early next year.  If this case survives pretrial motions, the defense disclosures that will likely be required in connection with CIPA litigation—such as anticipated § 5 notice and § 6 hearings where we would be required to disclose other defense positions to establish relevance and admissibility—amplify this imbalance in a way that highlights the unjust nature of the Office's request.  For all of these reasons, the Court should deny the Motion as premature and address any requests for notice of President Trump's defenses after pretrial motions are resolved and we have had a reasonable opportunity to review all of the prosecution's pretrial disclosures—including exhibits, a witness list, and disclosures pursuant to the Jencks Act and *Giglio*.

## APPLICABLE LAW

"[T]here is no consensus among federal courts regarding the existence and extent of any authority for a court to require pretrial disclosure by the defense of information regarding its advice-of-counsel defense." *United States v. Ray*, 2021 WL 5493839, at *4 (S.D.N.Y. Nov. 22, 2021). "Although the Eleventh Circuit has yet to address this issue," "[n]othing in Rule 16 requires a defendant to disclose a defense theory prior to trial (other than those defenses listed in Rules 12.1-3)." Order Denying Motion to Compel Disclosure of Advice of Counsel Defense, *United States v. Ahmed*, No. 19-cr-60200-FAM (S.D. Fla. Feb. 12, 2020), ECF No. 198.

"Constitutional due process 'forbids' compelling a criminal defendant to disclose anything to the government without the imposition of so-called 'reciprocal discovery rights.'" *United States v. Wilkerson*, 388 F. Supp. 3d 969, 973 (E.D. Tenn. 2019) (quoting *Wardius v. Oregon*, 412 U.S. 470, 472 (1973)). "The only matters required to be specially pleaded by a defendant are notice of alibi, Fed. Rule Crim. Proc. 12.1, or of intent to rely on insanity as a defense, Fed. Rule Crim. Proc. 12.2." *Mathews v. United States*, 485 U.S. 58, 65 (1988). "[T]he listing of notice requirements in specific instances would strongly suggest that any other notice requirements were intended to be excluded." *United States v. Mubayyid*, 2007 WL 1826067, at *2 (D. Mass. June 22, 2007); *see also United States v. Crinel*, 2016 WL 6441249, at *11 (E.D. La. Nov. 1, 2016) ("[T]he 'advice-of-counsel' defense is not one of the defenses, objections, or requests that must be raised before trial under Rule 12(b)(3) of the Federal Rules of Criminal Procedure.").

The Special Counsel's Office urges the Court to exercise "inherent authority" to impose notice and disclosure obligations on the defense that are outside of the Federal Rules of Criminal Procedure. Mot. at 6. Inherent authority is not a basis for shifting the Office's burden of proof to President Trump. *See United States v. Alessa*, 561 F. Supp. 3d 1042, 1049 (D. Nev. 2021) ("[T]he

decision to pursue criminal charges carries with it important consequences, including that the defendant has the right to remain silent while the government is required to prove its case beyond a reasonable doubt."); *United States v. Atias*, 2017 WL 563978, at * 4 (E.D.N.Y. Feb. 10, 2017) ("[T]he government has not established that is has a 'right' to pretrial notice as to the defense under discussion."); *United States v. Meredith*, 2014 WL 897373, at *1 (W.D. Ky. Mar. 6, 2014) ("The United States bears the burden of proving the defendant guilty of the crimes charged beyond a reasonable doubt.  A defendant need not put on any evidence at all.").

Nor does inherent authority permit unreasonable restrictions on President Trump's ability to prepare and present defenses. *See Wilkerson*, 388 F. Supp. 3d at 975 ("[I]t would be untenable—and, most likely, unconstitutional—to require Defendants to turn over potential evidence (most of which is currently privileged) to the Government or risk forfeiting a defense."); *see also Ray*, 2021 WL 5493839, at *6 ("The Court will not require the defense to produce privileged documents before the earlier of either (1) the defense's unequivocal assertion of the advice-of-counsel defense . . . , or (2) the close of the government's case-in-chief.").

