**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

UNITED STATES OF AMERICA,　　　　**Case No. 23-80101-CR**
　　　　　　　　　　　　　　　　　　**CANNON/REINHART**
vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

　　　　　　Defendants.
_____

**PRESIDENT DONALD J. TRUMP'S RESPONSE TO THE PRESS COALITION'S**
**MOTIONS TO INTERVENE AND UNSEAL DEFENDANTS' MOTIONS TO COMPEL**

President Donald J. Trump respectfully submits this response to the January 22, 2024 submission by the Press Coalition, ECF No. 269, Moving to Intervene and Unseal Defendants' Motions to Compel Discovery, ECF No. 262.[1]  Because the Press Coalition failed to comply with Local Rules 7.1(a)(3) and 88.9(a), the Court should deny the motion without prejudice.

On Friday, January 19, 2024, at 2:45 p.m., counsel for the Press Coalition emailed defendants and the Special Counsel's Office stating that they intended to file ECF No. 269 and asking for the parties' positions.  The Friday afternoon email correspondence imposed an arbitrary deadline of Monday, January 22, 2024, at 11:00 a.m.  Despite having received no response from any of the defendants by this deadline and having made no effort to follow up with the parties, the Press Coalition filed ECF No. 269 at approximately 4:00 p.m. on January 22, 2024.

The Press Coalition's filing was made in clear violation of Local Rules 7.1(a)(3) and 88.9(a).  Local Rule 88.9(a) requires movants in criminal cases to comply with Local Rule 7.1 and

---

[1] Defendant Waltine Nauta joins in this submission.

further requires counsel for the moving party to file a statement with the Court certifying that either: (1) "counsel have conferred in a good faith effort to resolve the issues raised in the motion and have been unable to do so"; or (2) "counsel for the moving party has made reasonable effort (*which shall be identified with specificity in the statement*) to confer with the opposing party but has been unable to do so."  Local Rule 88.9(a) (emphasis added).  However, in this case, no such reasonable and good faith efforts were undertaken by counsel for the Press Coalition, aside from the Friday afternoon email imposing the arbitrary Monday morning deadline.  Further, in an apparent effort to conceal its non-compliance, counsel's certification failed to identify its actions with sufficient specificity.  *See* ECF No. 269 at 10.

After the motion was filed, counsel for President Trump communicated with counsel for the Press Coalition, informing them of their lack of compliance with the Local Rules and requesting that they withdraw their motion until meaningful conferral could take place.  Rather than engage with defense counsel as the Local Rules require, counsel for the Press Coalition offered several excuses and justifications.  None of them justify counsel's lack of effort to meet and confer as the Local Rules require.

First, counsel for the Press Coalition asserted that the Special Counsel's Office had adequate time to meet and confer and to respond.  But the Local Rules require good faith conferral with all parties—not just one, especially where that one party is the Government and the Press Coalition's motion relates to unsealing a defense filing.

Second, counsel claimed to rely on prior instances where President Trump's counsel has replied without asking for additional time.  Prior interactions involving different motions, some in different jurisdictions, do not justify failing to follow the Local Rules in another instance.

Third, counsel suggested that, because the defendants met and conferred with the Special Counsel regarding sealing on the same day that the Motions to Compel were filed, the arbitrary period of time within which the Press Coalition demanded a response to their offer to meet and confer was sufficient.  President Trump complied with the Local Rules by meeting and conferring with the Special Counsel's Office on January 16, 2024.  The fact that such conferral happened on the same day as the filing of the Temporary Motion to Seal, ECF No. 261, and the Motions to Compel, ECF No. 262, does not justify the Press Coalition's conduct.

Finally, counsel for the Press Coalition claimed that the timing of the communications was reasonable and in conformity with the Local Rules because the matter was briefed and pending. This is simply wrong.  The Special Counsel's Office filed its opposition to our Temporary Motion to Seal on Thursday, January 18, 2024, ECF No. 267, thereby making our reply brief due January 25, 2024.  Given this, it is clear that counsel for the Press Coalition's claims of urgency are manufactured.

The Court has already denied without prejudice a motion filed without meaningful conferral, and for good reason.  *See* ECF No. 82 (denying Government's motion for a protective order without prejudice for lack of meaningful conferral); *see also* 7/18/2023 Tr. 13 ("[Y]ou tried to confer on a Friday before filing on a Monday something that is presumably quite important. That seems a bit rushed.").  President Trump's consideration of whether he should object, consent, or take no position as to the Press Coalition's motion—or any other application—should not be rushed, particularly as he is both actively campaigning for the Republican presidential nomination and participating in a civil jury trial in the Southern District of New York.  Meaningful time to discuss potential motions by adversaries and/or would-be intervenors with President Trump, as well as counsel for co-defendants, is necessary.

Had counsel for the Press Coalition meaningfully conferred and given the defendants the opportunity to inform them of our position, defense counsel would have reminded the counsel for the Press Coalition that President Trump, Mr. Nauta and Mr. De Oliviera previously moved for "approval to file the motions to compel in [substantially] unredacted form."  ECF No. 261. However, it is also our view that, although the Press Coalition has requested similar relief, they are seeking to shift the burden of justifying sealing from the Special Counsel's Office to the Court. "To rebut the presumption in favor of public access, *the requesting party must establish* that sealing the records 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. Sajous*, 479 F. App'x 943, 944 (11th Cir. 2018) (emphasis added) (citing *Press-Enter. Co. v. Superior Ct. of Cal. For Riverside Cty.*, 478 U.S. 1, 9 (1986)).  Accordingly, and as set forth in the defendants' January 22, 2024 reply, it is the Special Counsel's Office that must provide a sufficient basis for every redaction it demands and this Court should not be required to "conduct an independent review" and alleviate the Office of its burden of so doing.

For these reasons, President Trump respectfully requests that the Court deny the Press Coalition's Motion to Intervene and Unseal Defendants' Motions to Compel Discovery.  In the alternative, we respectfully ask the Court to accept this filing as a statement of our position on the Press Coalition's motion.

Dated: January 23, 2024

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

**CERTIFICATE OF SERVICE**

I, Christopher M. Kise, certify that on January 23, 2024, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF.

/s/ Christopher M. Kise
Christopher M. Kise