UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

       Defendants.

Case No. 23-80101-CR
CANNON/REINHART

## DEFENDANTS' MOTION FOR ADJOURNMENT OF CERTAIN PRETRIAL MOTION DEADLINES

President Donald J. Trump respectfully submits this motion on behalf of all defendants, pursuant to footnote 4 of the Court's November 10, 2023 scheduling order, ECF No. 215, seeking adequate time to file certain motions. For the reasons set forth below, the defendants respectfully request permission to file suppression motions and motions relating to evidence sought in the pending motions to compel within one month of the Court's resolution of the pending motions. The Special Counsel's Office opposes this motion and requests an opportunity to respond.

Pursuant to the Court's scheduling order, the deadline for "Pretrial Motions" is February 22, 2024. In connection with that deadline, the Court's scheduling order states, "[t]o the extent there is overlap between anticipated pretrial motions and motions *in limine* (not covered in this initial set of deadlines), the filing party should so advise the Court prior to the pre-trial motion deadline." ECF No. 215 at 9 n.4. Defendants currently plan to file on February 22, at minimum, a series of motions to dismiss the Superseding Indictment and certain of the charges therein. Specifically, although the defense is still evaluating potential motions, we expect to file motions on February 22 relating to, *inter alia*, presidential immunity, the Presidential Records Act,

President Trump's security clearances, the vagueness doctrine, impermissible preindictment delay, and selective and vindictive prosecution.[1] As suggested in the defendants' motions to compel, the defense is considering additional motions with respect to which we are entitled to further discovery, including motions to suppress evidence and/or dismiss the Superseding Indictment based on prosecutorial misconduct, due process violations, unlawful disregard of President Trump's attorney-client privilege, the Mar-a-Lago raid, and the searches of defendants' electronic devices. For example, evidence sought in the motions to compel may support additional motions to suppress and is relevant to the application of the suppression remedy and the good-faith doctrine in connection with any suppression motions. *See, e.g.*, *United States v. Accardo*, 749 F.2d 1477, 1481 (11th Cir. 1985) (reasoning that "[b]oth parties should be given an opportunity to present evidence touching upon the conduct of the officers" under *United States v. Leon*, 468 U.S. 897 (1984) and its progeny).

The defense should be permitted to make decisions regarding these motions, and potentially others, based on a complete record. In addition to the pending motions to compel, on January 26, 2024, the Special Counsel's Office produced approximately 2,100 pages of previously sealed and/or *ex parte* litigation filings and other discovery relating to President Trump's anticipated privilege-related motion. Despite the fact that these materials are plainly subject to Rule 16(a)(1)(E), and although the Office has produced numerous other filings in discovery (including defense filings in this case), the Office failed to produce these materials until President Trump specifically requested them.

---

[1] Although the motions to compel seek evidence that is relevant to selective and vindictive prosecution, the defendants will demonstrate on February 22, 2024 that there is an adequate basis in the record to require not only full discovery but also an evidentiary hearing on these issues. Pursuant to Local Rule 7.1(c), the defendants plan to file on February 9, 2024 a single consolidated reply brief, with a classified supplement, in further support of the motions to compel.

-3-

The defendants' review of the recently produced discovery and the resolution of the pending motions to compel—as well as the pending CIPA § 4 motion—will impact our analysis of whether and how to pursue some defense motions. Accordingly, the defendants respectfully request that the Court modify the scheduling order to permit the filing of suppression motions and motions relating to evidence sought in the pending motions to compel within one month of the Court's resolution of the pending motions.

Dated: February 6, 2024

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

-4-

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on February 6, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise
