UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101(s)-CR-CANNON

**UNITED STATES OF AMERICA**,

 Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

 Defendants.
_____/

## GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION FOR ADDITIONAL TIME TO FILE CERTAIN MOTIONS

The defendants move this Court (ECF No. 285) to indefinitely postpone their deadline for unspecified legal motions—their fourth attempt to adjourn different pretrial trial deadlines or the trial itself. *See* ECF Nos. 66, 160, 167, 183. Their objective is plain—to delay trial as long as possible. And the tactics they deploy are relentless and misleading—they will stop at nothing to stall the adjudication of the charges against them by a fair and impartial jury of citizens. The Court should promptly reject the defendants' motion.

\*\*\*

As part of their unceasing effort to delay this case, the defendants return to the Court yet again seeking a continuance, this time asking the Court to extend for an indeterminate amount of time the deadline for filing legal motions that they have had months to prepare. Indeed, under the Court's earlier scheduling order, *see* ECF No. 83 at 6, the defendants' pretrial motions were due to be filed on November 3, 2023, and that deadline was not vacated until the morning of November

3, s*ee* ECF No. 205.  Unless the defendants are now telling the Court that they were simply ignoring the Court's November 3 deadline and were wholly unprepared to meet it, they must have been largely prepared by November 3 to file their pretrial motions.  Yet now, more than three months later—and after filing multiple briefs seeking to change other filing deadlines and adjourn the trial date entirely—they come to the Court seeking additional time to file pretrial motions.  This sequence of events fully exposes the defendants' motive here:  to achieve delay.

Their motive is additionally revealed by the nature of one of the motions that the defendants now suggest that they intend to file:  a motion to dismiss based upon purported presidential immunity.  Despite the fact that the criminal conduct charged in the Superseding Indictment took place entirely after defendant Trump left office, *see* ECF No. 85 at ¶¶ 93-120, he now signals (ECF No. 285 at 1) that he will ask the Court to dismiss the charges based upon presidential immunity.  The only purpose for such a frivolous motion in this case would be to artificially create a new avenue for potential delay, this time by attempting to manufacture an opportunity for a frivolous interlocutory appeal.  It is another transparent effort to stall the trial.

The rationale the defendants offer in support of their request for additional time—that the Court must first resolve their motion to compel before they can file their substantive motions—revives a tactic the Court rejected with respect to CIPA § 4 litigation.  *See* ECF No. 215 at 6.  That rationale fares no better now, and the Court should deny the defendants' latest motion for additional time.

## BACKGROUND

After careful consideration and extensive written submissions from the parties, this Court has twice set detailed pretrial scheduling orders.  *See* ECF Nos. 83, 215.  Each of those orders contained dates for defense motions to compel discovery followed by subsequent dates for pretrial

2

motions. *See* ECF No. 83 at 5-7; ECF No. 215 at 8-9. When presenting their positions on scheduling, the defendants had asserted that they could not "articulate defense theories in a manner that will facilitate the Court's consideration of a CIPA § 4 motion prior to obtaining and reviewing" discovery and therefore "[m]otions to compel should be resolved beforehand." ECF No. 160 at 12. The Court expressly rejected this in its most recent scheduling order. *See* ECF No. 215 at 6, 8-9. And when the Court, in that order, set respective deadlines of January 16, 2024, and February 22, 2024, for defense motions to compel and pretrial motions, the defendants did not claim that this order of operations would prevent them from filing their pretrial motions on the assigned date. Nor did the defendants raise that complaint when the Court set the same order of operations in its earlier scheduling order. *See* ECF No. 83 at 5-7.

The sequence of deadlines in the Court's scheduling orders has therefore been clear for months and yet the defendants made no request to upend it until now, three weeks after filing their motions to compel and as the deadline for filing their pretrial motions approaches, in the hopes of creating more delay. Indeed, their motion not only seeks more time but also asks the Court for an open-ended extension. They ask that certain unspecified pretrial motions be due "within one month of the Court's resolution" of their motions to compel. ECF No. 285 at 3. According to the defendants, they are "considering additional motions with respect to which we are entitled to further discovery," and they "should be permitted to make decisions regarding these motions, and potentially others, based on a complete record." *Id.* at 2.[1] They also contend (*id.*) that the Government's recent production of documents further warrants an extension.

---

[1] The defendants list the following as potential motions for which they claim they are entitled to discovery and therefore want more time: "motions to suppress evidence and/or dismiss the Superseding Indictment based on prosecutorial misconduct, due process violations, unlawful disregard of President Trump's attorney-client privilege, the Mar-a-Lago raid, and the searches of

3

As a pretext for their motion, the defendants invoke (ECF No. 285 at 1) a footnote in the Court's most recent scheduling order.[2] But the Court's footnote clearly and explicitly addressed potential motions in limine, not the type of Rule 12 motions for which the defendants now seek a continuance. To be plain, the Court's footnote has *nothing* to do with what the defendants are requesting here, and their contrived citation to it is further evidence of their true and persistent purpose: to obtain delay. The Court should reject the defendants' suggestion that its footnote somehow invited such a motion. It did no such thing.

## ARGUMENT

The present motion is the latest in a line of defense requests for extensions and continuances, all aimed at delaying the trial in this case, a transparent goal of the defendants from the start. Their request for an indefinite extension for pretrial motions is entirely unwarranted and should be rejected. The defendants have had months to prepare pretrial motions and were presumably all but ready to file pretrial motions on November 3. The Court received extensive input from the parties on scheduling and set dates for, among other things, defense motions to compel and pretrial motions. Nothing has changed since the Court entered its scheduling order on November 10, and the defendants provide nothing in their present motion that provides a reason to revisit the Court's schedule. The defendants seek nothing but to delay the case, and neither basis the defendants provide (ECF No. 285 at 1-3) for their extension request—*i.e.*, that (1) they

---

defendants' electronic devices." ECF No. 285 at 2. According to the defendants, they will file on the current deadline motions "relating to, *inter alia*, presidential immunity, the Presidential Records Act, President Trump's security clearances, the vagueness doctrine, impermissible preindictment delay, and selective and vindictive prosecution." *Id.* at 1-2.

[2] The footnote in the Court's order states that "[t]o the extent there is overlap between anticipated pretrial motions and motions in limine (not covered in this initial set of deadlines), the filing party should so advise the Court prior to the pretrial motion deadline." ECF No. 215 at 9 n.4.

are entitled to and need further discovery in support of their pretrial motions, and (2) they need time to digest documents the Government recently produced—withstands scrutiny.

1. First, as the Government has explained in detail in its opposition to the defendant's motion to compel, ECF No. 277 at 19-23, 31-33, the defendants are not entitled to discovery under Federal Rule of Criminal Procedure 16, *Brady*, or Jencks to support their pretrial motions. As the defendants themselves have previously recognized (ECF No. 160 at 4), Rule 16(a)(1)(E)(i) "covers evidence that 'refute[s] the Government's arguments that the defendant committed the crime charged.'" *United States v. Khan*, No. 22-CR-20488, 2023 WL 4349248, at *1 (S.D. Fla. July 4, 2023) (quoting *United States v. Armstrong*, 517 U.S. 456, 462 (1996)). Rule 16 entitles a defendant to discovery that will permit him or her to challenge the government's proof at trial. *See United States v. Thomas,* 548 F. Supp.3d 1212, 1219 (M.D. Fla. 2021) ("In the context of Rule 16, 'the defense' means 'the defendant's response to the Government's case in chief,' or in other words, 'a defense on the merits to the criminal charge itself.'") (quoting *Armstrong*, 517 U.S. at 462). The rules do not provide a vehicle for discovery to support pretrial motions of the sort identified by the defendants. *See United States v. Williams*, No. 22-CR-8, 2023 WL 2061164, at *3 (M.D. Ga. Feb. 16, 2023) ("Defendant has the burden of establishing that any such evidence is material to the preparation of [his] defense within the meaning of Rule 16. To the extent the discovery sought arguably is relevant to the issue of standing and Defendant's Motion to Suppress, it is not material to the preparation of his defense under Rule 16.") (internal citation and quotation marks omitted).[3]

---

[3] As the Government noted in its opposition to the defendants' motion to compel, ECF No. 277 at 23 n.9, the Ninth Circuit "do[es] not read *Armstrong* to preclude Rule 16(a)(1)(E) discovery related to the constitutionality of a search or seizure." *United States v. Soto-Zuniga*, 837 F.3d 992, 1000-01 (9th Cir. 2016). But no other circuit has adopted that reading of *Armstrong*, and it would not, in any event, justify defendants' request for an adjournment of their long-established deadline.

5

The defendants' pending motion to compel therefore does not and cannot provide any justification to delay the filing of their pretrial motions.

The defendants' reliance on *United States v. Accardo*, 749 F.2d 1477, 1481 (11th Cir. 1985), is entirely misplaced. In that case, the district court held a suppression hearing and granted suppression before the Supreme Court had decided *United States v. Leon*, 468 U.S. 897 (1984), and *Massachusetts v. Sheppard*, 468 U.S. 981 (1984), which established the good-faith exception to the exclusionary rule. The court of appeals remanded for the district court to reconsider its suppression ruling in light of *Leon* and *Sheppard* and to reopen the hearing to permit the parties to present evidence that might bear on application of the good-faith exception. *Accardo*, 749 F.2d at 1481. Nothing like that happened here, and *Accardo* provides no support for what the defendants seek here. Unlike *Accardo*, there has been no intervening change in the law in this case resulting in a remand, and the court in *Accardo* did not mention Rule 16, let alone hold that Rule 16 entitled the defendants in that case to discovery prior to filing a motion to suppress. The defendants' citation to this inapposite case further betrays that their purpose is simply to obtain delay.

2. Second, the defendants' suggestion (ECF No. 285 at 2-3) that the Government's recent production of additional items provides a justification for their request for additional time is incomplete and misleading. That recent production of a limited amount of material at their request provides no basis for an extension of the long-settled pretrial motion deadline. Specifically, the defendants suggest that they need additional time because the Government provided 2,100 pages of discovery on January 26, 2024, but they fail to advise the Court of two critical facts: (1) that defendant Trump participated in the pre-indictment litigation in which those materials were generated and filed; and (2) the defendants have already had the vast majority of the materials for many months, through Trump's direct participation in the pre-indictment

6

litigation, through discovery in this case, or both. Their suggestion that they now have 2,100 pages of new material to consider in evaluating their potential motions is flatly inaccurate and constitutes yet another effort to manufacture an excuse for delay.

There is much that the defendants did not tell the Court in trotting out their complaint about the 2,100 pages. That is because the full story undermines their request. The Government's recent production of materials was in response to a specific request by Trump. The material pertains to a motion that the Government filed in the District of Columbia well before the original indictment was returned. Although he does not inform the Court of this fact, defendant Trump participated in those proceedings and had access to the same filings as the Government, with the exception of certain *ex parte* materials. The Government's *ex parte* filings in that matter—which Trump has long known about and which the Government promptly unsealed and produced at his request— total approximately 1,025 pages; but 941 of those pages consist of attachments to *ex parte* pleadings (including, for example, grand jury transcripts, interview reports, and search warrant materials) that the Government *provided to all of the defendants months ago in discovery*. The defendants mention none of that to the Court in their motion for an adjournment.

In short, the defendants already possessed for months the large majority of the approximately 2,100 pages of materials the Government recently produced at Trump's request. And the only reason that the number of documents produced reached 2,100 pages is that the Government produced copies of *all* of the documents from that proceeding, including additional copies of materials that Trump already had. The Government did so as a courtesy, because Trump's current counsel indicated that his former counsel may not have provided all documents to Trump's current counsel. This courtesy on the part of the Government to fill a potential gap in the defendants' record-keeping provides no justification for their request for additional time. In

7

the end, defendants have long known of the pre-indictment litigation and the existence of these materials and only now made a request to the Government, with which the Government quickly complied (after obtaining permission from the Chief Judge in the District of Columbia to disclose the grand jury materials).  In their motion, the defendants shared none of these material details with the Court, apparently because they would undermine the narrative that they have attempted to present to the Court as a basis to request more delay.

## CONCLUSION

Granting any additional time for motions at this stage of the proceedings would serve as an invitation to the defendants to ignore the Court's deadlines in the future.  For the foregoing reasons, the Court should deny the motion to adjourn the deadline for pretrial motions.

                    Respectfully submitted,

                    JACK SMITH
                    Special Counsel

By:    */s/ Jay I. Bratt*
        Jay I. Bratt
        Counselor to the Special Counsel
        Special Bar ID #A5502946
        950 Pennsylvania Avenue, N.W.
        Washington, D.C.  20530

        Julie A. Edelstein
        Senior Assistant Special Counsel
        Special Bar ID #A5502949

        David V. Harbach, II
        Assistant Special Counsel
        Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

                                      */s/ Jay I. Bratt*_____
                                      Jay I. Bratt