UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

Case No. 23-80101-CR
CANNON/REINHART

## DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE SUR-REPLY

President Donald J. Trump respectfully submits this response, on behalf of all of the Defendants,[1] to the February 12, 2024 motion by the Special Counsel's Office for leave to file a sur-reply relating to the pending motions to compel discovery. ECF No. 305.

The Defendants' reply submission was not "procedurally improper." ECF No. 305 at 1. Although the Special Counsel's Office would prefer that the Court "disregard" the Defendants' arguments concerning the Office's ongoing discovery violations so that the Office can rush ahead with this unlawful prosecution, there is no valid basis for doing so. *Id.* In the unclassified reply brief, President Trump responded to the Office's contention that discovery relating to issues such as political motivation and bias is impermissible under *United States v. Armstrong*, 517 U.S. 456, 468 (1996) because, the Office claimed, the sought-after discovery was also relevant to selective and vindictive prosecution. *Compare* ECF No. 277 at 21-23, *with* ECF No. 300 at 4 n.6. No principle of law or efficiency considerations required President Trump to concede that point in connection with motions that are critical to vindicating the Defendants' constitutional rights by gaining access to all of the discovery to which we are entitled. *See, e.g.*, *SEC v. MCC Int'l Corp.*,

---

[1] Specifically, Defendants Waltine Nauta and Carlos De Oliveira join in this submission.

2023 WL 7411553, at *2 (S.D. Fla. Oct. 2, 2023) (denying motion to strike where "the Court considered this information only to the extent that it responded to arguments raised by Defendant . . . in his Response to the SEC's Motion"). There is also significant irony in the Office's complaints concerning the timing of President Trump's arguments and evidentiary submissions. Just days before the Office's Super Bowl Sunday missive, the Office filed a motion for reconsideration based exclusively on arguments and evidence that were plainly available at the time of the original submissions relating to sealing. *See* ECF No. 294. The Defendants will address that filing, as directed, on February 23, 2024.

In any event, if the Court believes that a sur-reply from the Special Counsel's Office—in addition to the Office's anticipated opposition brief in response to the substantive selective and vindicative prosecution motion we are filing in just two days—will facilitate resolution of the motions to compel, the Defendants consent. The Defendants reserve the right to seek permission

to file oversized reply briefs in support of the upcoming pretrial motions to allow a fair response to any contentions raised in such a sur-reply.

Dated: February 20, 2024

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
ToddBlanche@blanchelaw.com
Emil Bove (PHV)
Emil.Bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on February 20, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise
