UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

Case No. 23-80101-CR
CANNON/REINHART

### PRESIDENT TRUMP'S NOTICE OF PRETRIAL MOTIONS AND HEARING REQUESTS

President Donald J. Trump respectfully submits this response to the Court's February 20, 2024 Order in order to (1) provide public notice of pretrial motions that President Trump is submitting to the Court this evening; and (2) set forth President Trump's "position on the need for a hearing on the motion (and if a hearing is requested, providing additional specifics on recommended scope/format/sequencing)." ECF No. 320.

**I.  Public Notice Of President Trump's Pretrial Motions**

In connection with the Court's February 22, 2024 deadline, President Trump is filing the following pretrial motions in the manner indicated:

- Motion to dismiss Counts 1 through 32 based on presidential immunity (via ECF);

- Motion to dismiss the Superseding Indictment based on selective and vindictive prosecution (via email to the Court);

- Motion to dismiss the Superseding Indictment, and in the alternative to suppress the "15 Boxes," based on prosecutorial misconduct resulting in due process violations, impermissible pre-indictment delay, and grand jury abuses (via email to the Court);

- Motion to dismiss Counts 1 through 32 based on the vagueness doctrine and, in addition, to dismiss Count 19 on the basis that President Trump possessed a valid security clearance at the time alleged in the Superseding Indictment (via ECF);

-1-

- Motion to dismiss the Superseding Indictment because the Special Counsel's appointment and operations violate the Appointments Clause and the Appropriations Clause of the Constitution (via ECF);

- Motion to dismiss the Superseding Indictment pursuant to the Presidential Records Act ("PRA") (via ECF); and

- Motion to (a) suppress evidence seized during the raid at Mar-a-Lago and obtained in violation of President Trump's attorney-client privilege, and (b) dismiss the Superseding Indictment based on prejudice from this privilege violation (via email to the Court).

**II.    Requests For Pretrial Disclosures And Evidentiary Hearings**

As discussed in more detail in each motion, President Trump seeks discovery and pretrial hearings on factual disputes concerning the issues set forth below, and prioritizes the disclosures and hearings in the order listed. However, President Trump's top priority for pretrial motion practice is resolution of the Defendants' pending motions for an order regarding the scope of the prosecution team and to compel discovery. Addressing the dispute regarding the scope of the prosecution team is necessary for several reasons, including that the Court's ruling will set the parameters for discovery that is necessary in connection with other hearings as well as long-ago-promised—but as-of-yet unproduced—Jencks Act and *Giglio* disclosures. Moreover, as noted previously, the Court's rulings on the motions to compel will also likely require supplementation of the Defendants' other pretrial motions and further support the hearing requests set forth below.[1]

1.    <u>Presidential immunity</u>: To the extent the Special Counsel's Office disputes that President Trump's decision to classify records as personal under the PRA while he was still in office was an "official act," factfinding in the form of document disclosures and limited witness testimony will be necessary. *See Blassingame v. Trump*, 87 F.4th 1, 29-30 (D.C. Cir. 2023) ("The

---

[1] As indicated in today's public filings, President Trump reserves the right to supplement the motions described herein and file any other motions based on discovery provided as a result of the motions to compel. *See* ECF No. 314.

Supreme Court has recognized that discovery tailored specifically to the question of immunity may be merited when there is a need to develop facts or resolve factual disputes to facilitate deciding a threshold question of immunity.") (cleaned up).

2. <u>Selective and vindictive prosecution</u>: The Defendants' motions to compel have already established a basis for discovery and a hearing on selective and vindictive prosecution, and this evening's motion provides additional details to satisfy the "'some'" evidence standard. *United States v. Williams*, 684 F. App'x 767, 777 (11th Cir. 2017) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). The scope of the disclosures and hearing that are necessary is governed by *Armstrong*. The Office must produce "from its own files documents which might corroborate or refute the defendant's claim." *Armstrong*, 517 U.S. at 468. The term "own files" must be interpreted to include the files of the entire prosecution team, and the required discovery necessarily includes the evidence of bias and political animus sought in Part II.E of the Discussion Section of the opening brief supporting the Defendants' motions to compel. *See* ECF No. 262 at 43-52.

3. <u>Prosecutorial misconduct</u>: In connection with President Trump's motion relating to prosecutorial misconduct, discovery and hearings are necessary on three issues:

　　a.　the extent of investigative coordination and underlying motivations behind collusion between the Biden Administration, NARA, DOJ, the FBI, and the Special Counsel's Office, *e.g.*, *United States v. Kordel*, 397 U.S. 1, 6 (1970) (noting "extensive evidentiary hearing" on suppression motion);

　　b.　"[w]hether the government acted with the intent to gain a tactical advantage" in connection with pre-indictment delay, *United States v. Horton*, 270 F. App'x 783,

785 (11th Cir. 2008) (referencing "hearing on [defendant's] motion to dismiss" based on pre-indictment delay where "magistrate judge heard all of the evidence"); and

   c. grand jury abuses concerning the timing of the conclusion by the Special Counsel's Office that venue did not lie in the District of Columbia, the pretextual grand jury subpoena the Office issued to NARA in 2023, and the purpose of and discussions at the May 4, 2023 meeting between the Special Counsel's Office, NARA, and the FBI, *see, e.g.*, ECF No. 262 at 36-38.

  4. <u>Count 19</u>: As discussed in President Trump's motion to dismiss Count 19, and in the Defendants' motions to compel, discovery and a hearing is necessary to resolve factual disputes regarding the handling of President Trump's "Q" clearance, the Energy Department's post-Indictment decision to try to retroactively terminate President Trump's "Q" clearance, and the Energy Department's treatment of other Presidents' "Q" clearances. *See* ECF No. 262 at 38-42; ECF No. at 24-25.

  5. <u>Motion to suppress and to dismiss</u>: Regarding the motion relating to the unconstitutional Mar-a-Lago raid and violations of President Trump's privilege, discovery and hearings are necessary on three issues:

   a. a *Franks* hearing regarding misleading omissions in the warrant application and the level of culpable intent driving those omissions, *see United States v. Harris*, 464 F.3d 733, 739 (7th Cir. 2006) ("The opportunity to cross-examine an officer who has intentionally or recklessly made false statements to procure a search warrant is an important aspect of a Franks hearing.");

   b. a suppression hearing concerning the execution of the raid, the appropriateness and scope of the suppression remedy, and the lack of good faith by the participants

in the search (all of which also require disclosure of the evidence of bias and political animus sought in Part II.E of the Discussion Section of the opening brief supporting the Defendants' motions to compel, *see* ECF No. 262 at 43-52), *see, e.g.*, *United States v. Accardo*, 749 F.2d 1477, 1481 (11th Cir. 1985) (reasoning that "[b]oth parties should be given an opportunity to present evidence touching upon the conduct of the officers," and remanding for "a hearing on the good faith issue"); *United States v. Herring*, 492 F.3d 1212, 1217 (11th Cir. 2007) (reasoning that a precondition to the application of the exclusionary rule under *Leon* is "misconduct by the police or by *adjuncts to the law enforcement team*" (emphasis added)); and

        c.     a hearing concerning the ways in which the Special Counsels' Office used privileged evidence during the investigation, and the resulting prejudice, which is relevant to President Trump's motion to dismiss on this basis, *see United States v. DeLuca*, 663 F. App'x 875, 878 (11th Cir. 2016) (describing multi-day hearing relating to extent of privilege violation and assessment of resulting prejudice).

Dated: February 22, 2024                      Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
ToddBlanche@blanchelaw.com
Emil Bove (PHV)
Emil.Bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

-6-

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on February 22, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise