UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

Case No. 23-80101-CR
CANNON/REINHART

## DEFENDANTS' PROPOSED SCHEDULE

President Donald J. Trump, on behalf of all of the Defendants, respectfully submits (1) the Proposed Schedule set forth below in Part II in response to the Court's February 27, 2024 Order; and (2) the Introduction set forth in Part I, which addresses "pertinent topics relating to scheduling," ECF No. 338 ¶ 1.

**I.   Introduction**

As the leading candidate in the 2024 election, President Trump strongly asserts that a fair trial cannot be conducted this year in a manner consistent with the Constitution, which affords President Trump a Sixth Amendment right to be present and to participate in these proceedings[1] as well as, *inter alia*, a First Amendment right that he shares with the American people to engage in campaign speech.[2]

---

[1] *See, e.g.*, *Illinois v. Allen*, 397 U.S. 337, 338 (1970) ("One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial."); *United States v. Nunez*, 1 F.4th 976, 991 (11th Cir. 2021) ("The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.")

[2] *Snyder v. Phelps*, 562 U.S. 443, 452 (2011) ("[S]peech concerning public affairs is more than self-expression; it is the essence of self-government." (cleaned up)); *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995) ("When the government targets not subject

Given President Trump's status as the presumptive Republican nominee and President Biden's chief political rival, a trial this year would also violate Justice Manual § 9-85.500, which applies to the Special Counsel's Office, and prohibits "Actions that May Have an Impact on an Election," as well as established DOJ norms that former officials described—when talking about Hillary Clinton rather than President Trump—as consisting of "a general principle of avoiding interference in elections."[3] In fact, in November 2020, when Deputy Special Counsel J.P. Cooney and his colleagues were seeking to forestall valid investigations of election fraud that supported President Trump's position regarding the 2020 election, he sent a letter to then-Attorney General William Barr invoking DOJ's "longstanding policy of non-interference in elections," which he wrote had been in place for "decades" and "protected the institution from the appearance of political partisanship."[4] The Special Counsel, Deputy Special Counsel Cooney, and their staff now act contrary to these authorities, with the, politically based and calculated, support of the Biden Administration and Attorney General Garland, by seeking to rush this case to trial on a schedule

---

matter, but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant."); *Meyer v. Grant*, 486 U.S. 414, 425 (1988) (reasoning that speech "at the core of our electoral process" is "an area . . . where protection of robust discussion is at its zenith" (cleaned up)); *see also Packingham v. North Carolina*, 582 U.S. 98, 104 (2017) (recognizing the right to "speak and listen, and then . . . speak and listen once more," as a "fundamental principle of the First Amendment"); *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 756 (1976) ("Freedom of speech presupposes a willing speaker. But where a speaker exists, . . . the protection afforded is to the communication, to its source and to its recipients both.").

[3] Office of the Inspector General, U.S. Department of Justice, A Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election at 18 (June 2018), *available at* https://www.justice.gov/file/1071991/download.

[4] Letter from DOJ Attorneys J.P. Cooney, Liz Aloi, & Molly Gaston to Attorney General William P. Barr (Nov. 12, 2020), *available at* https://www.justice.gov/oip/foia-library/foia-processed/general_topics/2020_presidential_election_06_03_22_part_2/download. Cooney entered a notice of appearance in this case on January 30, 2024. ECF No. 274.

without precedent in any other prosecution that involved the nature and extent of the Espionage Act charges, CIPA litigation, and classified discovery in this case.

Nevertheless, of course, President Trump respects that the Court issued an Order directing the parties to submit scheduling proposals. Moreover, through recently filed motions to compel disclosures and to dismiss the Indictment, President Trump seeks to timely vindicate important rights through these proceedings, including his motions to dismiss pursuant to the Presidential Records Act, presidential immunity, and based on selective and vindictive prosecution—for which significant disclosures and fact-finding will be necessary. In addition, yesterday's Order by the Supreme Court agreeing to review the D.C. Circuit's erroneous decision in *United States v. Trump*, 91 F.4th 1173 (D.C. Cir. 2024), was an important step toward the protection of the U.S. Constitution and fair system of justice that President Trump seeks in this District and elsewhere. *See Trump v. United States*, Dkt. Nos. 23-939, 23A745, 2024 WL 833184 (Feb. 28, 2024). The Justices' anticipated ruling will provide guidance as Your Honor evaluates President Trump's motion to dismiss the case based on presidential immunity. President Trump respectfully submits that all of these considerations are relevant as the Court considers proposed schedules for the remainder of this unlawful case.

II. **Proposed Schedule**

As directed, except as shaded in blue for Defendant Waltine Nauta, the proposed dates are joint on behalf of all of the Defendants. Rows shaded gray indicate currently known dates of unavailability for the Defendants or counsel. The Defendants reserve the right to seek adjournments of any schedule based on, for example, continued non-compliance with discovery obligations by the Special Counsel's Office, the Office's failure to abide by representations made by them to the Court during the summer of 2023 regarding the timing and scope of discovery, non-

compliance (or untimely compliance) with any of the Court's orders by the Intelligence Community or other agencies (such as NARA), and prejudicial pretrial publicity as the scheduled trial date approaches.

Consistent with the Introduction and reiterating the position that a fair trial cannot be held until after the 2024 Presidential election is concluded, the Defendants' proposed schedule does not include a date for a hearing on President Trump's motions to dismiss based on presidential immunity, the Appointments Clause, and the Appropriations Clause. The Defendants respectfully request that the Court schedule that hearing at a convenient time of mutual availability following the Supreme Court's ruling in *Trump v. United States*.

| Event | Proposed Date |
|---|---|
| Primaries / Caucuses: Idaho, Michigan, Missouri | March 2, 2024 |
| Primaries / Caucuses: District of Columbia | March 3, 2023 |
| Primaries / Caucuses: North Dakota | March 4, 2024 |
| Primaries / Caucuses: Alabama, Alaska, Arkansas, California, Colorado, Maine, Massachusetts, Minnesota, North Carolina, Oklahoma, Tennessee, Texas, Utah, Vermont, Virginia, American Samoa | March 5, 2024 |
| Primaries / Caucuses: Georgia, Hawaii, Mississippi, Washington | March 12, 2024 |
| Defense reply in support of motion to dismiss based on selective and vindictive prosecution | March 12, 2024 |
| Hearing (evidentiary as necessary) on defense motions relating to Presidential Records Act and vagueness challenge to 18 U.S.C. § 793(e) | March 12, 2024 |
| Hearing on defense motions to compel (evidentiary as necessary) and for disclosures relating to selective and vindictive prosecution (non-evidentiary) | March 13, 2024 |
| Hearing on defense motions to compel (evidentiary as necessary) and for disclosures relating to selective and vindictive prosecution (non-evidentiary) (2nd day if necessary) | March 14, 2024 |
| Primaries / Caucuses: Northern Mariana Islands, Guam | March 15, 2024 |
| Primaries / Caucuses: Arizona, Florida, Illinois, Kansas, Ohio | March 19, 2024 |

| Event | Proposed Date |
|---|---|
| Hearing on defense motions to compel (evidentiary as necessary) and for disclosures relating to selective and vindictive prosecution (non-evidentiary) | March 20, 2024 |
| Hearing on defense motions to compel (evidentiary as necessary) and for disclosures relating to selective and vindictive prosecution (non-evidentiary) (2nd day if necessary) | March 21, 2024 |
| Primaries / Caucuses: Louisiana | March 23, 2024 |
| Scheduled estimates for jury selection and trial in *People v. Trump* (New York Supreme Court) | March 25, 2024 - May 10, 2024 |
| Primaries / Caucuses: Connecticut, Delaware, New York, Rhode Island, Wisconsin | April 2, 2024 |
| Primaries / Caucuses: Puerto Rico | April 21, 2024 |
| Argument in *Trump v. United States*, Dkt. Nos. 23-939, 23A745 | Week of April 22, 2024 |
| Primaries / Caucuses: Pennsylvania | April 23, 2024 |
| Primaries / Caucuses: Indianna | May 7, 2024 |
| Primaries / Caucuses: Maryland, Nebraska, West Virginia | May 14, 2024 |
| Deadline for any required government disclosures in response to motions to compel (including privilege logs) and regarding selective and vindictive prosecution | May 20, 2024 |
| Primaries / Caucuses: Kentucky, Oregon | May 21, 2024 |
| Defense motions concerning sufficiency of any disclosures in response to motions to compel (including any privilege logs) | May 27, 2024 |
| Deadline for (1) government's Jencks Act and *Giglio* disclosures (classified and unclassified), and (2) any required government disclosures regarding selective and vindictive prosecution | May 27, 2024 |
| Government response to defense motions regarding sufficiency of any disclosure in response to motions to compel (including any privilege logs) | June 3, 2024 |
| Primaries / Caucuses: Montana, New Jersey, New Mexico, South Dakota | June 4, 2024 |
| Defense CIPA § 5 notice | June 17, 2024 |
| Government response to CIPA § 5 notice | June 24, 2024 |
| Government motions pursuant to CIPA § 6(a), to admit evidence pursuant to "Silent Witness Rule," and for any related protective | July 1, 2024 |

| Event | Proposed Date |
|---|---|
| measures concerning evidence handling, witness identities, and juror anonymity at trial | |
| Hearing (evidentiary) on defense motions relating to prosecutorial misconduct and Count 19 | July 1, 2024 |
| Government disclosures pursuant to CIPA § 6(b) | July 1, 2024 |
| Deadline for filing of any motions in limine, proposed jury instructions, and supplemental requests concerning jury questionnaires and *voir dire* | July 1, 2024 |
| Deadline for filing of any motion to introduce evidence under Fed. R. Evid. 404(b) | July 1, 2024 |
| Deadline for government disclosures regarding witness list, exhibit list | July 1, 2024 |
| Hearing (non-evidentiary) on selective and vindictive prosecution as well as remaining motions to dismiss and any discovery deficiencies | July 2 2024 |
| Hearing (non-evidentiary) on selective and vindictive prosecution as well as remaining motions to dismiss and any discovery deficiencies (2nd day if necessary) | July 3, 2024 |
| Government's Rule 16 supplemental expert disclosures | July 8, 2024 |
| Hearing (evidentiary) on defense motions to dismiss, to suppress, and for a *Franks* hearing relating to Mar-a-Lago search, crime-fraud exception, and other search warrants | July 8, 2024 |
| Hearing (evidentiary as necessary) on sufficiency of CIPA § 5 notice [secure space] | July 9, 2024 |
| Defense reciprocal discovery and expert disclosures under Fed. R. Crim. P. 16(b)(1)(A), 16(b)(1)(C) | July 15, 2024 |
| Defense responses to motions pursuant to CIPA § 6(a), motions in limine, and motions concerning Rule 404(b) evidence | July 15, 2024 |
| Republican National Convention | July 15-18, 2024 |
| Counsel for Defendant Nauta scheduled for a three-week trial in the United States District Court for the District of Columbia | July 15, 2024 - August 2, 2024 |
| Joint Discovery Status Report | July 17, 2024 |
| Government replies regarding motions pursuant to CIPA § 6(a), motions in limine, and motions concerning Rule 404(b) evidence | July 17, 2024 |
| Hearing (non-evidentiary) on motions *in limine* and motions concerning Rule 404(b) evidence<br><br>  *Contingent on Counsel for Nauta continuing a scheduled trial | July 22, 2024 |

| Event | Proposed Date |
|---|---|
| Court administration of jury questionnaires | July 22, 2024 |
| Government reply regarding motions pursuant to CIPA § 6(a) and for related relief | July 22, 2024 |
| CIPA § 6(a) hearing [secure space]<br>　*Contingent on Counsel for Nauta continuing a scheduled trial | July 23, 2024 |
| CIPA § 6(a) hearing [secure space] (2nd day if necessary)<br>　*Contingent on Counsel for Nauta continuing a scheduled trial | July 24, 2024 |
| CIPA § 6(a) hearing [secure space] (3rd day if necessary)<br>　*Contingent on Counsel for Nauta continuing a scheduled trial | July 25, 2024 |
| CIPA § 6(a) hearing [secure space] (4th day if necessary)<br>　*Contingent on Counsel for Nauta continuing a scheduled trial | July 26, 2024 |
| Brand Woodward Law, LP unavailable (Personal) | July 30-31, 2024 |
| Government's CIPA § 6(c) motion (if necessary) | July 31, 2024 |
| Defense response to government CIPA § 6(c) motion (if necessary) | August 2, 2024 |
| Joint submission regarding for-cause challenges based on jury questionnaires | August 2, 2024 |
| Counsel for Defendant Nauta Unavailable for Personal Reasons | August 5, 2024 - August 23, 2024 |
| Hearing on remaining CIPA issues/calendar call | August 5, 2024 |
| Government's reply regarding CIPA § 6(c) motion (if necessary) | August 7, 2024 |
| Commence in-court *voir dire* and trial (Trump and De Oliveira) | August 12, 2024 |
| Hearing on remaining CIPA issues/calendar call | August 26, 2024 |
| Commence in-court *voir dire* and trial (Nauta) | September 9, 2024 |

Dated: February 29, 2024

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

**CERTIFICATE OF SERVICE**

I, Christopher M. Kise, certify that on February 29, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise