UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101(s)-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP**,
**WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

    Defendants.
_____/

**GOVERNMENT'S SECOND MOTION FOR CERTAIN REDACTIONS AND SEALING**

In accordance with the Court's paperless Orders at ECF Nos. 320 and 365, the Government files this consolidated Motion to respectfully request the redaction and/or sealing of certain information contained in three of the Government's thirteen Oppositions to defendants' Rule 12 motions, with accompanying exhibits.[1] The Government is filing this Motion publicly but is emailing to chambers and defense counsel "red box" versions of the three responses and

---

[1] The three Oppositions the Government is submitting to the Court and defendants via email are the following: Government's Opposition to Defendant Donald J. Trump's Motion to Dismiss the Indictment Based on Prosecutorial Misconduct and Due Process Violations; Government's Opposition to Defendant Donald J. Trump's Motion for Dismissal or Suppression of Evidence Obtained from Mar-a-Lago or His Attorneys; and Government's Opposition to Waltine Nauta's Motion to Dismiss the Indictment Based on Selective and Vindictive Prosecution. The Government is filing its Opposition to Waltine Nauta's Motion to Suppress Evidence because it does not require any redactions. *See* ECF No. 320 ("Pre-trial motions that do not implicate potential sealing/redaction concerns shall be filed publicly . . . "). However, as described below and in the summary chart, the Government is seeking to file redacted versions of the exhibits to that filing. Government counsel met and conferred with defense counsel concerning this Motion. Defense counsel stated that, except for PII, they do not believe the Government meets the standard to restrict public access to the oppositions and exhibits.

accompanying exhibits showing its proposed redactions. It also is attaching as an exhibit to this filing a chart identifying the pages of the Government responses requiring limited redactions, the exhibits requiring redactions or sealing, and the reasons supporting the Government's requests.

The Government continues to assert that the Eleventh Circuit established the standard for sealing or redacting discovery material appended to substantive motions in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001) – *i.e.,* the good cause standard. Moreover, the Government has met that standard both through the Court's entry of the Protective Order (ECF No. 27) and through the justifications it has proffered for protecting the information the Government seeks to withhold from the public docket: witness security, grand jury materials subject to Rule 6(e), protecting against the pre-trial dissemination of *Jencks* Act materials and other memorializations of potential trial testimony, and privacy interests of ancillary third parties.

Indeed, given that (1) the Government's redactions to its three Oppositions are truly minimal, representing portions of only 13 pages out of 268 pages of briefing, and (2) the articulation of threats that witnesses have already faced in this case and the potential for threats if names and identifying information are disclosed, *see* ECF No. 294 at 13-16, the Government has demonstrated that the limited sealing or redaction proposed here meets not only the good cause standard, but also the higher standard of being "necessitated by a compelling governmental interest and [ ] narrowly tailored to serve that interest." ECF No. 283 at 4.

The categories of redactions and requests for sealing are set forth below.

**Search Warrants**

After the March 1, 2024 hearing, the Government reviewed its redactions to the Mar-a-Lago search warrant affidavit and the eight warrants related to defendant Nauta.[2] In light of observations the Court made during the hearing and what will inevitably come out during litigation of the suppression motions, the Government revisited the redactions it had previously sought in the matters before Judge Reinhart. The Government has now substantially unredacted the affidavits, with the primary goal of the remaining redactions to be to obscure the number of witnesses in support of each warrant and which witness was responsible for which pieces of information. Thus, the references to witnesses, even in anonymized form, are redacted in their entirety, except when Nauta appears as a witness. If the Court accepts the Government's new proposals, these versions – which are attached as Exhibits to the Government's Oppositions to Trump's (Mar-a-Lago affidavit only) and Nauta's motions to suppress and have been submitted to chambers – can also substitute for the defense exhibits that represent the same affidavits. In addition, the Government would move before Judge Reinhart to have these versions placed on the dockets of the matters Judge Reinhart has handled.

**Sealed Matter in the District of Columbia**

Exhibits 15-19 to Trump's motion to suppress and Exhibits 2 and 3 to the Government's Opposition come from a matter that is sealed in the District of Columbia. At the March 1 hearing, the Government indicated that it would be seeking relief as to the sealing restrictions from the court in the District of Columbia. *See* 3/1/24 Hrg. Tr. at 141-143. Since the hearing, the

---

[2] Nauta attached five warrant packages (Exhibits A-E) from the Southern District of Florida to his motion to suppress. In addition, the Government recently produced to defendants a sixth Southern District of Florida warrant package, and there are two warrants related to Nauta from the District of Columbia. The Government has authorization from the Chief Judge of the District of Columbia to use these warrant packages in connection with these proceedings.

Government has concluded that, pursuant to Rule 6(e)(3)(G), the Government must request the court in the District of Columbia to transfer the petition for relief to this Court. The Government is preparing such a filing and will serve it on the appropriate parties. Once the Court has the matter, the Government will be seeking to have three pleadings in these exhibit sets redacted (likely consistently with the search warrant packages) and the remainder of the docket entries sealed to protect witness testimony and the privacy of ancillary parties.

### Grand Jury Transcripts

The Government continues to seek to keep sealed grand jury transcripts and redact the substance of any transcripts quoted or referenced in the pleadings. As set forth in the Government's Motion for Sealing and Redaction of Defense Filings and Exhibits (ECF No. 348 at 4), there is no public right of access to grand jury materials that have yet to become public at trial, and those materials remain subject to Rule 6(e). In addition, the transcripts represent *Jencks* Act materials for potential witnesses, and removing their possible testimony from the public realm until trial protects the integrity of the proceedings. At the hearing, the Court observed that it had failed to find any decision considering the withholding from the public the quantity of information the Government seeks to do here. 3/1/24 Hrg. Tr. at 132-133. However, there are few criminal prosecutions in which the Government has produced so much grand jury and *Jencks* Act material so far in advance of trial--especially in a circumstance where the potential for threats and intimidation to Government witnesses is real and verifiable.

### Other Memorializations of Potential Witness Testimony

The same arguments apply for any transcripts of witness interviews, FBI 302s of interviews, or other writings such as emails that memorialize a witness' potential testimony.

**Ancillary Parties**

The privacy interests of ancillary third parties whose names appear in various materials should be paramount. No interest is served by associating them with this case.

**Conclusion**

For the foregoing reasons, the Court should grant the Government's motion.

Respectfully submitted,

JACK SMITH
Special Counsel

By: */s/ Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Anne P. McNamara
Assistant Special Counsel
Special Bar ID #A5501847

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

I, Jay I. Bratt, certify that on March 7, 2024, I served the foregoing document on all parties via CM/ECF.

*/s/ Jay I. Bratt*_____
Jay I. Bratt