UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101(s)-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

    Defendants.

_____/

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION FOR AN
EXTENSION OF REPLY DEADLINES**

The defendants have jointly moved for a ten-day extension for filing the outstanding reply briefs in support of their various motions, with the exception of defendant Trump's reply briefs in support of his motions to dismiss Counts 1-32 of the Superseding Indictment on vagueness grounds (ECF No. 325) and his motion to dismiss the Superseding Indictment based on the Presidential Records Act (ECF No. 327).[1]  An extension of time such that they receive more than twice the time allotted by the Local Rule is unreasonable.  The briefing schedule has been in place for months.  Only now, on the eve of the reply deadline, does the defense complain that it needs more time—mostly based on circumstances about which they have been aware throughout the pendency of their motions: the trial date in New York has been in place since 2022[2]; the evidence Nauta and

---

[1] Defendant De Oliveira joined Trump's motion to dismiss the Superseding Indictment based on the Presidential Records Act (*see* ECF No. 331) but has filed nothing separate in support of the relief Trump seeks in that motion.  Defendant Nauta has nothing pending at Thursday's hearing.

[2] Trump has also sought to adjourn the New York trial.  *See* [trump-motion-to-delay.pdf (documentcloud.org)](trump-motion-to-delay.pdf)

DeOliveira will inspect tomorrow has been available to them since the Government first provided them discovery[3]; and Nauta fails to explain how any questions about grand jury practice in the District of Columbia could affect his reply briefing and why he has waited until now to seek this information.  And the fact that the defense must travel to Florida for a hearing on Thursday is not unique to those teams and poses no cause for such delay.  The Court should deny the defendants' motion.

        Respectfully submitted,

        JACK SMITH
        Special Counsel

By:   */s/ Jay I. Bratt*
      Jay I. Bratt
      Counselor to the Special Counsel
      Special Bar ID #A5502946
      950 Pennsylvania Avenue, N.W.
      Washington, D.C.  20530

      David V. Harbach, II
      Assistant Special Counsel
      Special Bar ID #A5503068

---

[3] Included in the Government's first discovery production to each set of defense counsel were digital copies of the evidence seized from Mar-a-Lago, minus the documents with classification markings.  These items are found at Bates range USA-00337507 - USA-00359428.

## **CERTIFICATE OF SERVICE**

I, Jay I. Bratt, certify that on March 11, 2024, I served the foregoing document on all parties via CM/ECF.

*/s/ Jay I. Bratt*
Jay I. Bratt