UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

**Defendants.**
_____/

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR AN EXTENSION OF TIME**

Earlier today Defendants President Donald J. Trump as well as Messrs. Nauta and De Oliveira submitted what should have been construed as a straightforward request for a brief extension of time within which to submit reply memoranda in support of numerous motions to dismiss, Mot. (March 11, 2024) (ECF No. 387), in light of the acknowledgement by the Special Counsel's Office ("SCO") that, "we are well aware everybody here is working very hard." Hr'g Tr. at 22:23-24 (March 1, 2024). This request hardly prejudices anyone given that the majority of this briefing has yet to be publicly docketed. Yet in their opposition to the same, the SCO goes out of its way to publicly cast the request as frivolous. Given the gravity of the prosecution it pursues, such unnecessary allegations are not just disingenuous, but cavalier.

By way of background, on November 10, 2023, this Court Ordered that defendants submit pretrial motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure on or before February 22, 2024. Order (Nov. 10, 2023) (ECF No. 215). Following protracted briefing on the necessity of sealing references to certain discovery materials, *see* Order at 1 n.1 (Feb. 27, 2024)

1

(ECF No. 338) (delineating the, "various sealing/redacting issues before the Court"), the Court Ordered that the defendants submit their pretrial motions *in camera* to the extent any motions, "discuss[] or attach[] discovery materials." Paperless Order (Feb. 20, 2024) (ECF No. 320). Accordingly, on February 22, 2024, Mr. Nauta submitted *in camera* to the Court and the Special Counsel's Office ("SCO") a Motion to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution and a Motion to Suppress Evidence and for Return of Property and Request for an Evidentiary Hearing and *Franks* Hearing. *See* Nauta Notice of Pretrial Motions and Hearing Request (March 1, 2024) (ECF No. 359). Pursuant to Local Rule 7.1(c) of the Local Rules for the Southern District of Florida and this Court's March 5, 2024, Paperless Order (ECF No. 365), confirming that the SCO's opposing memoranda were also to be submitted *in camera*, the SCO submitted its oppositions to these motions on March 7, 2024. *See* Notice (March 7, 2024) (ECF No. 385). Also pursuant to Local Rule 7.1(c) and the Court's March 4, 2024 Paperless Order Mr. Nauta's reply memoranda in support of the motions would be due March 14, 2024.

In its opposition, the SCO writes, "[Mr.] Nauta fails to explain how any questions about grand jury practice in the District of Columbia could affect his reply briefly and why he waited until know to seek this information." Opp. at 2 (March 11, 2024) (ECF No. 388). Yet again, the SCO is well aware of the outstanding discovery issues concerning, specifically, Mr. Nauta's Motion to Dismiss for Selective and Vindictive Prosecution and Motion to Suppress Evidence and for Return of Property and Request for an Evidentiary Haring and *Franks* Hearing.

With respect to the Motion to Suppress Evidence and for Return of Property and Request for an Evidentiary Hearing and *Franks* Hearing, as defense counsel advised the Court on March 1, 2024, only a day prior did defense counsel learn of the existence of a search warrant the SCO sought and obtained for an email account utilized by Mr. Nauta. The SCO subsequently produced

2

its warrant application for this email account on March 4, 2024.  *See* Supp. Response Standing Discovery Order (Mar. 4, 2024) (ECF No. 362).  In the interim, defense counsel learned that although the return for the warrant had been produced to all defense counsel during the course of discovery, the unfiltered and unscoped copy of the email account obtained by the SCO was provided *only* to Mr. Nauta's counsel *and* the password to access the same was incorrect.  Only today, March 11, 2024, did defense counsel for Mr. Nauta receive the unfiltered unscoped copy of the records obtained (and reviewed) by the SCO's Filter Team as part of its investigation in this matter.  A brief extension of time to review what materials were reviewed by the SCO's Filter Team is not unwarranted given the circumstances.

With respect to the Motion to Dismiss for Selective and Vindictive Prosecution, Mr. Nauta submits that he was selectively and/or vindictively prosecuted only because of his refusal to cooperate with the SCO in its investigation.  Although the merits of this argument necessarily refer to discovery material and/or sealed filings, *see*, *e.g.*, ECF Nos. 100, 101, 115, 116, 117, 118, 119, which the Court is diligently working to resolve following extensive briefing, some the allegations have been publicly reported.  *See* Sadie Gurman and Alex Leary, Trump Aide, Granted Immunity, Set to Testify at Grand Jury Probing Mar-a-Lago Documents, *The Wall Street Journal* (Nov. 2, 2022);[1] Hugo Lowell, Lawyer for Trump Valet in Mar-a-Lago Documents Case Alleges Misconduct, *The Guardian* (June 8, 2023);[2] Kyle Cheney, Judge Scolds Jack Smith's Team for Causing Delay in Unrelated Jan. 6 Verdict, *Politico* (July 20, 2023).[3]

---

[1] *Available at* https://www.wsj.com/articles/trump-aide-granted-immunity-set-to-testify-at-grand-jury-probing-mar-a-lago-documents-11667429590.
[2] *Available at* https://www.theguardian.com/us-news/2023/jun/08/lawyer-trump-valet-nauta-mar-a-lago-classified-documents-misconduct-allegation.
[3] *Available at* https://www.politico.com/news/2023/07/20/trump-grand-jury-witness-executive-privilege-00107442.

Accordingly, and in preparation for the submission of their motions to dismiss, it came to the attention of defense counsel that the SCO had not provided certain materials evidencing, Mr. Nauta alleges, prosecutorial misconduct. Defense counsel requested these materials on January 19, 2024, and some of the materials sought were provided in a production on January 26, 2024. *See* Supp. Response Standing Discovery Order (Jan. 26, 2024) (ECF No. 273). In the meantime, defense counsel requested an extension of time within which to submit their motions to dismiss while outstanding discovery issues were resolved, Mot. (Feb. 6, 2024) (ECF 285), which the SCO opposed (Feb. 8, 2024) (ECF No. 292), and the Court denied, while acknowledging supplemental briefing may be necessary. Paperless Order (Feb. 15, 2024) (ECF No. 314). ("However, to the extent the Court's resolution of the pending Motions to Compel Discovery 262 yields a specified need of any party to supplement previously filed pre-trial motions and/or to file evidentiary motions that could not reasonably have been filed by February 22, 2024, the Court will consider such arguments as appropriate"). Although defense counsel reiterated their request for additional grand jury materials, it was not until March 8, 2024, that the SCO confirmed that it would not provide the additional materials requested by defense counsel (specifically a list of the proceedings to have occurred before the United States District Court for the District of Columbia).

Of note, the SCO has now also confirmed that it failed to comply with Rule 6(e) of the Federal Rules of Criminal Procedure in this case. Specifically, Rule 6(e)(3)(G) provides that a when a petition to disclose grand jury materials, "arises out of a judicial proceeding in another district, the petitioned court *must* transfer the petition to the other court unless the petitioned court can reasonably determine whether disclosure is proper." Fed. R. Cr. P. 6(e)(3)(G) (emphasis added). Here, the SCO concedes no request to transfer the grand jury proceedings occurring in the United States District Court for the District of Columbia was made prior to defense counsel

4

flagging this deficiency for the SCO at the Court's March 1, 2024, scheduling hearing. Although the SCO now represents that it is, "in the process" of complying with Rule 6(e)(3)(G), it remains unclear what proceedings the SCO seeks to transfer to this Court. And again, when asked, the SCO refused to provide defense counsel with a list of the proceedings that occurred in the District of Columbia as part of the SCO's investigations there.

The SCO's failure to comply with Rule 6(e) is also relevant to former President Trump's Motion to Dismiss the Indictment Based on Prosecutorial Misconduct and Due Process Violations ("Prosecutorial Misconduct"), as well as the Motion to Dismiss the Indictment Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith (Feb. 22, 2024) (ECF No. 326) ("Unconstitutional Special Counsel Appointment"). Specifically, defense counsel has recently learned that the Department of Justice publishes a Federal Grand Jury Manual instructing on best practices for handling investigations before grand juries. The Federal Grand Jury Manual is referenced, by way of example, in Section 9-11.254 of the Justice Manual, which notes that the Justice Manual "*supplements* [the procedures] described in the Department's Federal Grand Jury Practice Manual." Justice Manual § 9-11.254 (emphasis added).[4] Although the Federal Grand Jury Manual is confidential, and it instructs prosecutors who receive it to maintain its confidentiality, the 1983 version of the manual is available online. *See* U.S. Dep't Justice, Office of Justice Programs, National Criminal Justice Reference Service, Federal Grand Jury Manual (1983).[5] Relevant here, more than forty (40) years ago, the following recommended best practice instructed prosecutors on the transfer of an investigation from one grand jury to another:

> Usually, all documents and testimony before the first grand jury should be presented to the new grand jury. This is generally the rule and should be followed whenever feasible. There is room for some discretion, however,

---

[4] *Available* at https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.254.
[5] *Available at* https://www.ojp.gov/ncjrs/virtual-library/abstracts/federal-grand-jury-practice-manual (last visited Mar. 11, 2024).

> in situations where numerous witnesses were called before the first grand jury in a particular investigation, and only a small percentage were actually necessary for the proposed indictment. However, if the AUSA believes that re-presenting all of the live testimony is not necessary, or that a summary of the evidence would be proper, he/she should first discuss the matter with his/her supervisor. The use of summaries of prior testimony can bias a grand jury and void the indictment.

*Id.* at 16-17, I.F.1. Although defense counsel requested a copy of the current version of the manual, the SCO declined to provide the same.[6]

The Federal Grand Jury Manual is highly relevant to the Court's consideration of both the Prosecutorial Misconduct and Unconstitutional Special Counsel Appointment Motions. With respect to the former, the Department's Special Counsel regulations require that the SCO, "comply with the rules, regulations, procedures and practices and policies of the Department of Justice." C.F.R. § 600.7(a). Evidence of deliberate indifference to, let alone disregard of, the Federal Grand Jury Manual unequivocally bears upon the Court's determination as to whether the SCO engaged in prosecutorial misconduct when it conducted its investigation in the District of Columbia only to transfer it to the Southern District of Florida (and then chose to ignore the applicable Federal Rule of Criminal Procedure following such a transfer). To make that assessment, the Court must first know what the Department's current policy is with respect to grand jury procedures.

With respect to the Unconstitutional Special Counsel Appointment Motion, the Federal Grand Jury Manual is relevant insofar as it demonstrates Special Counsel Jack Smith's conduct as a superior officer whose appointment is required by the President of the United States and subject to confirmation by the U.S. Senate. *See* U.S. Const. art. II, § 1, cl. 1, § 3. *See also* Unconstitutional Special Counsel Appointment Motion at 2 (Feb. 22, 2024) (ECF No. 326). Specifically, there is

---

[6] Counsel for Mr. Nauta was recently provided pertinent excerpts of the 2023 Federal Grand Jury Manual through his representation in an unrelated matter. *See* Mot. Dismiss, *United States v. Schulman*, No. 20-cr-434 (D. Md. Feb. 2, 2024).

no evidence that anyone within the Department of Justice was consulted prior to the transfer of the investigation giving rise to this matter to the Southern District of Florida. Given the highly unusual nature of the transfer (including the SCO's failure to comply with the applicable Federal Rule of Criminal Procedure following such a transfer), it stands to reason that any "inferior officer" would have sought approval of the same. Indeed, the 1983 version of the Federal Grand Jury Manual advises that, "if the AUSA believes that re-presenting all of the live testimony is not necessary, or that a summary of the evidence would be proper, he/she should first discuss the matter with his/her supervisor."

* * *

The gravity of this prosecution can not be understated. As all the stakeholders to this litigation wrestle with both novel and profound legal issues of utmost importance, it should be incumbent upon all to assure that the pursuit of justice remains paramount. A brief extension of the time within which reply memoranda in support of the voluminous motions to dismiss prepared in this action are filed (or merely submitted to the Court) does not contravene that goal.

[SIGNATURE BLOCK NEXT PAGE]

Dated: March 11, 2024    Respectfully submitted,

 *s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (*pro hac vice*)
Brand Woodward Law, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

 *s/ Sasha Dadan*
Sasha Dadan (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 11, 2024, I electronically submitted the foregoing, via CM/ECF, to counsel of record.

      Respectfully submitted,

      *s/ Sasha Dadan*
      Sasha Dadan (Fla. Bar No. 109069)
      Dadan Law Firm, PLLC
      201 S. 2nd Street, Suite 202
      Fort Pierce, Florida 34950
      772.579.2771 (telephone)
      772.264.5766 (facsimile)
      sasha@dadanlawfirm.com

      *Counsel for Defendant Waltine Nauta*