UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP**,
**WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

    Defendants.

_____/

**ORDER REQUIRING PRELIMINARY PROPOSED JURY INSTRUCTIONS
AND VERDICT FORMS ON COUNTS 1–32 ONLY**

On or before **April 2**, **2024**, Defendant Trump and the Special Counsel each shall file proposed jury instructions limited to the essential elements of the offenses charged in Counts 1 through 32 of the Superseding Indictment [ECF No. 85], along with proposed verdict forms for those counts (general or special).[1] Moreover, understanding that juries are judges of the facts, not the law, the proposals shall take care to specify (in incorporated briefing as necessary) exactly what factual questions are reserved for the jury on Counts 1 through 32 in light of the recently argued motions to dismiss [ECF Nos. 325, 327].[2] With respect to the proposed language pertinent to the issue of "unauthorized possession" specifically, the parties must engage with the following

---

[1] Instructions beyond the substantive contours of Counts 1 through 32 are not part of this Order, but defenses inextricably intertwined with the statutory definitions are so contained. The standard twenty-page limit for memoranda of law does not apply to the ordered submissions.

[2] Deadline for final proposed jury instructions and verdict forms to be set by separate order.

CASE NO. 23-80101-CR-CANNON

competing scenarios and offer alternative draft text that assumes each scenario to be a correct formulation of the law to be issued to the jury, while reserving counterarguments.

(a) In a prosecution of a former president for allegedly retaining documents in violation of 18 U.S.C. § 793(e), a jury is permitted to examine a record retained by a former president in his/her personal possession at the end of his/her presidency and make a factual finding as to whether the government has proven beyond a reasonable doubt that it is personal or presidential using the definitions set forth in the Presidential Records Act (PRA).[3]

(b) A president has sole authority under the PRA to categorize records as personal or presidential during his/her presidency. Neither a court nor a jury is permitted to make or review such a categorization decision. Although there is no formal means in the PRA by which a president is to make that categorization, an outgoing president's decision to exclude what he/she considers to be personal records from presidential records transmitted to the National Archives and Records Administration constitutes a president's categorization of those records as personal under the PRA.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 18th day of March 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

---

[3] Any separation of powers or immunity concerns shall be included in this discussion if relevant.