UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**DONALD J. TRUMP,**
**WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

    Defendants.
_____/

**ORDER GRANTING IN PART AND RESERVING RULING ON PART OF**
**SPECIAL COUNSEL'S CIPA § 4 MOTION AS TO DEFENDANT TRUMP**[1]

**THIS CAUSE** comes before the Court upon the Special Counsel's CIPA § 4 Motion with respect to Defendant Donald J. Trump (the "Motion"), filed *ex parte* and under seal on December 6, 2023 [ECF No. 236]. Pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Fed. R. Crim. P. 16(d)(1), the Special Counsel requests authorization to redact, substitute, or delete four discrete "categories" of classified information from discovery.[2] The Motion is accompanied by classified declarations from officers at equity-holding intelligence

---

[1] This unclassified Order is issued in conjunction with a twenty-one-page Classified Order, issued *ex parte* and under seal, in which the Court describes in detail the information at issue and the bases for its ruling [*See* ECF No. 409].

[2] In a prior Order, the Court reserved ruling on the Special Counsel's request to redact, substitute, or delete the same four categories of classified information from cleared counsel for Defendants Nauta and De Oliveira [ECF No. 340 p. 2]. That request is addressed in this Order. Accordingly, unless otherwise indicated, this Order applies to Defendant Trump, Trump's cleared counsel, and cleared counsel for Defendants Nauta and De Oliveira. Furthermore, for ease of reference, this Order refers to "Defendants" plural, although the majority of references are to Defendant Trump only.

agencies. On January 16, 2024, Defendant Trump filed under seal (but not *ex parte*) a classified Challenge to the Prosecution's CIPA § 4 Motion [ECF No. 264]. On January 30, 2024, the Special Counsel filed a classified Response [ECF No. 275]. The Court heard argument on the filings in a series of *ex parte* hearings [ECF Nos. 276, 307–308, 310, 336].[3] In February 2024, the Special Counsel submitted three additional classified supplements to its Motion, each filed *ex parte* and under seal [ECF Nos. 290, 315, 329].

Upon review of the Motion, relevant filings, arguments raised during hearings, and the full record, the Court **GRANTS** the Special Counsel's Motion as to Categories 3 and 4 in their entirety, as well as most of the Category 2 requests as set forth in the Court's Classified Order [ECF No. 409]. The Court **RESERVES RULING** on the entirety of Category 1 and the few remaining Category 2 requests, pending resolution of certain issues raised in Defendants' Motions to Compel Discovery [ECF Nos. 262, 263 (classified supplement)] and/or a follow-up *ex parte* CIPA § 4 hearing with the Special Counsel. No classified information not already agreed to be released by the Special Counsel shall be disseminated as a result of this unclassified Order.

## LEGAL STANDARDS

The Classified Information Procedures Act ("CIPA") regulates the use of classified information in criminal cases. 18 U.S.C. App. III. CIPA § 4 governs the discovery of classified information, and provides, in relevant part:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

---

[3] On February 28, 2024, the Court issued an Order Denying Defendants' Motions for Access to CIPA § 4 Filings [ECF No. 346; *see* ECF Nos. 237, 238].

18 U.S.C. App. III § 4.

Section 4 does not create new law governing the admissibility of evidence; rather, it "contemplates an application of the general law of discovery in criminal cases to the classified information area with limitations imposed based on the sensitive nature of the classified information." *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989); *see also United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983). Furthermore, CIPA § 4 was designed to "protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008) (alterations and internal quotation marks omitted).

In evaluating the Special Counsel's Section 4 Motions, the Court applies the standard articulated in *United States v. Yunis*, 867 F.2d at 621–25, and related authorities.[4] Under the *Yunis* framework, the Court first determines, as a threshold matter, whether the government's assertion of privilege over the information is "at least a colorable one." *Id.* at 623 (referring to the "facial validity of the government's claim of privilege"). The judicial function associated with this step is limited to reviewing and accepting the sworn representations of sensitivity and privilege contained in the Special Counsel's submission and associated attachments. If this threshold requirement is met, the government's privilege still must "give way" when disclosure of the information is "relevant and helpful to the defense of an accused." *Id.* at 622 (quoting *Roviaro v.*

---

[4] The Eleventh Circuit has not weighed in on the *Yunis* standard, but *Yunis* (or some nearly identical formulation to *Yunis*) is the prevailing standard applied among circuit courts, and all parties generally agree that the principles outlined in *Yunis* frame the Court's evaluation of the pending CIPA § 4 filings. *See, e.g.*, *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008); *United States v. Moussaoui*, 382 F.3d 453, 472 (4th Cir. 2004); *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. Cir. 1990); *United States v. Hanna*, 661 F.3d 271, 295 (6th Cir. 2001); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998).

*United States*, 353 U.S. 53, 60–61 (1957)). In seeking to withhold classified information from discovery under Section 4, all parties agree that the Special Counsel bears the burden of proof. 18 U.S.C. App. III § 4 (authorizing deletion upon a "sufficient showing" by the United States). Lastly, if proceeding *ex parte*, the reviewing court places itself "in the shoes of defense counsel, the very ones that cannot see the classified record, and act[s] with a view to their interests." *United States v. Amawi*, 695 F.3d 457, 471 (6th Cir. 2012); *see United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) (instructing courts in this posture to "err on the side of protecting the interests of the defendant").

Upon a court's finding that classified material is relevant and helpful to the defense, the government may move to substitute a statement admitting relevant facts or a summary of the information. 18 U.S.C. App. III §§ 4, 6(c)(1). The standard for determining the adequacy of a substitution in this context tracks the substitution standard in CIPA § 6(c)(1), which directs a district court to "grant such a motion . . . if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. App. III § 6(c)(1); *United States v. Sedaghaty*, 728 F.3d 885, 906 (9th Cir. 2013); *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) ("If the government provides adequate redacted documents or substitutions and obtains the permission of the district court, section four gives the government the right to keep defense counsel from seeing the original documents."). If the government seeks to substitute a summary, it "should be evenhanded, worded in a neutral fashion, and not titled or shaded to the government's advantage." *Sedaghaty*, 728 F.3d at 906. "[T]he judge should ensure that a substitution is crafted so that the government obtains no unfair advantage in the trial." *Id.* at 906 (quotation omitted); *United States v. Moussaoui*, 382 F.3d 453, 477 (4th Cir. 2004) ("[A] substitution is an appropriate remedy when

it will not materially disadvantage the defendant."). In doing so, district courts should aim to "use the exact language of the [underlying material] to the greatest extent possible." *Moussaoui*, 382 F.3d at 480.

## DISCUSSION

The Special Counsel seeks to redact, substitute, or delete from Defendants and cleared defense counsel classified information falling into four limited categories. Each category of information (and the associated relief requested) is described below. All references to classified information in this public Order are made in general terms, following consultation with the Classified Information Security Officer.

**Category 1** is comprised of two sensitive intelligence reports directly related to a document charged in one of the unlawful-retention counts as to Defendant Trump [ECF No. 85 pp. 32–37]. The Special Counsel requests authorization to redact limited words and phrases from these reports. After careful study of the subject material, associated declarations, and arguments from both sides, the Court determines that ruling on Category 1 would be premature at this juncture. The information subject to redactions is bound up in requests made in Defendants' Motions to Compel and associated filings, both public and classified [*See, e.g.*, ECF Nos. 262, 263]. Moreover, for reasons more comprehensively stated in the Classified Order [ECF No. 409], the Court cannot say with certainty that the information is not "relevant and helpful" to the defense. *Yunis*, 867 F.2d at 622.[5] This is especially so given the material's direct relationship to a charged document and the fact that the reports are asserted to have been disseminated to Defendant Trump personally. For

---

[5] The Court accepts that the assertion of privilege over all materials at issue in the Special Counsel's Motion—including Category 1 documents—is "at least a colorable one." *Yunis*, 867 F.2d at 623. Each declaration attached to the Motion describes the sensitivity of the materials at issue and the damage that could result from unauthorized disclosure.

these reasons, the Court reserves ruling on Category 1 pending resolution of Defendants' Motions to Compel and an additional *ex parte* CIPA § 4 hearing with the Special Counsel to be set by subsequent Order.

**Category 2** contains a subset of After-Action Reports ("AARs") and related emails from which the Special Counsel seeks to redact limited words and phrases.[6] The vast majority of the requests are not topically related to the charged documents and thus neither relevant nor helpful to the defense [ECF No. 409]. A very limited number of redaction requests, however, cannot be resolved at this stage. In general terms—and as the Court's Classified Order describes in greater detail—the subject terms or phrases are (1) bound up in requests made in Defendants' Motions to Compel, and/or (2) have potential bearing on essential elements of the 18 U.S.C. § 793(e) charges. Thus, pending resolution of Defendant's Motions to Compel and a follow-up *ex parte* CIPA § 4 hearing with the Special Counsel to clarify the nature of the information at issue, the Court reserves ruling on the few requests identified in the Classified Order.

**Category 3** is comprised of documents relating to a potential government witness. The Special Counsel seeks authorization to substitute a summary of the classified information therein in lieu of documents themselves. Because the Category 3 documents have potential impeachment value, the Court finds that they are "relevant and helpful" to the defense under *Yunis*, 867 F.2d at 622.[7] Nonetheless, CIPA § 4 permits the Special Counsel to "substitute a summary of the

---

[6] AARs are emails sent by Former President Trump's principal briefers. Following the presentation of the President's Daily Brief, the briefers sent email summaries of the briefing to high-ranking U.S. government and intelligence community personnel.

[7] Nothing in this Order shall be construed as a decision on the ultimate admissibility of Category 3 information. Should Defendants indicate their intent to use the information at trial, the Court will address this matter in the course of CIPA § 6 proceedings. *See* 18 U.S.C. App. III §§ 5, 6.

information for such classified documents," 18 U.S.C. App. III § 4, so long as the summary "will provide the defendant with substantially the same ability to make his defense as would disclosure of the classified information," 18 U.S.C. App. III § 6(c)(1); *see Sedaghaty*, 728 F.3d at 906. The Court finds the most recent version of the substitution to be adequate in that respect.[8] In sum, the Court grants the Special Counsel's Motion as to Category 3 and authorizes the substitution provided in the Classified Order.

**Category 4** contains classified information which the Special Counsel seeks to delete from discovery in its entirety. The Court finds the Special Counsel has met its burden as to this category. Even assuming this information crosses the low hurdle of relevance, the Court is satisfied that it would not be helpful to Defendants. It is not specific to any charged document; the Special Counsel does not intend to use it at trial; and any theory of helpfulness would depend, as best the Court can tell, on a series of speculative and attenuated inferences. For these reasons, the Special Counsel has made a sufficient showing to justify deletion of the Category 4 material from discovery.

## CONCLUSION

For the reasons above, and for the reasons more comprehensively described in the Court's Classified Order [ECF No. 409], it is **ORDERED AND ADJUDGED** as follows:

1. The Motion is **GRANTED IN PART** in accordance with the Court's Classified Order [ECF No. 409]. The Court authorizes the relief sought as to Categories 3 and 4 in their entirety, as well as most Category 2 requests [*See* ECF No. 409].

---

[8] The substitution authorized in the Classified Order is the product of several sealed *ex parte* hearings with the Special Counsel and multiple rounds of edits [ECF No. 409; *see* ECF Nos. 276, 290, 308, 310, 315, 329, 396–397]. The Special Counsel indicates that it has no objection to the version of the substitution authorized in the Classified Order [ECF No. 329].

2. The Court **RESERVES RULING** on the limited remaining Category 2 requests and Category 1 in its entirety, pending resolution of Defendants' Motions to Compel and/or an additional *ex parte* CIPA § 4 hearing with the Special Counsel to be set by separate order. The Court also reserves docketing the Special Counsel's proposed public stand-alone brief as to Defendant Trump—previously submitted *ex parte* and under seal as an attachment to the Special Counsel's Third Classified Supplement to CIPA § 4 Motions [*See* ECF No. 329]—until the Court has resolved the Special Counsel's pending Motion for Reconsideration [*See* ECF No. 294].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of March 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record