UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.

_____/

**GOVERNMENT'S RESPONSE TO PROFESSOR SETH BARRETT TILLMAN, ET AL.
AMICI CURIAE BRIEF
IN SUPPORT OF DONALD J. TRUMP'S
MOTION TO DISMISS BASED ON
THE APPOINTMENT OF THE SPECIAL COUNSEL**

TABLE OF CONTENTS

I. The Special Counsel Qualifies as an Officer Under *Morrison v. Olson* ............................. 1

II. The Special Counsel Qualifies as an Officer Because He Exercises Significant Authority and Holds a Continuing Position .......................................................................... 4

III. Conclusion ................................................................................................................. 7

Professor Seth Barrett Tillman and others filed (ECF No. 410-2) an amicus brief ("Tillman Amicus") in support of defendant Donald J. Trump's claim (ECF No. 326 at 1-7) that the Special Counsel lacks the legal authority to prosecute this case.[1] Taking the polar opposite view from Former Attorney General Edwin Meese III and others, who argued in a separate amicus brief ("Meese Amicus") that the Special Counsel is a principal officer under the Constitution, *see* ECF No. 364-1 at 14-16, the Tillman Amicus's central contention is that the Special Counsel is not an officer at all, but instead an employee who is forbidden from exercising the authority vested in the Special Counsel by law.[2] That argument is wrong. Under Supreme Court precedent, the Special Counsel qualifies as an officer.[3]

## I. The Special Counsel Qualifies as an Officer Under *Morrison v. Olson*

The Special Counsel is an officer under the Supreme Court's decision in *Morrison v. Olson*, 487 U.S. 654 (1988). That case considered the claim that the Independent Counsel appointed

---

[1] As the Government noted previously, the Court is not required to address issues raised solely in an amicus brief. *See, e.g.*, *Diné Citizens Against Ruining Our Environment v. Haaland*, 59 F.4th 1016, 1042 n.11 (10th Cir. 2023) ("This court has discretion to consider arguments raised solely in an amicus brief, but it should do so only in exceptional circumstances." (quotation marks omitted)); *see also Richardson v. Ala. State Bd. of Educ.*, 935 F.2d 1240, 1247 (11th Cir. 1991) ("In the absence of exceptional circumstances, amici curiae may not expand the scope of an appeal to implicate issues not presented by the parties to the district court. . . . Although this court granted amici's motion for leave to file a brief, the arguments raised only by amici may not be considered.").

[2] For his part, Trump has vacillated in his characterization of the Special Counsel's status. In his motion to dismiss, Trump both argued that the Special Counsel "is not an 'Officer'" but "[a]t best . . . an employee," ECF No. 326 at 3, and suggested that the Special Counsel is an inferior officer, *id.* at 6 (alluding to Attorney General's "inferior Officer appointment power"). In his reply, Trump appears to take yet another view, arguing that the Special Counsel is a principal officer. ECF No. 414 at 3-5.

[3] This response incorporates the background provided in the Government's opposition to Trump's motion to dismiss based on the appointment and funding of the Special Counsel, *see* ECF No. 374 at 1-3, and the Government's response to the Meese Amicus explaining why the Special Counsel is an inferior officer, *see* ECF 405 at 4-10.

1

under the Ethics in Government Act of 1978, Pub. L. No. 100-202, § 101(a) (Title II), 101 Stat. 1329, 1329-9 (1987) (28 U.S.C. § 591 note), was appointed in violation of the Appointments Clause, U.S. Const. art. II, § 2, cl.2.  *Morrison*, 487 U.S. at 660-61.  The specific question was whether the Independent Counsel—an attorney outside the government appointed under the Act to investigate whether testimony given by the Assistant Attorney General for the Office of Legal Counsel amounted to an obstruction of justice or a false statement—was an "inferior" or a "principal" officer.  *Id.* at 667, 670-71.  The Supreme Court determined it was "clear" that the Independent Counsel was "an 'officer' of the United States, not an 'employee.'"  *Id.* at 671 n.12.  That conclusion was equally clear to Justice Scalia, who authored a dissent that disagreed with the majority's determination that the Independent Counsel was an inferior office, *see id.* at 715-23 (Scalia, J., dissenting), but, in concluding that she was a principal officer necessarily rejected the view that the Independent Counsel was an employee, *see id.* at 715.

The reasoning in *Morrison* applies in equal measure here.  As explained in the Government's opposition to Trump's motion to dismiss, the Attorney General, acting under statutory authority, issued the Special Counsel regulation to replace the Independent Counsel regime in the Ethics in Government Act.  *See* ECF No. 374 at 2; 28 C.F.R. §§ 600.1-600.10 (1999); 5 U.S.C. § 301.  The Special Counsel shares the same core responsibilities that the Independent Counsel held under the Act—carrying out sensitive investigations and, when warranted, prosecutions—but the regulation that replaced the Act ensured that the Attorney General bore the "ultimate responsibility" for the Special Counsel's actions so as to "strike a balance between independence and accountability."  Office of Special Counsel, 64 Fed. Reg. 37,038 (July 9, 1999).  The difference between how the Independent Counsel and the Special Counsel was and is appointed, however, does not diminish the force of *Morrison*'s conclusion that an independent

2

prosecutor appointed to carry out a particular investigation qualifies as an officer, not an employee. *See* Steven G. Bradbury, *Officers of the United States Within the Meaning of the Appointments Clause*, 31 Op. O.L.C. 73, 114-15 (Apr. 16, 2007) (concluding that under *Morrison*, the Independent Counsel under the Ethics in Government Act "undoubtedly *was* an officer, even though the position was, by the nature of its duties, temporary and largely case-specific"); *see also id.* at 115-17 (explaining that the method of appointment is not dispositive in determining whether an individual qualifies as an officer).

The Tillman Amicus's two-part response to *Morrison* (ECF No. 410-2 at 8-11) is to "deem" the issue of whether the Independent Counsel was an officer or an employee "to have been waived" in that case, *id.* at 10, and to contend (*id.* at 11-13) that the Supreme Court's subsequent decision in *Lucia v. SEC*, 585 U.S. 237 (2018), displaced the analysis in *Morrison*. Both claims are incorrect.

First, to determine whether the Independent Counsel's appointment was consistent with the Appointments Clause, the Supreme Court necessarily had to decide what constitutional status she held: employee, inferior officer, or principal officer. The parties in *Morrison* and the entire Supreme Court—both the eight-Justice majority and Justice Scalia in dissent—readily agreed that the Independent Counsel was an officer, not an employee, though they disagreed on whether the Independent Counsel should be considered an inferior or a principal officer. But it does not follow from the agreement on the Independent Counsel's status as an officer that the issue of whether she was in fact an "employee" was somehow "waived."

Second, the Supreme Court's decision in *Lucia* did not purport to overrule or otherwise undermine the analysis in *Morrison*, and in fact the Court in *Lucia* never cited *Morrison*. It instead concluded that an administrative law judge ("ALJ") at the Securities and Exchange Commission

3

("SEC") qualified as an officer because he held a continuing position and exercised significant authority. 585 U.S. at 246-47. The Court in *Lucia* drew support from *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868 (1991), which addressed whether special trial judges selected by the Chief Judge of the Tax Court could preside over trials in Tax Court, *id.* at 878, and which the Supreme Court described as "say[ing] everything necessary to decide" *Lucia*. 585 U.S. at 247. The Special Counsel qualifies as an officer under the standards applied in *Freytag* and *Lucia*, *see infra* at 4-7, and nothing in *Lucia* suggests otherwise—or suggests that *Morrison*'s conclusion that the Independent Counsel was an officer, not an employee, was in any way unsound. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (lower courts "'should follow the case which directly controls'" and should not "conclude our more recent cases have, by implication, overruled an earlier precedent") (quoting *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989)).

## II. The Special Counsel Qualifies as an Officer Because He Exercises Significant Authority and Holds a Continuing Position

Even if *Morrison* were not dispositive, the Special Counsel also qualifies as an officer under the Supreme Court's "basic framework for distinguishing between officers and employees." *Lucia*, 585 U.S. at 245. That framework focuses on two inquiries: whether the individual in question (1) "exercis[es] significant authority pursuant to the laws of the United States," *Buckley v. Valeo*, 424 U.S. 1, 126 (1976) (per curiam), and (2) "occup[ies] a 'continuing' position established by law," *Lucia*, 585 U.S. at 245; *accord* 31 O.L.C. at 74 (identifying the two characteristics of a federal office as (1) "invested by legal authority with a portion of the sovereign powers of the federal government," and (2) "continuing").[4] There is no dispute in this case that

---

[4] As OLC has observed, some early authorities suggest that an individual who exercises significant authority qualifies as an officer even if he does not hold a continuing position. *See* 31

4

the Special Counsel satisfies the "authority" standard. By law, the Special Counsel possesses "the full power and independent authority to exercise all investigative and prosecutorial functions of any United States Attorney." 28 C.F.R. § 600.6.

The Tillman Amicus essentially concedes that the authority element is satisfied, arguing instead (ECF No. 410-2 at 21) that, as an employee, the Special Counsel exercises too much authority. That argument, however, rests entirely on the Tillman Amicus's argument that the Special Counsel constitutes only a non-continuing position tantamount to employee status. That argument is incorrect. To be "continuing" for purpose of officer status, a position need not exist in perpetuity. Instead, a position is non-continuing where the position's "duties" are "occasional" or "intermittent." *United States v. Germaine*, 99 U.S. 508, 512 (1878). For example, the Supreme Court in *Germaine* concluded that a private surgeon who was "only to act when called on by the Commissioner of Pensions in some special case, as when some pensioner or claimant of a pension presents himself for examination," was an employee, not an officer. *Id.*; *see Freytag*, 501 U.S. at 881 (contrasting special trial judges in Tax Court, who are officers, with special masters, who are not, on the basis that the latter are hired "on a temporary, episodic basis").

The Special Counsel is a "continuing" office. Although the Special Counsel's position could be described as "temporary" insofar as "it eventually will terminate when his 'task is over,'" *In re Grand Jury Investigation*, 315 F. Supp. 3d 602, 644 (D.D.C. 2018) (quoting *Morrison*, 487 U.S. at 672), it could not plausibly be described as "occasional, intermittent, or episodic" because "the Special Counsel's work remains ongoing and regular until complete," *id.* In reaching the same conclusion about the Independent Counsel, OLC emphasized several factors that apply

---

Op. O.L.C. at 109. Nonetheless, OLC ultimately concluded that it was "incorrect to treat the element of 'continuance' as dispensible," *id.* at 111, and the Special Counsel in any event satisfies the durational requirement.

5

equally to the Special Counsel's Office: although a "particular" Special Counsel is temporary, the position is "not 'transient,' but rather indefinite and expected to last for multiple years, with ongoing duties, the hiring of a staff, and termination only by an affirmative determination that all matters within the counsel's jurisdiction [are] at least substantially complete." 31 O.L.C. at 114-15; *cf. United States v. Donziger*, 38 F.4th 290, 296-99 (2d Cir. 2022) (holding that a special prosecutor appointed by district court is an officer who occupies a continuous position, and concluding that a special prosecutor "is analogous to the independent counsel position in *Morrison*").

The Tillman Amicus's counterarguments lack merit. Purporting to contrast the Special Counsel regulation with the Independent Counsel provision, it contends (ECF No. 410-2 at 17-18) that the existence of "many overlapping independent counsel investigations at any one point in time" showed that the Independent Counsel was permanent in a manner the Special Counsel regulation is not. But this argument fails on its own terms: in addition to the Special Counsel handling this case, at least three other Special Counsels have operated simultaneously over the course of the past few years. *See* Attorney General Order No. 4878-2020 (Oct. 19, 2020) (appointing John Durham to investigate intelligence or counter-intelligence activities directed at the 2016 presidential campaigns and the Trump administration); Attorney General Order No. 5588-2023 (Jan. 12, 2023) (appointing Robert K. Hur to investigate possible unauthorized removal of classified documents by President Joseph R. Biden, Jr.); Attorney General Order No. 4730-2023 (Aug. 11, 2023) (appointing David C. Weiss to investigate allegations of certain criminal conduct by Robert Hunter Biden). The Tillman Amicus also contends (ECF No. 410-2 at 18-19) that the Attorney General could order a Special Counsel to terminate an investigation or prosecution, but the same is true for any investigation or prosecution carried out by a United States Attorney—a

position courts have recognized are (inferior) officers. *See* ECF No. 405 at 9 (citing cases). Furthermore, the President could immediately remove the Attorney General, but the prospect of that immediate removal does not make the Attorney General any less a federal—and indeed, principal—officer. Finally, the Tillman Amicus implies (ECF No. 410-2 at 19-20) that because the regulations include no "mechanism to deal with vacancies," *id.* at 20, the Special Counsel position is necessarily non-continuing. But none of the cases on which the Tillman Amicus relies suggests that the existence of a provision for designating an officer's successor is relevant, let alone dispositive, in determining whether a government actor is an officer or an employee. *See United States v. Hartwell*, 73 U.S. 385, 393 (1867) (deeming a clerk in the office of the assistant treasurer of the United States an officer); *Freytag*, 501 U.S. at 878 (special trial judges); *Lucia*, 585 U.S. at 247 (ALJs in the SEC).[5]

### III.   Conclusion

For the foregoing reasons and those stated in the Government's opposition to Trump's motion to dismiss (ECF No. 374) and response to the Meese Amicus (ECF No. 405), the Court should deny Trump's motion to dismiss the Superseding Indictment on the ground that the Special Counsel lacks authority to prosecute this case.

        Respectfully submitted,

        JACK SMITH
        Special Counsel
        N.Y. Bar No. 2678084

---

[5] Because the Special Counsel is an officer authorized to carry out the prosecution in this case, the Court has no reason to consider whether the Special Counsel's actions to date are "salvageable" under the De Factor Officer doctrine. *See* ECF No. 410-2 at 23-24.

By:   /s/ *Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

James I. Pearce
Assistant Special Counsel
Special Bar ID #A5503077

April 4, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *Jay I. Bratt*
Jay I. Bratt