UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR AN ADJOURNMENT OF THE DEADLINES FOR DEFENDANTS' RULE 16 EXPERT DISCLOSURES AND CIPA § 5(a) NOTICE**

On April 10, 2024, this Court, having heard argument on the parties' competing scheduling proposals, set May 9 as the deadline for defendants' expert witness disclosures and notice pursuant to Section 5(a) of the Classified Information Procedures Act ("CIPA"), *see* 18 U.S.C. App. 3 § 5(a).[1] ECF No. 439. Following their pattern, the defendants responded to the Court's deadline by seeking another postponement. *See*, *e.g.*, ECF Nos. 63, 160, 167, 183, 285. This time, Trump invokes his New York trial (*People v. Trump*, Ind. No. 71543-2023). ECF No. 452.[2]

---

[1] On February 29, the Government proposed a March 18 filing date for both, and a July 8 trial, ECF No. 356-1; the defendants proposed June 17 for their CIPA Section 5 notice, July 15 for their expert witness disclosures, and an August 12 trial, ECF No. 357. Defendant Waltine Nauta separately proposed a September 9 trial date. ECF No. 357.

[2] The day the Court's order issued, Trump and Nauta advised they would be seeking a continuance of the deadlines and asked the Government for its position. Trump, however, did not file his motion until three days later. Although Trump indicates the other defendants join his motion, he also indicates his co-defendants intend to file an additional submission. Neither Nauta nor De

This Court set the May 9 deadline fully apprised of defendant Trump's New York trial. Although the defendants' motion reads as though the Court were unaware of Trump's other case, and as if the defendants had no forewarning that a Section 5 deadline would be set, those premises are plainly wrong. The defendants have had ample notice that these deadlines would be scheduled and have *already* had months to complete the work. The cases the defendants cite to claim a constitutional right to postponement are inapposite for these reasons and others. The defendants have had the Government's expert witness disclosures for three months; all 6,043 pages of classified discovery implicated by the Court's Order for several weeks; and 5,479 of the 6,043 pages (over 90%) for over five months. The defendants also knew these deadlines would be coming, and the Court's Order (ECF No. 439) provided a month's notice of the exact date. Counsel should already be prepared to meet these deadlines, and in any event, other commitments are not grounds for postponement. Trump elected to engage the same counsel of record in multiple serious criminal matters, and his counsel agreed to the multiple engagements. Having made such decisions, they should not be allowed to use their overlapping engagements to perpetually delay trial in this case. Not to mention, the defendants have capable local counsel who can contribute to the work. The Court should reject the defendants' latest delay tactic and maintain the established deadline.

I.   **Relevant Procedural History**

The procedural history leading to the Court setting the May 9 deadline leaves no doubt that the defendants are well-equipped to meet it. This Court's July 21, 2023 scheduling order initially set the Government's expert witness disclosure deadline for November 8 and defense expert

---

Oliveira has done so, and De Oliveira has not conferred with the Government on his request. Should either file an additional submission, the Government requests the opportunity to respond promptly.

disclosure and CIPA Section 5 deadlines for November 15 and November 17, respectively. ECF No. 83 at 6. By November 2, the Government had produced over 90 percent of the classified discovery that has been produced to date. On November 3, this Court stayed the November 15 and November 17 deadlines—but by that point, the defendants had long been expecting, and should have been preparing for, those deadlines.

In late September and early October, the defendants filed motions to continue certain pre-trial deadlines and adjourn the trial. *See* ECF Nos. 160, 167. On November 10, the Court entered an Order granting in part defendants' motion to continue pre-trial deadlines and denying without prejudice their motion to adjourn trial. ECF No. 215. The Order set a deadline for the Government's expert witness disclosures (January 12, 2024), but not for the defendants' expert disclosures or their CIPA Section 5 notice. On November 15, the Government filed a motion for the Court to order a Section 5 notice deadline, emphasizing that such notice is the central document in CIPA that allows a trial to go forward without delay; and as of that date, counsel already had access to approximately 5,500 pages of classified discovery. *See* ECF No. 219 at 2 (citing *United States v. Collins*, 729 F.2d 1195, 1199 (11th Cir. 1983)). The next day, the Court denied the Government's motion without prejudice, stating that the CIPA Section 5 deadline would be set following the March 1, 2024 scheduling conference. ECF No. 221.

On January 12, 2024, in accordance with the Court's Order, the Government filed its expert witness disclosures. ECF Nos. 256, 257. On February 29, the parties filed their respective proposed schedules with the dates referenced above. *See supra* note 1. In doing so, the defendants asked this Court to calendar a trial date of August 12, but their proposal included a means for pushing it back further—their intermediate proposed CIPA dates rendered their proposed trial date impossible, because they would inevitably extend CIPA proceedings beyond their proposed trial

3

date. *See* 3/1/24 Hearing Tr. at 84. At the March 1 scheduling conference, when the Court inquired what the Government's immediate scheduling priorities were, the Government emphasized the need for a CIPA Section 5 notice, consistent with its November 15 filing regarding the importance of the notice to getting the case to trial. *See id.* at 18, 22-23. Trump's counsel argued then exactly what he argues now: that he should not have to meet any CIPA deadlines until the completion of his trial in New York. *See, e.g.*, *id.* at 44-45.

On March 25, the Government made its most recent production of classified discovery, bringing the total pages produced from 5,987 (as of February 8, 2024) to 6,043. *See* ECF No. 417. On April 10, the Court set the defendants' deadlines for their expert witness disclosures and CIPA Section 5 notice (for discovery produced to date) for May 9. Nonetheless, on April 13, the defendants moved for an indeterminate extension of both their expert disclosure and CIPA Section 5 deadlines until three weeks after Trump's trial in New York concludes—which, according to Trump, is scheduled to commence on April 15 and take at least six weeks. ECF No. 452 at 1. Trump incorrectly claims that the Court's schedule would infringe on his constitutional rights, and he reiterates arguments that the Court has already considered and rejected. *Compare* ECF No. 452 at 3 ("The May 9 deadlines will require lengthy classified submissions and extensive time in a SCIF to prepare and discuss those submissions, which is time President Trump and his attorneys simply do not have during the trial that is about to begin in New York.") *with* 3/1/24 Hearing Tr. at 44 ("[T]hat we would provide Section 5 notice and then litigate the 6A while we're on trial in New York, it's -- I'm not -- I mean, I hate to use the word 'unfair' because we're working hard and we're doing what we have to do, but how can they even suggest that to the Court? President Trump has a right to be part of that."); *id.* ("So when are we in the secure facility in this district when

4

we're on trial four days a week?"); *see also* ECF No. 452 at 3 (citing Court's acknowledgement at hearing that Trump has a right to participate in defense).

## II. The Court Should Deny the Defendants' Request

The Court has already considered and rejected the defendants' arguments. Their motion is therefore tantamount to a motion for reconsideration, which should be denied. The procedural history alone is sufficient grounds for denial. Defendants have known since this case was charged that they would need to file a CIPA Section 5 notice. As of November 2, 2023, they had nearly all classified discovery produced to date, an imminent CIPA Section 5 deadline, and an imminent expert witness disclosure deadline. And they have had access to the Government's expert disclosures since the beginning of this year. It is true that the defendants must access that submission in a SCIF. ECF No. 452 at 3. But they have already had three months to do so, which is more than adequate time. In fact, the Court's July scheduling order set the defense expert disclosure deadline *one week* after the Government's. ECF No. 83 at 6.

The defendants' claim that they need the entire duration of Trump's New York trial and three additional weeks to prepare their CIPA Section 5 notice and expert witness disclosures strains credulity and belies their true objective: delay. Of course, "[i]t is undisputed that one aspect of the right to counsel protected by the Due Process Clause is the defendant's right to choose his or her attorney." *United States v. Bowe*, 221 F.3d 1183, 1190 (11th Cir. 2000) (citing *Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978)). That right is not boundless, however, and no court has ever found it to be implicated under circumstances remotely resembling these. The right must be balanced against "the prompt and efficient administration of justice." *Gandy*, 569 F.2d at 1323. Defendants, therefore, are only entitled to a "fair or reasonable opportunity" to the counsel of their choice. *Id.* When deciding whether a court impinged on this reasonable opportunity, reviewing

5

courts should consider factors such as the length of delay, whether co-counsel is able to try the case, whether other continuances have been requested and granted, inconvenience, and whether the requested continuance is for a legitimate reason. *Bowe*, 221 F.3d at 1190.

The claimed rights to counsel of choice and adequate preparation are not implicated at all here because defendants' counsel of choice has had months to prepare the submissions at issue. And Trump's counsel will only be in trial four days a week in New York. Several cases defendants cite relate to the disqualification of counsel, which is not presented here. *See* ECF No. 452 at 2 (citing *United States v. Ross*, 33 F.3d 1507, 1522-23 (11th Cir. 1994); *United States v. Urbana*, 770 F. Supp. 1552, 1556 (S.D. Fla. 1991)). And to the extent that defendants cite cases involving motions for continuances, they do not identify any case where a court has considered whether the denial of a continuance for a *pre-trial* motion deadline rather than *trial* could amount to a constitutional violation. And even among the cases cited by defendants, several found that it was not an abuse of discretion to deny a motion for continuance of the trial. *See Morris v. Slappy,* 461 U.S. 1, 11-12 (1983); *United States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005).

The defendants' constitutional rights are not implicated, but even if the Court were to consider the Eleventh Circuit factors that apply when those rights are implicated, the balance weighs against any further continuance. The length of delay requested is open-ended and a minimum of nine weeks. *See Bowe*, 221 F.3d at 1190 ("Bowe requested a postponement of many months, not just a few days as in *Smith–Weik*, and Bowe's request came not on the eve of trial but with weeks left to prepare."); *id.* ("The postponement requested by Bowe was lengthy and open-ended . . . ."). Defendant Trump has local counsel—who are familiar with the case and who have obtained all the necessary security clearances—who are not participating in the New York trial and can handle any remaining work on the submissions. *See, e.g.*, ECF No. 15 ("Local counsel

must be ready to adequately represent the party at any time."). The original deadlines for the submissions were mid-November—about six months before the current deadline—and a continuance was already requested and granted. Because these submissions are crucial to moving the case to trial, defendants are wrong that no prejudice would result. *See* ECF No. 452 at 5. And counsel have long foreseen the deadlines and already obtained a nearly six-month continuance. *See United States v. Barrentine*, 591 F.2d 1069, 1075 (5th Cir. 1979) ("The Smiths were aware of the likelihood of their prosecution four and one-half months before trial. They knew of the conflict in Garland's schedule less than two weeks after they retained him.").

The cases in which the Eleventh Circuit (or predecessor Fifth Circuit) has found violations of the right to counsel or inadequate time to prepare present sharply different facts. *See, e.g., United States v. Verderame,* 51 F.3d 249, 252 (11th Cir. 1995) (34 days between arraignment and trial insufficient to prepare under circumstances of the case); *Gandy*, 569 F.2d at 1320 (at a docket call, trial set for following day, and when counsel was unavailable for the second day of trial, court denied motion for continuance, resulting in counsel who was unfamiliar with the case representing defendant). Simply put, there is no support for what is sought here: an indeterminate continuance of pretrial deadlines for a defendant who has already had months to prepare and meet those deadlines, and whose arguments are identical to those the Court already rejected in setting the deadlines in the first place.

## CONCLUSION

Each time the Court sets a new deadline in this case and attempts to keep it moving toward trial, the defendants reflexively ask for an adjournment. That must stop. The Court should deny defendants' motions to continue the May 9 expert witness disclosure and CIPA Section 5 notice deadlines.

7

        Respectfully submitted,

        JACK SMITH
        Special Counsel

By:  */s/ Jay I. Bratt*
    Jay I. Bratt
    Counselor to the Special Counsel
    Special Bar ID #A5502946
    950 Pennsylvania Avenue, N.W.
    Washington, D.C.  20530

    Julie A. Edelstein
    Senior Assistant Special Counsel
    Special Bar ID #A5502949

    David V. Harbach, II
    Assistant Special Counsel
    Special Bar ID #A5503068

## CERTIFICATE OF SERVICE

I, Julie A. Edelstein, certify that on April 14, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Julie A. Edelstein*
Julie A. Edelstein
