UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

Case No. 23-80101-CR
CANNON/REINHART

## PRESIDENT TRUMP'S REPLY IN SUPPORT OF MOTION FOR AN ADJOURNMENT OF THE DEADLINES FOR DEFENDANTS' RULE 16 EXPERT DISCLOSURES AND CIPA § 5(a) NOTICE

President Donald J. Trump respectfully submits this reply in support of his motion for an adjournment of the deadlines for Defendants' Rule 16 Expert Disclosures and CIPA § 5 (a) Notice (the "Motion"), ECF No. 452, and in response to the opposition brief by the Special Counsel's Office ("SCO"), ECF No. 453 (the "Opposition").

The SCO both fails to identify any prejudice to the government if the Court grants a brief extension of the Rule 16 and CIPA § 5(a) deadlines and does not earnestly acknowledge President Trump's constitutional right to counsel of his choice. The SCO inexplicably asserts that "defendants are wrong that no prejudice would result" if the Court granted the Motion. ECF No. 453 at 7. Yet, the SCO makes no effort to actually identify how the *government* would be prejudiced by an extension of time to allow President Trump and his counsel the right to defend him in New York and before this Court. The SCO then ignores the obvious and substantial prejudice to President Trump. Simply put, President Trump and his counsel cannot prepare—or even discuss—the required filings anywhere but an appropriate SCIF, a virtually impossible task

given President Trump and Messrs. Blanche and Bove's involvement in *People v. Trump*, Ind. No. 71543-2023 in New York, New York.

The SCO argues President Trump's constitutional rights are "not implicated" because his counsel has had "months to prepare the submissions at issue" and will "only be in trial four days a week in New York." ECF No. 453 at 6. This premise is untethered to reality and disregards the substantial motion practice that has occurred before this Court. *See, e.g.*, ECF Nos. 236 (Notice of Filing CIPA § 4 Motions); 262 (Motion to Compel Discovery); 324 (Motion to Dismiss Based on Presidential Immunity); 325 (Motion to Dismiss Based on Unconstitutional Vagueness); 326 (Motion to Dismiss Based on Unlawful Appointment and Funding of Special Counsel); 327 (Motion to Dismiss Based on the Presidential Records Act). President Trump and his counsel have not been sitting idle over the past months and have worked diligently to advance the case forward. That said, certain tasks remain for ***completion*** which can only be accomplished in the Florida SCIF.

In its Opposition, the SCO seemingly ignores Messrs. Blanche and Bove's unavailability in this District due to the *People v. Trump* trial and steers clear of the fact that "Mr. Bove is principally responsible for all classified and CIPA litigation in this case on behalf of President Trump," ECF No. 452 at 4. *See* ECF No. 453 at 6-7 ("Defendant Trump has local counsel—who are familiar with the case and who have obtained all the necessary security clearances—who are not participating in the New York trial and can handle any remaining work on the submissions.").

This argument is disingenuous at best, because just last month at a hearing before this Court, the SCO lauded Mr. Bove and recognized his indispensability to President Trump's team *in filing a CIPA § 5 notice*.

> One, Mr. Blanche was expressing some shock over the fact that we wouldn't think -- that we wouldn't know that we might want to

2

> litigate the Section 5. I will just tell the Court that I saw their notice in the election case, and it was woefully inadequate. I mean, it sought things that had not even been produced in discovery. It was noticing things that were in -- somewhere in the Intelligence Community's realm. And that's why our colleagues in that case filed their motion to strike.
>
> **We have every expectation, knowing, again, Mr. Bove and his experience, that the Court -- that they would -- in this case they will file a sufficient -- a sufficient notice.** So we don't expect there to be litigation. We certainly don't want there to be.

March 1, 2024, Hrg. Tr. 82:2-15 (emphasis added). The SCO cannot seriously contend that CIPA § 5(a), whereby a defendant must provide particularized notice setting forth the specifically classified information which he believes to be necessary to his defense, is not a critical stage. *See United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983) (describing requirements of CIPA § 5(a)). The SCO also cannot seriously contend Mr. Bove is not indispensable in this process. Thus, even setting aside the lack of availability noted in the Motion, local counsel are not capable of handling alone[1] the tasks remaining to finalize the CIPA § 5(a) process.

The SCO's suggestion that no constitutional infirmity exists for denying a brief extension of a pre-trial motion deadline only underscores President Trump's argument that, as evidenced by the dearth of authority on the issue, in *any* other case, much less one involving the complexities of CIPA, the government would not seriously contend that a criminal defendant's Sixth Amendment right is not prejudiced when his counsel of choice represents the *same* criminal defendant in a trial in a *different* jurisdiction where the defendant and his counsel cannot access or discuss the materials necessary to meet the pre-trial deadline. Any and all prejudice thus inheres to President Trump, not the government.

---

[1] As the SCO is well aware, local counsel are not even able to discuss the relevant issues or seek any guidance from Mr. Bove outside the Florida SCIF.

Although authority like *United States v. Verderame* arise from a denial of a motion to continue trial, rather than a pre-trial deadline, the thrust of the court's holding applies equally in this instance: "Implicit in this [Sixth Amendment] right to counsel is the notion of adequate time for counsel to prepare the defense." 51 F.3d 249, 252 (11th Cir. 1995). Given the potential penalties associated with a defendant's failure to properly comply with the requirements of § 5(a), *see* CIPA § 5(b), President Trump and his counsel of choice require adequate time to prepare the defense. Adhering to the SCO's "insistence upon expeditiousness" in this instance would render President Trump's "right to defend with counsel an empty formality." *Verderame*, 51 F.3d at 252. Accordingly, President Trump respectfully requests an adjournment of the May 9, 2024, deadlines until three weeks after the conclusion of the *People v. Trump* trial.[2]

Dated: April 18, 2024

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

---

[2] The trial is proceeding expeditiously, and jury selection may be completed by the end of this week.

## CERTIFICATE OF SERVICE

I, Christopher M. Kise, certify that on April 18, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise
