UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.
_____/

## GOVERNMENT'S REPLY TO DEFENDANT WALTINE NAUTA'S RESPONSE TO THE GOVERNMENT'S FOURTH MOTION FOR CERTAIN REDACTIONS

On April 19, 2024, defendant Waltine Nauta filed a response (ECF No. 468) to the Government's April 18 motion (ECF No. 464) requesting certain redactions—consistent with this Court's prior Orders, *see, e.g.*, ECF No. 438—to its sur-reply in opposition to Nauta's motion to dismiss for selective and vindictive prosecution. Nauta consented to the Government's proposed redactions, ECF No. 468 at 3, but nonetheless filed a response to level yet more baseless accusations of prosecutorial misconduct. A response is necessary to again set the record straight.

On this occasion, Nauta accuses the Government of misconduct because, on April 16, it asked the District Court for the District of Columbia for permission to disclose to this Court in a non-public filing an October 2022 minute order issued by the D.C. court that was directly relevant to the matters before this Court. He complains that the Government's petition to the D.C. court did not refer to Federal Rule of Criminal Procedure 6(e)(3)(G) (providing for transfer of a disclosure petition under certain circumstances), but there was no need to do so because the

Government sought only to provide the minute order to this Court. He also wrongly suggests that the Government failed to provide an interested party an opportunity to be heard, but the Government, in fact, served its petition on Nauta's counsel, who also represents that interested party. The Government followed the procedures mandated by the Federal Rules of Criminal Procedure to allow it to disclose a D.C. minute order to this Court. The minute order arose in the context of a grand-jury proceeding, and a court may authorize the disclosure of such a matter "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). "A petition to disclose a grand-jury matter under Rule 6(e)(3)(E)(i) *must* be filed in the district where the grand jury convened." Fed. R. Crim. P. 6(e)(3)(F) (emphasis added).

The only issue presented to the D.C. court was whether the Government could disclose a minute order to this Court. Because the sealed minute order, which related to a grand-jury matter, was entered by the D.C. court, where the grand jury was convened, Rule 6(e)(3)(E)(i) required the Government to file its petition in the District of Columbia. Although the Government could have filed its petition *ex parte*, Fed. R. Crim. P. 6(e)(3)(F); *see In re Sealed Case*, 250 F.3d 764, 772 (D.C. Cir. 2001) (Rule 6(e) "expressly permits the court to proceed *ex parte* where the Government is the petitioner, as it was here"), the Government chose not to do so. Instead, it served it on Woodward, who represents both Nauta and the individual discussed in the minute order. There was no need to address any potential transfer to this Court because the Government was simply obtaining permission to disclose the minute order to this Court. All parties were well aware that this Court would ultimately decide on public disclosure of the minute order; the Government filed its sur-reply with the Court via email, pursuant to this Court's paperless Orders at ECF Nos. 320 and 365, which would only become public after further instructions from the Court. As contemplated, this Court heard from the parties (ECF Nos. 464, 468) on their positions regarding

2

public disclosure, and it subsequently provided instructions to the parties (ECF No. 474) on the public docketing of materials.

In sum, because the Government was seeking permission from the D.C. court to disclose to this Court in an email filing information from a sealed D.C. court minute order, there was no need for the D.C. court to hear anything from the other parties on disclosure, nor was there anything for the D.C. court to transfer pursuant to Rule 6(e)(3)(G).[1] Nauta's recasting of this benign sequence of events as "prosecutorial misconduct" is entirely unwarranted.

Respectfully submitted,

JACK SMITH
Special Counsel

By:     */s/ Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

---

[1] "If the petition to disclose arises out of a judicial proceeding in another district, the petitioned court must transfer the petition to the other court unless the petitioned court can reasonably determine whether disclosure is proper." Fed. R. Crim. P. 6(e)(3)(G).

## CERTIFICATE OF SERVICE

I, Julie A. Edelstein, certify that on April 24, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Julie A. Edelstein*
Julie A. Edelstein
