**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON/Reinhart**

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**DONALD J. TRUMP,**
**WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

Defendants.
_______________________________/

**ORDER DIRECTING PUBLIC DOCKETING OF OUTSTANDING UNDOCKETED PRE-TRIAL MOTIONS AND RESOLVING RELATED MOTIONS**

**THIS MATTER** comes before the Court following review of the parties' competing redaction proposals related to the remaining undocketed pretrial motions and associated exhibits: (1) Defendant Trump's "Motion to Dismiss for Prosecutorial Misconduct and Due Process Violations" ("Motion to Dismiss Based on Prosecutorial Misconduct"); and (2) Defendant Trump's "Motion for Relief Relating to the Mar-a-Lago Raid and Unlawful Piercing of Attorney-Client Privilege" ("Motion to Suppress") [ECF Nos. 543, 545, 547].[1] As the Special Counsel indicates, the parties largely agree on the proposed redactions, consisting mostly of names of potential witnesses, ancillary names, and personal identifying information (PII)—categories of information as to which the Court has authorized redactions in prior Orders and continues to do so now [ECF Nos. 543, 543-1 (noting limited areas of disagreement)]. Where the parties agree on

[1] The Special Counsel submitted initial *in camera* "red box" redactions of the Motions, related filings, and associated exhibits [ECF No. 348]. Following the Court's Sealed Status Conference on May 8, 2024, both sides submitted amended "red box" redaction proposals [ECF Nos. 533, 539].

the content to be redacted, even if for different reasons, the Court accepts and authorizes the proposed redactions with limited exceptions enumerated below. Where the parties disagree with respect to whether certain materials should be redacted on the basis of attorney-client privilege, the Court agrees to accept for now Defendant Trump's characterization of the material as privileged pending merits review of the privilege issues raised in the Motion to Suppress, and authorizes redactions on those bases [ECF No. 547]. Finally, to the extent the Special Counsel asserts a need for continued secrecy over the subject material under Rule 6(e) of the Federal Rules of Criminal Procedure, the Court accepts that rationale despite concerns about the Special Counsel's use of Rule 6(e) as a basis for continued secrecy, *see infra* pp. 4–5, and authorizes the requested sealing/redactions subject to potential further review.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Consistent with the determinations and authorizations set forth above, on or before **May 21**, **2024**, the parties shall file the two remaining undocketed motions in sequence (motions, oppositions, replies) with the exceptions and clarifications detailed in (a) and (b) below, and then file under seal fully unredacted versions of the subject filings for record completeness.

   a. **Defendant Trump's Motion to Dismiss for Prosecutorial Misconduct**

      i. Motion Exhibit 9: The Court does not authorize Defendant Trump's proposed redactions to witness statements in Exhibit 9 to the Motion (USA-00940262). No basis is provided for these redactions, and the Court has previously denied requests to redact the substance of potential witness statements as relied upon in pre-trial motions [ECF No. 438]. Beyond redactions of potential witness names, ancillary names, and PII, Exhibit 9 shall be docketed in unredacted form.

      ii. The Court authorizes the limited redactions to the portions of sentences set forth in the Special Counsel's chart on the basis of the stated Rule 6(e) rationale [ECF No. 543-1 p. 6].

b. **Defendant Trump's Motion to Suppress**

i. Motion Exhibit 2: The Court does not authorize Defendant Trump's proposed redactions to witness statements in Paragraph 28 (USA-00043161). No basis is provided for these redactions, and the Court has previously denied requests to redact the substance of potential witness statements as relied upon in pre-trial motions [ECF No. 438]. The same is true for the phrase located in Paragraph 64 (USA-0043174). The Court accepts the remainder of the parties' proposed redactions as to Exhibit 2.[2] The parties are directed to redact the name of a potential government witness on USA-0043187.

ii. Motion Exhibit 18: The Court authorizes the redactions of sentences identified in the Special Counsel's submission relating to grand jury testimony of "Person 12" [ECF No. 543-1 p. 3 (referencing two sentences on USA-01288853)].

iii. Opposition Exhibit 1: The Court does not authorize Defendant Trump's proposed redactions to witness statements in Paragraph 28 (USA-00043161). No basis is provided for these redactions, and the Court has previously denied requests to redact the substance of potential witness statements as relied upon in pre-trial motions [ECF No. 438]. The same is true for the phrase located in Paragraph 64 (USA-0043174). The Court accepts the remainder of the parties' proposed redactions as to Opposition Exhibit 1. The parties are directed to redact the name of a potential government witness on USA-0043187.

iv. Opposition Exhibit 5: On the basis of the Special Counsel's stated Rule 6(e) rationale, the Court directs full sealing of Opposition Exhibit 5 (beginning with USA-00805861).

2. The Special Counsel's "Motion for Sealing and Redaction of Defense Filings and Exhibits" [ECF No. 348] is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order and the Court's prior Orders [ECF Nos. 438, 440, 474, 492, 503].

3. The Special Counsel's "Second Motion for Certain Redactions and Sealing" [ECF No. 384] is **GRANTED IN PART AND DENIED IN PART** in accordance with

[2] The Special Counsel seeks to redact the entire sentence of which this phrase is a part [ECF No. 549 p. 2]. That request is similarly denied.

this Order and the Court's prior Orders [ECF Nos. 438, 440, 474, 492, 503].

4. Upon compliance with this Order, all substantive pre-trial motions submitted on February 22, 2024, along with the associated oppositions/replies, will have been docketed publicly.[3]

5. In closing, the Court deems it necessary to express concern over the Special Counsel's treatment of certain sealed materials in this case. In two separate filings related to sealing, the Special Counsel stated, without qualification, that he had no objection to full unsealing of previously sealed docket entries related to allegations of prosecutorial misconduct [ECF Nos. 423, 464]. In light of that repeated representation, and in the absence of any defense objection, the Court unsealed those materials consistent with the general presumption in favor of public access [ECF No. 472 (unsealing ECF Nos. 101, 115–116, 118)]. Subsequently, in the course of adjudicating continuing redaction disputes leading to this Order, the Court inquired about those now-unsealed filings, which contain material as to which the Special Counsel has voiced (and continues to voice) objections to unsealing [ECF No. 267–268, 294, 350, 369, 511 (opposing public disclosure of potential witness names, ancillary names, and grand jury matters); *see* ECF Nos. 506, 533, 542].[4] In response to those inquiries, counsel explained that the Special Counsel took the position on unsealing in order to publicly and transparently refute defense allegations of prosecutorial misconduct raised in

[3] In addition, subject to further unsealing as becomes necessary, this Order marks the resolution of the limited disclosure issues transferred to this Court by the U.S. District Court for the District of Columbia [ECF No. 512 (sealed)].

[4] The Court also notes that the Superseding Indictment contains numerous quotes from grand jury testimony, the balance of which the Special Counsel continues to maintain require sealing under Rule 6(e) [ECF No. 85].

pretrial motions [ECF No. 542 p. 67].[5] Fair enough. But nowhere in that explanation is there any basis to conclude that the Special Counsel could not have defended the integrity of his Office while simultaneously preserving the witness-safety and Rule-6(e) concerns he has repeatedly told the Court, and maintains to this day, are of serious consequence, and which the Court has endeavored with diligence to accommodate in its multiple Orders on sealing/redaction [*e.g.*, ECF Nos. 295, 361, 438, 440, 474]. The Court is disappointed in these developments. The sealing and redaction rules should be applied consistently and fairly upon a sufficient factual and legal showing. And parties should not make requests that undermine any prior representations or positions except upon full disclosure to the Court and appropriate briefing.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 19th day of May 2024.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

[5] The transcript of the hearing remains sealed because it contains detailed discussions of sealed grand jury material [ECF No. 542].