IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
Case No. 9:23-CR-80201

**By: Jeffrey Emil Groover**

141 NW 1st Avenue

Dania Beach Florida 33004

Amicus Curiae


**United States of America,**

   Plaintiff,

v.

**Donald J. Trump,**

   **Defendant.**

_____/

# MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE AND FILE AMICUS CURIAE BRIEF

## I. Introduction

The undersigned, Jeffrey Emil Groover, respectfully moves this Honorable Court for leave to file an amicus curiae brief in the Classified Documents Case against former President Donald J. Trump. The proposed brief aims to address a critical legal issue related to the search warrant executed at Mr. Trump's residence. That issue has not been raised and is of vital importance to a fair trial for the defendant.

1

## II. Background

1. The Classified Documents Case involves allegations that Mr. Trump mishandled top-secret documents at his Florida estate, Mar-a-Lago.
2. The warrant authorized an unprecedented search of Mr. Trump's property, resulting in the seizure of classified records marked as "top secret" and "sensitive compartmented information."
3. The issue of the warrant's invalidity has not been previously raised before this Court.
4. Petitioner is mindful of the court's time and believes this to be important issue and will take very little of the court's time.
5. The government has committed fraud upon the defendant and the court, by not obeying a law that is Jurisdictional.

## III. Argument

### A. Warrant Is Void Ab Initio

1. The Fourth Amendment protects against unreasonable searches and seizures. A warrant must meet strict requirements to be valid. In the federal courts, a warrant must comply with 28 U.S.C. 1691 to be valid. The purported warrant used to search and seize evidence from former President Trump's home is void because it does not comply with Title 28 U.S.C. 1691.
2. Amicus Curiae contends that the warrant used to search Mr. Trump's residence is void ab initio due to:
    a. Lack of statutory requirements
    b. Fraud upon the court
3. The Amicus Curiae brief will demonstrate that the warrant's deficiencies render it constitutionally defective due to the jurisdictional nature of the statute as a matter of law.

### B. Non-Compliance with 28 U.S.C. Section 1691

1. Title 28 U.S.C. Section 1691 explicitly mandates that "all writs and process issuing from a court of the United States shall be under the seal of the court and be signed by the clerk thereof."
2. The warrant used for the search of Mr. Trump's residence does not bear

    the seal of the court or the signature of the clerk, rendering it legally deficient on it's face.
3. The government is not allowed to arbitrarily violate the law. Violations undermine the integrity of the judicial process.
4. Government agents knew or should have known the law, 28 U.S.C. section 1691, and violated the law anyway by utilizing a document that is no more than a worthless piece of paper.
5. There can be no good faith exception to a Jurisdictional requirement. The Supreme Court ruled in Bowles v. Russell, 551 U.S. 205, (2007), stated that "We are not authorized to create an equitable exception to a Jurisdictional requirement. The use of the *unique circumstances doctrine is overruled.*" *28 U.S.C. 1691* is Jurisdictional because it meets all of the requirements put forth by the Supreme Court. a) It uses the word "shall" in the text; b) it is grounded in a statute; and c) the historical treatment of the rule is that a warrant without the seal of the court is void. The court has no authority to accept a warrant that does not meet the requirements of the statute. Furthermore, the government has perpetrated a fraud upon the defendant by violation of his constitutional rights by not following the law, where they knew or should have known the law.

## IV. Conclusion

In the interest of justice and constitutional principles, Petitioner respectfully requests leave to file the proposed amicus curiae brief. This submission will provide valuable insights into the warrant's invalidity and contribute to the fair resolution of this case.

**Respectfully submitted,**

*/s/ Jeffrey E. Groover*
Jeffrey Emil Groover

Date: April 19, 2024

3

## CERTIFICATE OF SERVICE

I, Jeffrey E. Groover, hereby certify that a true and correct copy of the foregoing motion For Leave To Appear As Amicus Curiae And to File Amicus Curiae Brief, has been mailed to the following parties in the above entitled case.

Christopher M. Kise

Chris Kise & Associates, P.A.

201 East Park Avenue Florida 5

Tallahassee, Florida 32301-1511

Lindsey Halligan

Attorney at Law

511 SE 5th Avenue

Suite 1008

Fort Lauderdale, Florida 33301

President Donald J. Trump

1100 South Ocean Boulevard

4

Palm Beach, Florida 33480


United States Department of Justice

Attn: Mr. Jack Smith

99 East 4th Street

Miami, FL 33128


By: *[signature]*

Jeffrey Emil Groover

