Amicus Curiae Brief

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-CR-80201

## BRIEF FOR AMICUS CURIAE

Subject: Exclusion of Evidence Seized in the Classified Documents Case Against Former President Donald J. Trump due to a void warrant.

### I. Introduction and Summary

The undersigned amicus curiae respectfully submits this brief in support of the exclusion of evidence seized during the search of former President Donald J. Trump's residence. The central issue at hand pertains to the validity of the search warrant used by federal authorities. Specifically, we argue that the warrant is void due to its failure to comply with the requirements set forth in Title 28 U.S.C. Section 1691. Although this issue has not been raised by either party. Amicus curiae suggests that the importance of this case necessitates that this issue be reviewed by the court. Amicus has attempted to contact both parties without a response. Both parties have been notified of this filing without response. This issue is clear and will not require a significant amount of time from the court to decide.

### II. Background

On August 8, 2023, the Federal Bureau of Investigation (FBI) executed a search warrant at Mar-a-Lago, the Florida property owned by former President Trump. The warrant authorized the search for evidence related to the handling of highly classified documents. During the search, the FBI seized 18 government documents marked as top secret, along with other classified records according to news reports. A copy of the warrant was obtained from the clerks office. After a review of the warrant it was discovered that it does not comply with the requirements of 28 U.S.C. 1691. The lack of these requirements has caused critical and irreparable deficiencies in the warrant that render it void and, consequently, any evidence obtained pursuant to it should be excluded.

### III. Legal Analysis

#### A. Title 28 U.S.C. Section 1691 Requirements

"All writs and process issuing from a court of the United States shall be under the seal of the court and be signed by the clerk thereof."

Title 28 U.S.C. Section 1691 outlines the essential elements that any writ and process, (a search warrant is a writ and process. See Blacks Law Dictionary 6th ed. 1990), must contain to be valid. These requirements include:

Seal of the Court: The warrant must bear the official seal of the issuing court, signifying its authenticity and authority.

Signature of the Clerk: The warrant must be signed by the clerk of the court, attesting to its issuance in accordance with legal procedures congress mandated.

B. Deficiencies in the Warrant

Lack of Court Seal: The warrant used to search President Trump's residence conspicuously lacks the court's official seal. This omission directly contravenes the statutory mandate under Title 28 U.S.C. Section 1691 as congress intended.

Absence of Clerk's Signature: Similarly, the warrant does not bear the signature of the court clerk, a fundamental requirement for its validity.

C. Void Warrant Doctrine

The principle of the "void warrant" doctrine holds that any warrant failing to meet statutory prerequisites is void ab initio. Consequently, evidence obtained pursuant to such a warrant is inadmissible in court proceedings. The government's actions in executing a warrant that does not comply with Title 28 U.S.C. Section 1691 constitutes a violation of the law and raises serious questions about the validity of the criminal prosecution itself.

IV. Precedent and Case Law

Starr v. United States : 153 U.S. 614 (1894) In this landmark case, the Supreme Court ruled that a warrant lacking the court's seal when required by statute is void. The historical context underscores the significance of the seal as a symbol of judicial authority.

Current Legal Framework: Title 28 U.S.C. Section 1691 has been in effect since 1946, and no authority permits the government to flout its requirements.

When the Supreme Court determines whether a rule is Jurisdictional. It looks at three factors. 1) The text; 2) The context and; 3) The historical treatment. In this case the statute uses the word shall in its text. It is very clear what Congress's intentions were. The context of this rule leaves no doubt because It is grounded in a statute by itself. Furthermore, the historical treatment of the rule has always been that a warrant Is void without the seal of the court. Therefore, this rule is not to be violated.

There can be no good faith exception to a Jurisdictional requirement. The Supreme Court ruled in Bowles v. Russell, 551 U.S. 205, (2007), that "We are not authorized to create an equitable exception to a Jurisdictional requirement. The use of the *unique circumstances doctrine is overruled.*" 28 U.S.C. 1691 is Jurisdictional because it meets all of the requirements put forth by the Supreme Court. a) It uses the word "shall" in the text; b) it is grounded in a statute: and c) the historical treatment of the rule is that a warrant without the seal of the court is void. The court has no authority to accept a warrant that does not meet the requirements of the statute. Furthermore, the government has perpetrated a fraud upon the defendant by violation of his constitutional rights by not following the law, where they knew or should have known the law.

V. Interests of Amicus Curiae

Amicus Curiae is also an aggrieved party due to the same illegal actions of the government. Where he was arrested on January 30th, 2013, October 11th, 2013, and April 3rd of 2014 by colore offici by the pretended use of a void warrant that did not bear the seal of the court or signature of the clerk as required by law.

V. Conclusion

In light of the foregoing analysis, it is respectfully urged that this Honorable Court sua sponte declare the warrant void and exclude all evidence seized based on it. Upholding the sanctity of statutory requirements and preserving the integrity of the legal process demand strict adherence to procedural rules. Allowing evidence obtained through a void warrant would not only contravene established legal principles but also undermine the constitutional rights of the accused. No authority can be found that allows the government to violate this law. If the court were to allow this flagrant violation of the law. We have entered on a slippery slope of the end justifying the means. This violation of the law has deprived the defendant of his fourth, fifth, sixth and fourteenth amendment rights under the constitution. Therefore, it is imperative that the court exclude such evidence to ensure justice is served and the rule of law is upheld.

Respectfully submitted

*Jeffrey Emil Groover*
Jeffrey Emil Groover
Amicus Curiae