UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

**DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,**

      **Defendants.**

_____/

**GOVERNMENT'S DISCOVERY STATUS REPORT**

In accordance with the Court's Order of May 7, 2024 (ECF No. 530), the United States of America files this discovery report regarding the status of discovery, the outstanding motions to compel, and pending discovery disputes. As the Government has previously noted, throughout this case, it has exceeded its discovery obligations both in terms of timing and scope.

    **I.**    **Status of Discovery**

The Government has made fifteen productions of unclassified discovery. The Government has described these productions in its responses to the Standard Discovery Order, ECF Nos. 30, 59, 80, 92, 113, 122, 143, 172, 184, 235, 253, 273, 291, 330, 362, 371, 575. The first and second Joint Discovery Reports, ECF Nos. 158 and 252, respectively, also described the first eight of these productions.

As recounted in the first Joint Discovery Report (ECF No. 158), the Government had provided to the defense by early September five productions of unclassified discovery, totaling about 1.28 million pages, as well as all CCTV footage obtained in the Government's investigation.

1

As recounted in the second Joint Discovery Report (ECF No. 252), between September 14, 2023, and January 9, 2024, the Government provided to the defense three productions of unclassified discovery, totaling about 4,000 pages. Since January 9, 2024, the Government has made seven additional productions of unclassified discovery, totaling about 4,364 pages. In sum, the Government has now produced almost 1.29 million pages of unclassified discovery, about 1.28 million of which were produced by September 2023.

The Government has also made nine productions of classified discovery, which have been described in prior filings. *See* ECF Nos. 158 at 3, 165 at 5-6, 173 at 5-6, 187 at 5-7, 190, 199, 204, 235, 252 at 2, 291, 417. These nine productions consist of five discs and about 6,043 pages; certain of these pages now have also been produced in unclassified discovery. *See* ECF Nos. 235 at 1, 330, 330-1. On June 3, 2024, the Government will provide to the Classified Information Security Officer ("CISO") in an accredited facility in the Southern District of Florida a tenth production of classified discovery including additional potential Jencks material in the form of emails that the Government has referred to as "after-action reports," and it will file a supplemental response to the Standing Discovery Order once it has done so.

The Government has already produced certain Jencks Act materials, and it anticipates producing additional such materials in advance of trial. The Government is also aware of its continuing duty to disclose additional information as required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, *Giglio v. United States*, *Napue v. Illinois*, and the obligation to assure a fair trial.

II.     **Motions to Compel and Pending Discovery Disputes**

Since the defendants filed their motions to compel on January 16, 2024, the Government has made six productions of unclassified discovery and two productions of classified discovery.

2

Defendants have also served one additional discovery letter (May 4, 2024) on the Government, *see* ECF No. 529-1, to which one of the unclassified productions responds. Through these productions, the Government has sought to respond to certain of the defendants' requests by producing various materials as set forth below:

- Approximately 2,088 pages produced in response to a January 19, 2024 email from defense counsel requesting certain materials related to crime-fraud litigation;

- Materials the Government represented that it would produce in its Response in Opposition to Defendants' Motion to Compel Discovery (*see* ECF No. 277 at 50 (referencing DOE materials), *id.* at 57-60 (material previously produced in classified discovery that is unclassified, as well as redacted classified transcripts)), and classified supplement (*see* Supp. at 47 n. 9 (referencing NSC logs));

- Documents produced in response to defendant Trump's May 4, 2024 discovery letter; and

- Additional emails the Government has characterized as "after-action reports."

On May 30, the Government asked counsel for defendants whether the above productions resolved any issues raised in defendants' motions to compel or other outstanding discovery disputes. Based on the response received on that same date—as the Government expects the defendants will further explain in their report—the Government understands that its productions did not resolve the disputes pending in the motions to compel, but the defense is still reviewing the productions to determine if they have resolved certain other discovery disputes in whole or in part.

Respectfully submitted,

JACK SMITH
Special Counsel

By:  /s/ *Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946

950 Pennsylvania Avenue,
NW Washington, D.C. 20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 31, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                *s/ Julie A. Edelstein*
                Julie A. Edelstein