March 29, 2024

JESSICA NAN BERK
2715 Boardwalk Suite 1511,
Atlantic City, NJ 08401

&

HILDA TOBIAS KENNEDY
2834 Atlantic Ave, Suite 815,
Atlantic City, NJ 08401

Alto Lee Adams, Sr. United States Courthouse
101 South U.S. Highway 1
Chambers 4044
Fort Pierce, Florida 34950

FILED BY___scn___D.C.
Jun 6, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Fort Pierce

IN RE: **CASE NO. 23-80101-CR-CANNON-REINHART**

Dear Honorable Judge Judge Aileen M. Cannon,

Please accept this informal MOTION FOR LEAVE TO PRESENT ORAL ARGUMENTS BY JESSICA NAN BERK AND HILDA TOBIAS KENNEDY AS *AMICI* IN SUPPORT OF DEFENDANT PRESIDENT TRUMP'S MOTION TO DISMISS [ECF 326] PURSUANT TO THE COURT ORDER: *"Any Amici wishing to present oral argument during this ring must seek leave of Court to do so no later than June 3, 2024."* with Americans With Disabilities REASONABLE REQUEST in good faith.

Respectfully submitted,

/S/        /S/

Jessica Nan Berk & Hilda Tobias Kennedy

646-648-3589

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

DONALD J. TRUMP, et al.,

CASE NO. 23-80101-CR-CANNON-REINHART

MOTION FOR LEAVE TO PRESENT ORAL ARGUMENTS BY JESSICA NAN BERK AND HILDA TOBIAS KENNEDY AS *AMICI* IN SUPPORT OF DEFENDANT PRESIDENT TRUMP'S MOTION TO DISMISS [ECF 326] PURSUANT TO THE COURT ORDER: *"Any Amici wishing to present oral argument during this ring must seek leave of Court to do so no later than June 3, 2024."* with Americans With Disabilities REASONABLE REQUEST

BY: JESSICA NAN BERK 2715 Boardwalk Suite 1511, Atlantic City, NJ 08401 &
HILDA TOBIAS KENNEDY 2834 Atlantic Ave, Suite 815, Atlantic City, NJ 08401

Jessica Nan Berk, and Hilda Tobias Kennedy, disabled, *pro se*, indigent, private citizens, elderly, respectfully submit this informal motion for leave to present oral arguments as *amici* in support of President Trump's Motion to Dismiss the Indictment Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith and submit an alternative resolution [E.C.F. No. 326] pursuant to THE COURT ORDER: *"Any Amici wishing to present oral argument during this ring must seek leave of Court to do so no later than June 3, 2024."*:

Amicus briefs [MOTIONS] filed in district court should adhere to the same requirements as those applicable in the Court of Appeals. *See* Fed. R. App. P. 29; *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136-37 (D.D.C. 2008). Unless the amicus is the government or its agency, the amicus must file with consent or court permission. Fed. R. App. P. 29(a)(2).

The motion must be accompanied by the proposed amicus brief [if required], and a statement of the movant's interest [AFFIDAVITS ATTACHED] and how the brief [ORAL ARGUMENT] will assist the Court. *Id.* R. 29(a)(3)(A)-(B). An amicus brief should be filed as promptly as possible to avoid prejudicing the parties [by June 2, 2024]. *Tafas v. Dudas*, 511 F. Supp. 2d 652, 660 (E.D. Va. 2007).

The affidavits attached are our statement(s) of interest for filing this motion.

We have the knowledge and experience the Court may find helpful.

We would want the Court to respectfully see that the funding the state has used, legal or not, to prosecute the Defendant is disproportional to the acts for which others in his same category and class have gone unpunished for the same crime as explained by the Defendant fillings without the semantics by the opposition.

Furthermore, our interest is in the misuse of government funds that do not support the people's interest of justice but is more political in nature. In contrast, funding is greatly needed for crimes against seniors and the disabled, veterans, the elderly, abused children/adults, etc, and the Department of Justice is grossly failing to use the people's money where it matters and should not be condoned for pursuing such a costly and dragged out litigation that could be quickly resolved cheaply [A fine and community service] but for the fact that the Department of Justice is operating in a manner that is prejudicial to the interest of the people in seeking to imprison former President Trump only for the period of the election cycle since it has no money to continue after this year. "*Justice Department projects a large drop in special counsel spending. President Joe Biden's budget proposal estimates that expenditures for special prosecutors will drip from 29 million this fiscal year (2023) to 4 million the next.*" By **JOSH GERSTEIN** and **KYLE CHENEY**   03/11/2024   03:49   PM   EDT   Updated: 03/11/2024 07:05 PM EDT, Politico

Hilda Tobias Kennedy and me, Jessica Nan Berk, are not only renowned activists for progressive issues and disabled rights, but we are victims of discrimination as a disabled person, as you can see in Exhibits/Affidavits "A" and "B" in support of the statement of interest.

We can not, in good conscience, see such a waste of money and miscarriage of justice go without words spoken, as we have suffered so greatly from our miscarriage of justice ourselves.

Under Rule 1 of this Court the parties are not meeting its objective. *Scope and Purpose: These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.* The parties herein are not being subjected to this rule by the Court.

We would also like to urge Congress to make some common sense legislation to stop this continued violation of removing sensitive documents without some kind of order, putting us all at risk.

## LEGAl MEMORANIUM

## A. MEANING AND HISTORY OF AMICI

An amicus curiae [amici] (lit. 'friend of the court'; pl. amici curiae) is an individual or organization that is not a party to a legal case, but that is permitted to assist a court by offering information, expertise or insight that has a bearing on the issues in the case. Whether an amicus brief [oral arument] will be considered is typically under the Court's discretion. The phrase is legal Latin and the origin of the term has been dated to 1605–1615. The scope of amici curiae is generally found in the cases where broad public interests are involved and concerns regarding civil rights are in question.

In American law, an amicus curiae typically refers to what in some other jurisdictions is known as an intervenor: a person or organization who requests to provide legal submissions so as to offer a relevant alternative or additional perspective regarding the matters in dispute. In the American courts, the amicus may be referred to as an amicus brief. In other jurisdictions, such as Canada, an amicus curiae is a lawyer who is asked by the Court to provide legal submissions regarding issues that would otherwise not be aired properly, often because one or both of the parties is not represented by counsel. *Wikipedia.*

Amici curiae [Amici] have been successful in helping to persuade the Court in a number of recent high-profile civil rights matters. *See, e.g., California v. Azar*, No. 19-cv-01184-EMC, 2019 WL 1877392, at *2 (N.D. Cal. April 26, 2019) (medical providers' information for pregnant patients); *Regents of the Univ. of Cal.*, 279 F. Supp. 3d at 1046 (DACA's impact on the tech sector); *Duronslet v. Cty. of L.A.*, 266 F. Supp. 3d 1213 (C.D. Cal. 2017) (whether heightened scrutiny applied to transgender minor's claim regarding restroom access).

And amicus participation is not limited to civil rights cases. Amici have weighed in on thousands of district court cases with the potential to affect all manner of government and business interests. *See, e.g.*, *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 593 (S.D.N.Y. 2018) (copyright); *Ohio Valley Envtl. Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 32 (S.D.W. Va. 2015) (environment); *In re BRCA1-, BRCA2-Based Hereditary Cancer Test Patent Litig.*, 3 F. Supp. 3d 1213, 1220 (D. Utah), *aff'd and remanded*, 774 F.3d 755 (Fed. Cir. 2014) (cancer patents); *United States v. S.B.C. Commc'ns, Inc.*, 489 F. Supp. 2d 1, 8 (D.D.C. 2007) (telecommunications antitrust).

## B.  IMPORTANCE OF AMICI

When litigating high-stakes cases—even in district court—parties should consider recruiting amici, who can provide a unique perspective about the broader social and business interests at stake. A well-written amicus brief can persuade the judge to pay closer attention to how a ruling may actually affect nonparties, and as a result, may ultimately impact the outcome of the case.

Potential amici are likely to be interested in the broader impact on the law, especially when the case involves novel legal questions or pertains to an issue of public interest. Paul M. Collins, Jr., *Who Participates as Amici Curiae in the U.S. Courts of Appeals?*, 94 Judicature 128, 134 (2010). Amici may provide new perspectives and educate the Court about the broader consequences its ruling may have.

For example, a group of amici weighed in on the district court case involving the termination of the Deferred Action for Childhood Arrivals (DACA) program. *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018) (Doc. 137-3). The amici were over a hundred tech companies, including Facebook and Microsoft, whose employees and businesses would be affected if DACA were terminated. The amici argued that terminating DACA would result in substantial economic damage to their businesses and the national G.D.P. The district court granted the injunction, finding irreparable harm to "organization interests, economic output, public health, and safety." *Id.* at 1046. *Summer Associate, Kayla Bowen, co-authored.*

### C. AMERICANS WITH DISABILIES RESONABLE REQUEST

We did not see that a brief is required per the court order but as such we are disabled and could not have one done in the time of June 2, 2024, so as a reasonable request under A.D.A. Hilda Tobias Kennedy and I, Jessica Nan Berk are only submitting our request for oral argument. In the alternative, Jessica Nan Berk and Hilda Tobias Kennedy respectfully request additional time to file a brief in support of this motion.

### CONCLUSION

This amicus motion is privately funded: An amicus brief [motion] is most impactful when it is not funded or authored by a party or a party's counsel. *See Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 304 (S.D.N.Y. 2000), *aff'd sub nom. Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001). But of course, "by the nature of things an amicus is not normally impartial . . . there is no rule that amici must be totally disinterested." *Tafas*, 511 F. Supp. 2d at 661 (cleaned up).

*We respectfully submit this motion to request oral arguments in the interest of justice under FRCP RULE 1 as stated above.*

Respectfully Submitted,

*Jessica Nan Berk*
Jessica Nan Berk

*Hilda Tobias Kennedy*
Hilda Tobias Kennedy