Based on these principles, courts in this District and elsewhere have rejected prosecutors' demands for pretrial notice and discovery relating to an advice-of-counsel defense:

- Order on Motion to Compel Reciprocal Discovery Relating to Advice of Counsel Defense, *United States v. Patel*, No. 19-cr-80181-RAR (S.D. Fla. Oct. 11, 2022), ECF No. 290 at 2 ("To the extent the requested evidence falls outside of Rules 16 and 26.2, the Court cannot require Mr. Patel to produce it, so the request is denied.");

- *Alessa*, 561 F. Supp. 3d at 1049;

- *Ray*, 2021 WL 5493839, at *6;

- Order Denying Motion to Compel Disclosure of Advice of Counsel Defense, *United States v. Ahmed*, No. 19-cr-60200-FAM (S.D. Fla. Feb. 12, 2020), ECF No. 198;

- Tr. 81, *United States v. Young*, No. 19-cr-60157 (S.D. Fla. Oct. 2, 2020), ECF No. 241 ("Other than the fact that obviously it would expedite things . . . , I am very concerned that we are going to require the defense to explain or share their theory of defense preemptively just because we really want to hope that it doesn't delay things necessarily.");

- *Wilkerson*, 388 F. Supp. 3d at 975;

- Report & Recommendations, *United States v. Esformes*, No. 16-cr-20549-Scola/Otazo-Reyes (S.D. Fla. May 24, 2017), ECF No. 366 (rejecting prosecution's "novel" arguments), *aff'd*, ECF No. 465;

- *Crinel*, 2016 WL 6441249, at *11;

- *Meredith*, 2014 WL 897373, at *1;

- *United States v. Lacour*, 2008 WL 5191596, at *1 n.1 (M.D. Fla. Dec. 10, 2008) ("[T]he government cites no authority for the proposition that a Defendant must assert the advice of counsel defense in advance.");

- *United States v. Afremov*, 2007 WL 2475972, at * 4 (D. Minn. Aug. 27, 2007) ("Nor does the prosecution have a right to notice from the defense that it intends to assert an advice of counsel defense at trial."); and

- *United States v. Espy*, 1996 WL 560354, at *1 (E.D. La. Oct. 2, 1996).

"It should go without saying that [civil] cases are inapposite. Because the Government has elected to prosecute this case criminally, it has put Defendants' liberty interests at stake. Doing so implicates a whole host of constitutional concerns that are nonexistent in the civil context." *Wilkerson*, 388 F. Supp. 3d at 973; *see also* Report and Recommendation, *United States v. Esformes*, No. 16-cr-20549, ECF No. 366 at 4 n.3, adopted at ECF No. 465 ("The government also cited a number of civil cases, which are not relevant to the issues in this criminal case.").

## DISCUSSION

### I. Neither "Fairness" Nor "Efficiency" Requires 60 Days' Notice Of A Trial Defense

One "distinct aspect of the right to a fair trial" is "the right of the defendant not to have his trial strategy and protected confidences disclosed to the prosecution." *United States v. Noriega*, 752 F. Supp. 1032, 1034 (S.D. Fla. 1990). No principle of "fairness" to the prosecution or

"efficiency" cited by the Special Counsel's Office would justify requiring President Trump to waive his attorney-client privilege 60 days prior to trial. *See Wilkerson*, 388 F. Supp. 3d at 975 ("[I]t is certainly not a sufficient justification that doing so would be more convenient for the Government and the Court, as the Government seems to argue here. '[J]ealously guard[ed]' constitutional principles are not casually tossed aside for the sake of expediency, much less for the mere potential that there may be some future inconvenience." (quoting *Cooper v. Oklahoma*, 517 U.S. 348, 363 (1996)); *see also Alessa*, 561 F. Supp. 3d at 1049 ("[O]ther than a seemingly arbitrary, unspecified sentiment about when a proper defense must be formulated, the Court does not know why a criminal defendant must decide what defense (if any) to pursue in advance of trial or risk losing the option altogether." (cleaned up)).

### A. The Special Counsel's Office Has Unlawfully Violated President Trump's Attorney-Client Privilege

President Trump will demonstrate through further motions that the Special Counsel's Office has already unlawfully invaded his attorney-client privilege and compelled lawyers to testify before a grand jury in the District of Columbia.[2] *See In re Witness-Attorney Before Grand Jury No. 83-1*, 613 F. Supp. 394, 400 (S.D. Fla. 1984) ("Any momentary gain to society by requiring the Witness-Attorney to testify against his client(s) would indeed be far outdistanced by its ultimate loss."). In the Motion, the Office curiously ignores this fact and fails to inform the Court that they have much more information regarding legal advice provided to President Trump than in a typical case. It is therefore disingenuous for the Office to raise the specter of an "ambush"

---

[2] *Cf.* ECF No. 85 ¶¶ 53, 55, 57-63 (discussing allegations pertaining to "Trump Attorney 1" and "Trump Attorney 2"); *see also, e.g.*, Josh Gerstein and Kyle Cheney, *Court rejects Trump's urgent bid to keep lawyer's records from special counsel*, POLITICO (Mar. 22, 2023), https://www.politico.com/news/2023/03/22/trump-court-rejects-special-counsel-00088403.

and argue that "[d]iscovery about these matters is uniquely within the possession of the defendant." Mot. at 8, 9.

### B. There Is More Than Adequate Time To Conduct Any Necessary "Investigation"

In light of the unconstitutional pre-Indictment access to significant quantities of President Trump's legal advice, it is equally disingenuous for the Special Counsel's Office to claim that 60 days' pretrial notice is necessary so that the Office can undertake "further investigation." Mot. at 9. When President Trump argued that additional time was necessary to develop his defenses and participate in CIPA litigation, the Office suggested that the available defenses were limited and straightforward. *See* 11/1/2023 Tr. at 54-55 ("Either he didn't possess it, or he was authorized to possess it, or the information doesn't contain national defense information, or he wasn't acting willfully, or he returned it before he was being asked to return it. Those are the defenses . . . ."). Now seeking to improperly infiltrate the defense camp for a second time, the Office falsely claims that it needs significant pretrial notice of a defense it previously failed to mention.

### C. Voluminous, Ongoing Productions Undercut The Motion

The "unusually high volume of unclassified and classified discovery" in this complex case—including nearly 1.3 million pages of unclassified materials and 5,500 pages of purportedly classified documents, with the most recent production on December 6, 2023—requires that President Trump be afforded as much time as possible to develop potential trial defenses following pretrial litigation. ECF No. 215 at 3; *see also id.* at 4 ("The volume and timing of these materials has outpaced initial estimates and required supplementation, both in the normal course and also to correct inadvertent omissions in the Special Counsel's productions."). President Trump cannot reasonably be required to determine whether and to what extent a privilege waiver will be

necessary to his defense until the Special Counsel's Office completes its productions and the defense has adequate time to review them.

D. **Discovery Deficiencies Preclude Reciprocal Defense Obligations**

Although there is no requirement that a defendant provide notice of an advice-of-counsel defense, every existing "requirement that a defendant provide notice or evidence mandates the government's reciprocity." *Wilkerson*, 388 F. Supp. 3d at 973; *see also Wardius v. Oregon*, 412 U.S. 470, 475 (1973) ("[I]n the absence of a strong showing of state interests to the contrary, discovery must be a two-way street."). The Special Counsel's Office is not in compliance with its discovery obligations. The Court correctly observed that "the parties are at odds on significant issues related to the scope of discoverable information in this case, and that such disagreements will require substantial judicial intervention." ECF No. 215 at 7. Some of the disagreements to be litigated concern the scope of the prosecution's obligations under Rule 16 and *Brady*, and others arise from disputes over the nature of Jencks Act and *Giglio* obligations for prosecution witnesses. *See* 11/1/2023 Tr. at 62. No deadline for defense disclosures should be set until those disputes are resolved and the Office complies with its discovery obligations.

E. **Anticipated CIPA Litigation Exacerbates The Lack Of Reciprocity**

If the Indictment survives pretrial motions, President Trump anticipates that he may, at some point, be required to provide pretrial notice, pursuant to CIPA § 5, of classified information that he reasonably expects to disclose at a potential trial. We also expect that, in connection with hearings pursuant to CIPA § 6, President Trump would be required to articulate theories of relevance and admissibility that will result in further disclosures of defense strategy prior to trial. Through these and other procedures, CIPA "represents a significant departure from usual procedures . . . ." *United States v. Collins*, 720 F.2d 1195, 1200 (11th Cir. 1983). In short, "[t]he defendant is required to disclose much of his defense." *Id.* No case cited by the Special Counsel's

Office in the Motion involved this additional complexity, and the required disclosures under CIPA are an additional strong reason to reject the unlawful advance notice requested by the Office.

## II.  The Cases Cited By The Special Counsel's Office Do Not Support The Motion

None of the cases cited by the Special Counsel's Office support the requested 60 days' notice.  Rather, most of the cases involved orders or motions seeking notice deadlines of between 10 days and two weeks prior to trial:

- *United States v. Dallmann*, 433 F. Supp. 3d 804, 813 (E.D. Va. 2020) ("[N]otice of the intent to assert the advice-of-counsel defense need not be provided until ten days prior to trial, and related discovery need not commence until notice has been provided.");

- *United States v. Stein*, Order Regarding Motion to Compel, No. 21-cr-20321 (S.D. Fla. Mar. 21, 2023), ECF No. 257 (11-day notice deadline);

- *United States v. Crowder*, 325 F. Supp. 3d 131, 139 (D.D.C. 2018) (two-week notice deadline);

- *United States v. Shapiro*, Order Regarding Motion to Compel, No. 19-cr-20178 (S.D. Fla. July 8, 2019), ECF No. 108 (notice deadline two weeks prior to existing trial date);

- *United States v. Ramamurthy*, Omnibus Order on Government's Motions to Compel, No. 18-cr-20710 (S.D. Fla. Nov. 27, 2019), ECF No. No. 276 at 4 (notice deadline "slightly more than two weeks before the scheduled trial"); and

- *United States v. Roussonicolos*, Motion to Compel, No. 21-cr-60273 (S.D. Fla. June 29, 2022), ECF No. 142 (prosecution requested two weeks prior to existing trial date).[3]

Your Honor's order in *Carver* illustrates the unreasonable scheduling demands of the Special Counsel's Office.  *See* Mot. at 7.  The June 1, 2023 Order requiring advice-of-counsel disclosures in *Carver* was entered approximately 15 months after the first defendant in the case

---

[3] Although the prosecution's request in *Roussonicolos* for two weeks' notice is another example of the unreasonableness of the 60 days sought in the Motion, the court subsequently adjourned the trial by several months and required more advance notice of any advice-of-counsel defense.  *See* No. 21-cr-60273 (S.D. Fla. Oct. 5, 2022), ECF. No. 185.  The Special Counsel's Office also cites *United States v. Bachynsky*, which is inapposite because it involved a Rule 17(c) subpoena and the defendant "[did] not actively oppose production of these documents." 2007 WL 1521499, at *3 (S.D. Fla. May 22, 2007).

was arrested, which is far more time to review discovery than has been provided to President Trump at this point. *See* No. 22-cr-80022 (S.D. Fla. June 1, 2023), ECF No. 579. The *Carver* Order applied to five defendants, which increased the potential complexity of any discovery litigation of an advice-of-counsel defense. Here, the Office is only seeking pretrial notice from President Trump. In *Carver*, Your Honor directed disclosures weeks after the prosecution had been required to disclose its witness and exhibit lists, which supplemented similar government disclosures dating back to at least March 2022. *See id.*, ECF Nos. 123-24, 511-12, 576-77. The Special Counsel's Office has not committed to any similar disclosure deadlines. And despite all of these distinguishing features, the *Carver* Order required approximately five weeks' notice rather than the 60 days sought by the Office.

Finally, the citation to *United States v. Pisoni* was an odd choice, as the case demonstrates the dangers of efforts by the Special Counsel's Office to invade President Trump's privilege. *See* Mot. at 7. The Office directed the Court to a December 10, 2015 scheduling order, but failed to disclose that the court subsequently vacated the defendants' trial convictions based on prosecutorial misconduct relating to improper abuse of the defendants' attorney-client privileges following an investigation by DOJ's Office of Professional Responsibility. *See* Order Granting Motion for New Trial, No. 15-cr-20339 (S.D. Fla. Nov. 18, 2022), ECF No. 767 at 17 ("Shockingly, throughout the entirety of the pretrial proceedings, the Government lied to the Court about its possession of privileged materials even though the prosecution team discussed this issue leading up to the motion to dismiss hearings.").

## CONCLUSION

For the foregoing reasons, President Trump respectfully submits that the Court should deny the Motion as premature and address any requests for notice of President Trump's defenses after pretrial motions are resolved.

Dated: December 29, 2023            Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on December 29, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise
