**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 23-80101-CR-CANNON-REINHART**

UNITED STATES OF AMERICA,

      *Plaintiff,*

v.

DONALD J. TRUMP, et al.,

      *Defendants*.

**SUPPLEMENTAL BRIEF BY CONSTITUTIONAL LAWYERS,
FORMER GOVERNMENT OFFICIALS, AND STATE DEMOCRACY DEFENDERS
ACTION AS *AMICI CURIAE* IN OPPOSITION TO DEFENDANT
DONALD J. TRUMP'S MOTION TO DISMISS THE INDICTMENT
BASED ON THE UNLAWFUL APPOINTMENT AND FUNDING OF
SPECIAL COUNSEL JACK SMITH [ECF NO. 326]**

MATTHEW A. SELIGMAN
STRIS & MAHER LLP
777 S Figueroa St, Suite 3850
Los Angeles, CA 90017
(213) 995-6873
mseligman@stris.com

CRISTINA ALONSO
Florida Bar No. 327580
ALONSO APPEALS
15757 Pines Boulevard, Suite 222
Pembroke Pines, FL 33027
(954) 667-8675
alonso@alonsoappeals.com

*Counsel for Amici Curiae*

**CORPORATE DISCLOSURE STATEMENT**

State Democracy Defenders Action is a nonprofit corporation headquartered in Washington, D.C., and operating as a social welfare organization under Section 501(c)(4) of the Internal Revenue Code. It has no parent corporation, has issued no stock, and as such, no publicly held company owns 10 percent or more of its stock.

## **TABLE OF CONTENTS**

**Pages**

CORPORATE DISCLOSURE STATEMENT ........................................................................C-1

TABLE OF AUTHORITIES............................................................................................................ ii

INTRODUCTION AND INTEREST OF *AMICI CURIAE*............................................................1

MEMORANDUM OF LAW ............................................................................................................1

I.      THE LAWFULNESS OF THE APPOINTMENT OF THE SPECIAL COUNSEL IS A PURE QUESTION OF LAW THAT REQUIRES NO FACTUAL DEVELOPMENT ...............................................................................................................1

II.     EVERY COURT TO HAVE ADDRESSED THESE QUESTIONS HAS DONE SO AS A MATTER OF LAW WITHOUT CONDUCTING EVIDENTIARY PROCEEDINGS TO DEVELOP A FACTUAL RECORD. ................................................6

CONCLUSION...................................................................................................................................8

LOCAL RULE 7.1 CERTIFICATION OF GOOD-FAITH CONFERRAL .................................9

CERTIFICATE OF SERVICE .......................................................................................................10

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Biden v. Nebraska*,
  143 S. Ct. 2355 (2023) ................................................................................................ 5

*Buckley v. Valeo*,
  424 U.S. 1 (1976) ................................................................................................ 1, 2, 3

*Edmond v. United States*,
  520 U.S. 651 (1997) ..................................................................................... 4, 5, 6, 7

*Free Enterprise Fund v. Public Company Accounting Oversight Bd.*,
  561 U.S. 477 (2010) .............................................................................................. 4, 6

*Freytag v. Comm'r*,
  501 U.S. 868 (1991) .......................................................................................... 2, 3, 6

*I.N.S. v. St. Cyr*,
  533 U.S. 289 (2001) .................................................................................................. 2

*In re Grand Jury Investigation*,
  315 F. Supp. 3d 602 (D.D.C. 2018) ......................................................................... 6

*In re Grand Jury Investigation*,
  916 F.3d 1047 (D.C. Cir. 2019) ............................................................................ 5, 6

*In re Sealed Case*,
  666 F. Supp. 231 (D.D.C.) ........................................................................................ 7

*In re Sealed Case*,
  829 F.2d 50 (D.C. Cir. 1987) ................................................................................ 5, 7

*Lucia v. S.E.C.*,
  585 U.S. 237 (2018) ..................................................................................... 2, 3, 6, 7

*Morrison v. Olson*,
  487 U.S. 654 (1988) .......................................................................................... 1, 3, 4

*United States v. Donziger*,
  38 F.4th 290 (2d Cir. 2022) ...................................................................................... 6

*United States v. Donziger*,
  No. 11-CV-691 (LAK), 2021 WL 3141893 (S.D.N.Y. July 26, 2021) .................... 6

# TABLE OF AUTHORITIES
## (Continued)

Pages

*United States v. Gantt*,
  194 F.3d 987 (9th Cir. 1999) ............................................................................................... 6

*United States v. Germaine*,
  99 U.S. 508 (1879) ......................................................................................................... 2, 3

*United States v. Hilario*,
  218 F.3d 19 (1st Cir. 2000) ................................................................................................ 6

*United States v. Libby*,
  429 F. Supp. 2d 27 (D.D.C. 2006) ..................................................................................... 7

*United States v. Manafort*,
  321 F. Supp. 3d 640 (E.D. Va. 2018) ................................................................................. 7

*United States v. Nixon*,
  418 U.S. 683 (1974) ............................................................................................... 4, 5, 6, 7

*United States v. Peralta-Ramirez*,
  83 F. Supp. 2d 263 (D.P.R.) ............................................................................................... 6

## Constitutional Provisions

Art. II, § 2, U.S. Const. ............................................................................................................ 1, 5

## Statutes

10 U.S.C. § 866(f) ........................................................................................................................ 4

28 U.S.C. § 509 ........................................................................................................................ 5, 7

28 U.S.C. § 510 ........................................................................................................................ 5, 7

28 U.S.C. § 515 ........................................................................................................................ 5, 7

28 U.S.C. § 515(b) ........................................................................................................................ 5

28 U.S.C. § 533 ........................................................................................................................ 5, 7

28 U.S.C. § 533(1) ........................................................................................................................ 5

5 U.S.C. § 301 ............................................................................................................................... 5

5 U.S.C. § 3105 ............................................................................................................................. 2

5 U.S.C. § 5372 ............................................................................................................................. 2

# TABLE OF AUTHORITIES
## (Continued)

**Pages**

5 U.S.C. § 556 .................................................................................................................................. 2

5 U.S.C. § 556(c)(4) ......................................................................................................................... 2

5 U.S.C. § 557 .................................................................................................................................. 2

### Regulations

17 C.F.R. § 200.14(a)(1) .................................................................................................................. 2

17 C.F.R. § 200.14(a)(4) .................................................................................................................. 2

17 C.F.R. § 200.14(a)(7) .................................................................................................................. 2

17 C.F.R. § 201.111 ......................................................................................................................... 2

17 C.F.R. § 201.111(c) ..................................................................................................................... 2

17 C.F.R. § 201.180(a)(1) ................................................................................................................ 2

17 C.F.R. § 201.360(b) .................................................................................................................... 3

28 C.F.R. § 600.1(a) ........................................................................................................................ 5

5 C.F.R. § 930.204(a) ...................................................................................................................... 2

**INTRODUCTION AND INTEREST OF *AMICI CURIAE*[1]**

*Amici* listed in Exhibit A are former prosecutors, elected officials, other government officials, constitutional lawyers, and an organization dedicated to the rule of law who have spent decades defending the Constitution, the interests of the American people, and the rule of law. *Amici* have an interest in the proper scope of executive power and the faithful enforcement of criminal laws enacted by Congress. Pursuant to the Court's order on May 29, 2024 [ECF No. 588], *amici* respectfully submit this supplemental brief to explain why no factual development is warranted to resolve the question whether the appointment of the Special Counsel is consistent with the Appointments Clause and the statutes Congress has enacted pursuant to that constitutional provision. As numerous courts answering comparable questions have determined, no factual development is needed to answer that pure question of law. Accordingly, the Court should reject as a matter of law Defendant Donald J. Trump's contention that the Special Counsel's appointment is unlawful.

**MEMORANDUM OF LAW**

**I.   THE LAWFULNESS OF THE APPOINTMENT OF THE SPECIAL COUNSEL IS A PURE QUESTION OF LAW THAT REQUIRES NO FACTUAL DEVELOPMENT**

The Appointments Clause of the Constitution empowers Congress to authorize the Attorney General, as the head of the Department of Justice, to appoint inferior officers including the Special Counsel. *See* U.S. Const., Art. II, § 2. The Clause provides that the President must appoint "principal officers" with the advice and consent of the Senate, but Congress may vest the power to appoint "inferior officers" in the President alone without the Senate's consent, the federal courts, or the head of a department like the Attorney General. *Morrison v. Olson*, 487 U.S. 654, 670–71 (1988) (quoting *Buckley v. Valeo*, 424 U.S. 1, 132 (1976)). The determination whether a particular governmental official is an "officer," and if so whether she is a "principal" or "inferior" officer, depends solely on the legal relationship between that official and his or her superiors. And

---

[1] This brief was not authored in whole or in part by counsel for any party and no person or entity other than *amici curiae* or their counsel has made a monetary contribution toward the brief's preparation or submission. Counsel for Defendant President Donald J. Trump has not indicated their position on the filing of this brief. Counsel for Co-Defendant Carlos de Oliveira and counsel for Co-Defendant Waltine Nauta take no position on the filing of this brief. The United States takes no position on the filing of this brief.

1

the question whether Congress vested the Attorney General with the authority to appoint the Special Counsel turns only on the interpretation of the statutes that define his powers. Because those questions are "pure question[s] of law" that do not require the resolution of a "dispute [over] any of the facts," no development of a factual record is required. *I.N.S. v. St. Cyr*, 533 U.S. 289, 298 (2001).

1. The distinction between "officers" and "mere employees" for the purposes of the Appointments Clause is defined by the legal authority vested in the official by statute and regulation. The Supreme Court's "basic framework for distinguishing between officers and employees" considers two factors: whether the official's "*duties* were 'occasional or temporary' rather than 'continuing and permanent'" and whether the official "'exercis[ed] significant authority *pursuant to the laws of the United States*.'" *Lucia v. S.E.C.*, 585 U.S. 237, 245 (2018) (quoting *United States v. Germaine*, 99 U.S. 508, 511-12 (1879) and *Buckley v. Valeo*, 424 U.S. 1, 126 (1976) (per curiam)) (emphases added). Both considerations turn solely on the scope of the official's role as defined by law, rather than facts that may be adduced only through an evidentiary proceeding.

Every one of the Supreme Court's cases addressing this issue adopt that approach. For example, in *Lucia* the Court determined that Administrative Law Judges within the Securities Exchange Commission are "officers" based solely on the legal powers and responsibilities assigned to those officials by regulation. The Court explained that "[f]ar from serving temporarily or episodically, SEC ALJs 'receive[ ] [as] a career appointment' . . . a position created by statute, down to its 'duties, salary, and means of appointment.'" *Lucia*, 585 U.S. at 248 (quoting 5 C.F.R. § 930.204(a) and *Freytag v. Comm'r*, 501 U.S. 868, 878 (1991) and citing 5 U.S.C. §§ 556–557, 5372, 3105). The ALJs "'receive evidence' and 'examine witnesses' at hearings, and may also take pre-hearing depositions." *Id.* (citing 17 C.F.R. §§ 201.111(c), 200.14(a)(4) and 5 U.S.C. § 556(c)(4)) (cleaned up). They "administer oaths, rule on motions, and generally 'regulate the course of' a hearing, as well as the conduct of parties and counsel." *Id.* (quoting 17 C.F.R. §§ 201.111, 200.14(a)(1), (a)(7)) (cleaned up). They "rule on the admissibility of evidence." *Id.* (citing 17 C.F.R. § 201.111(c)) (cleaned up). They "may punish all 'contemptuous conduct,' including violations of those orders, by means as severe as excluding the offender from the hearing." *Id.* (citing 17 C.F.R. § 201.180(a)(1)) (cleaned up). And ultimately "the Commission's ALJs issue decisions containing factual findings, legal conclusions, and appropriate remedies." *Id.*

2

at 249 (citing § 201.360(b)). *See also Freytag v. Comm'r*, 501 U.S. at 881 (determining Special Tax Judges are "officers" based on "the significance of the duties and discretion that special trial judges possess [by those] duties and functions [] delineated in a statute"); *Morrison v. Olson*, 487 U.S. 654 n.12 (1988) ("It is clear that [the Independent Counsel] is an 'officer' of the United States, not an 'employee.'") (citing *Buckley*, 424 U.S. at 126 and n. 162).

And in *Germaine*, the case on which Mr. Trump's *amici* principally rely, the Court determined that a surgeon was a "mere employee" solely by examining his role as defined by statute. The position's organic statute provided that the "Commissioner of Pensions be, and he is hereby, empowered to appoint, at his discretion, civil surgeons to make the periodical examination of pensioners which are or may be required by law, and to examine applicants for pension, where he shall deem an examination by a surgeon appointed by him necessary; and the fee for such examinations." 99 U.S. at 508 (quoting Act of March 3, 1873, § 3). The Court's rationale for its determination that the surgeon was not an "officer" turned only on that statutory definition and the Commissioner's orders and regulations issued pursuant to the statute. The surgeon was "only to act when called on by the Commissioner of Pensions in some special case." *Id.* at 512. He was "required to keep no place of business for the public use" and "gives no bond and takes no oath, unless by some *order* of the Commissioner of Pensions of which we are not advised." *Id.* (emphasis added). And "[n]o regular appropriation is made to pay his compensation, which is two dollars for every certificate of examination, but it is paid out of money appropriated for paying pensions in his district, under regulations to be prescribed by the commissioner." *Id.* The Court concluded by removing any doubt that the legal scope of the surgeon's role was dispositive: "If Congress had passed a law requiring the commissioner to appoint a man to furnish each agency with fuel at a price per ton fixed by law high enough to secure the delivery of the coal, he would have as much claim to be an officer of the United States as the surgeons appointed under this statute." *Id. See also Buckley*, 424 U.S. at 126 ("[A]ny appointee exercising significant authority *pursuant to the laws of the United States* is an 'Officer of the United States,' and must, therefore, be appointed in the manner prescribed by [the Appointments Clause]." (emphasis added)).

2. The distinction between "principal" and "inferior" for the purposes of the Appointments Clause is also defined by the legal authority vested in the official by statute and regulation. The Supreme Court has explained that an inferior officer is "directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate."

3

*Edmond v. United States*, 520 U.S. 651, 663 (1997). *See also Free Enterprise Fund v. Public Company Accounting Oversight Bd.*, 561 U.S. 477, 510 (2010) ("Whether one is an inferior officer depends on whether he has a superior.") (cleaned up). Under the Supreme Court's cases, the status of the Special Counsel as an inferior officer thus depends only on a superior officer holding legal authority to supervise him. The fact of that legal authority—and not any particular details of how that authority is or is not exercised as a matter of policy discretion by the superior officer—is the dispositive consideration in the analysis. As a result, no factual development is required to answer the constitutional question.

In determining the constitutional status of an officer, the Court "relie[s] on several factors: that the independent counsel was subject to removal by a higher officer (the Attorney General), that she performed only limited duties, that her jurisdiction was narrow, and that her tenure was limited." *Edmond*, 520 U.S. at 661 (citing *Morrison v. Olson*, 487 U.S. 654, 672-73 (1988)). In *Edmond*, the Court held that Coast Guard judges' "appointment is in conformity with the Appointments Clause of the Constitution, since those judges are 'inferior Officers' within the meaning of that provision, by reason of the supervision over their work exercised by the General Counsel of the Department of Transportation in his capacity as Judge Advocate General and the Court of Appeals for the Armed Forces." *Id.* at 666. The basis for that determination regarding the scope of "supervision" was the legal relationship between the superior officers and the judges: "The Judge Advocate General exercises administrative oversight over the Court of Criminal Appeals. He is charged with the responsibility to 'prescribe uniform rules of procedure' for the court, and must 'meet periodically [with other Judge Advocates General] to formulate policies and procedure in regard to review of court-martial cases.'" *Id.* at 664 (quoting Uniform Code of Military Justice, Art. 66(f), 10 U.S.C. § 866(f)). *See also Free Enterprise Fund*, 561 U.S. at 510 ("Given that the Commission is properly viewed, under the Constitution, as possessing the power to remove Board members at will, and given the Commission's other oversight authority, we have no hesitation in concluding that under Edmond the Board members are inferior officers whose appointment Congress may permissibly vest in a "Head of Department."); *United States v. Nixon*, 418 U.S. 683, 696 (1974) (explaining "possib[ility] for the Attorney General to amend or revoke the regulation defining the Special Prosecutor's authority"); *In re Sealed Case*, 829 F.2d 50, 56 (D.C. Cir. 1987) ("[T]he Independent Counsel: Iran/Contra serves only for so long as the March 5, 1987, regulation remains in force. Subject to generally applicable procedural requirements, the

Attorney General may rescind this regulation at any time, thereby abolishing the Office of Independent Counsel: Iran/Contra.").

Because the Special Counsel is, as a matter of law, answerable to the Attorney General, the constitutional classification of the Special Counsel does not depend on how the Attorney General does or does not—as a matter of fact—exercise that supervisory authority.

3. Finally, whether Congress vested the Attorney General with the authority to appoint the Special Counsel is a standard question of statutory interpretation. The Appointments Clause authorizes Congress to "vest the Appointment of such inferior Officers" in a head of department, including the Attorney General, "by Law." U.S. Const., Art. II, § 2. An executive branch official's lawful authority to perform an action, whether appointing a subordinate official or anything else, depends solely on the scope of the superior official's powers as defined by statute. *See, e.g.*, *Biden v. Nebraska*, 143 S. Ct. 2355, 2375 (2023) (relying on "ordinary tools of statutory interpretation" to determine whether Secretary of Education holds authority to modify student loans).

Accordingly, every court to have considered whether an executive branch official has authority to appoint an inferior officer has looked solely to the statutes that define the scope of that official's appointment powers. *See, e.g.*, *Edmond*, 520 U.S. at 656 ("[T]he plain language of § 323(a) appears to give the Secretary [of Transportation] power to appoint [Coast Guard judges]."); *United States v. Nixon*, 418 U.S. 683, 694 (1974) (Congress "vested in [the Attorney General] the power to appoint subordinate officers [including the Watergate special counsel] to assist him in the discharge of his duties." (citing 28 U.S.C. §§ 509, 510, 515, 533)); *In re Grand Jury Investigation*, 916 F.3d 1047, 1054 (D.C. Cir. 2019) ("[B]inding precedent establishes that Congress has 'by law; vested authority in the Attorney General to appoint the Special Counsel as an inferior officer." (citing 28 U.S.C. §§ 515(b), 533(1))); *In re Sealed Case*, 829 F.2d 50, 55 (D.C. Cir. 1987) ("We have no difficulty concluding that the Attorney General possessed the statutory authority to create the Office of Independent Counsel: Iran/Contra and to convey to it the 'investigative and prosecutorial functions and powers' described in 28 C.F.R. § 600.1(a) of the regulation. The statutory provisions relied upon by the Attorney General in promulgating the regulation are 5 U.S.C. § 301 and 28 U.S.C. §§ 509, 510, and 515.").

## II. EVERY COURT TO HAVE ADDRESSED THESE QUESTIONS HAS DONE SO AS A MATTER OF LAW WITHOUT CONDUCTING EVIDENTIARY PROCEEDINGS TO DEVELOP A FACTUAL RECORD.

In accord with these principles, it appears that no court has ever held an evidentiary proceeding to develop a factual record to inform its determination whether the appointment of an executive branch official was lawful under the Appointments Clause. To assist the Court, *amici* have reviewed the following cases, which address every variety of appointment challenge brought by Mr. Trump and his *amici*, both in the context of prior Special Counsels and regarding other types of officials, to confirm that no such evidentiary proceeding was conducted:

- *Lucia v. S.E.C.*, 585 U.S. 237 (2018) (petition for review directly to D.C. Circuit).
- *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477 (2010) (*see Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, No. CIVA 06-0217 JR, 2007 WL 891675, at *5 (D.D.C. Mar. 21, 2007)).
- *Edmond v. United States*, 520 U.S. 651 (1997) (military convictions in courts martial summarily affirmed by Court of Appeals for Armed Forces).
- *Freytag v. Comm'r*, 501 U.S. 868 (1991) (direct appeal from Article I Tax Court to Fifth Circuit).
- *Morrison v. Olson*, 487 U.S. 654 (1988) (*see In re Sealed Case*, 665 F. Supp. 56, 58 (D.D.C. 1987)).
- *United States v. Nixon*, 418 U.S. 683 (1974) (*see United States v. Mitchell*, 377 F. Supp. 1326, 1329 (D.D.C.)).
- *United States v. Donziger*, 38 F.4th 290 (2d Cir. 2022) (*see United States v. Donziger*, No. 11-CV-691 (LAK), 2021 WL 3141893, at *56 (S.D.N.Y. July 26, 2021)) ("The fact that the DOJ or USAO may not have supervised the Special Prosecutors to Mr. Donziger's satisfaction—or the possibility that DOJ's supervision is simply not visible to Mr. Donziger—is of no moment.").
- *In re Grand Jury*, 916 F.3d 1047 (D.C. Cir. 2019) (*see In re Grand Jury Investigation*, 315 F. Supp. 3d 602, 643 (D.D.C. 2018)).
- *United States v. Hilario*, 218 F.3d 19 (1st Cir. 2000) (*see United States v. Peralta-Ramirez*, 83 F. Supp. 2d 263, 271 (D.P.R.)).
- *United States v. Gantt*, 194 F.3d 987 (9th Cir. 1999) (interlocutory appeal of district court grant of motion to suppress evidence with no record of evidentiary

6

- *In re Sealed Case*, 829 F.2d 50 (D.C. Cir. 1987) (*see In re Sealed Case*, 666 F. Supp. 231, 235 (D.D.C.) (taking and considering evidence only in relation to challenge unrelated to Appointments Clause).
- *United States v. Manafort*, 321 F. Supp. 3d 640, 655-59 (E.D. Va. 2018) (analyzing Appointments Clause issue as pure question of law).
- *United States v. Libby*, 429 F. Supp. 2d 27, 38-39 (D.D.C. 2006) ("[T]he only concrete evidence submitted to the Court that delineates the Special Counsel's authority are the two letters from the Deputy Attorney General to the Special Counsel.").

hearing on Appointments Clause challenge).

In light of this unbroken line of precedent, this Court should not adopt a novel and unwarranted approach to resolving whether the Attorney General lawfully appointed the Special Counsel.

\*   \*   \*

As explained in *amici*'s initial brief, the Special Counsel is an inferior officer whom the Attorney General lawfully appointed pursuant to the statutes Congress enacted vesting him with the power to appoint subordinate officials. The Special Counsel is not a principal officer because, by law, he is subordinate to the Attorney General. *See Edmond*, 520 U.S. at 663. He is not a mere employee because, by law, he "occup[ies] a 'continuing' position established by law." *Lucia*, 585 U.S. at 237–38. And by law, Congress "vested in [the Attorney General] the power to appoint subordinate officers," including the Special Counsel, "to assist him in the discharge of his duties." *Nixon*, 418 U.S. at 694 (citing 28 U.S.C. §§ 509, 510, 515, 533)). The proper basis for those determinations is the legal scope of the Special Counsel's role as defined by the Attorney General's letter appointing him, the regulations that letter cites, and the statutes pursuant to which the Attorney General made that appointment. Accordingly, consistent with the Supreme Court's longstanding approach to statutory interpretation and its analyses under the Appointments Clause, this Court should hold as a matter of law that the Attorney General lawfully appointed the Special Counsel, without the need for an evidentiary proceeding to develop a factual record to inform that determination.

7

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendant Trump's motion to dismiss the indictment based on the appointment of the Special Counsel without conducting an evidentiary proceeding to develop a factual record.

June 11, 2024                                Respectfully submitted,

By: */s/ Matthew A. Seligman*
MATTHEW A. SELIGMAN
*Admitted Pro Hac Vice*
STRIS & MAHER LLP
777 S Figueroa St, Suite 3850
Los Angeles, CA 90017
(213) 995-6873
mseligman@stris.com

CRISTINA ALONSO
Florida Bar No. 327580
ALONSO APPEALS
15757 Pines Boulevard, Suite 222
Pembroke Pines, FL 33027
Telephone: (954) 667-8675
alonso@alonsoappeals.com

*Counsel for Amici Curiae*

**LOCAL RULE 7.1 CERTIFICATION OF GOOD-FAITH CONFERRAL**

In accordance with Local Rule 7.1(a)(3), S.D. Fla. L.R., undersigned counsel hereby certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to confer regarding the submission of this brief. Counsel for Defendant Donald J. Trump has not indicated his position. Undersigned counsel has made reasonable efforts to confer by sending his counsel an e-mail. Counsel for Co-Defendant Carlos De Oliveira indicated he takes no position. Counsel for Co-Defendant Waltine Nauta has indicated he takes no position. Counsel for the government indicated that they take no position.

June 11, 2024                                         By: */s/ Matthew A. Seligman*
                                                                           MATTHEW A. SELIGMAN
                                                                           *Admitted Pro Hac Vice*
                                                                           STRIS & MAHER LLP
                                                                           777 S Figueroa St, Suite 3850
                                                                           Los Angeles, CA 90017
                                                                           (213) 995-6873
                                                                           mseligman@stris.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 11th day of June, 2024, I electronically filed or caused to be filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day via transmission of a Notice of Electronic Filing generated by CM/ECF on all parties and counsel of record.

June 11, 2024                                          By: */s/ Cristina Alonso*
                                                                          CRISTINA ALONSO
                                                                          Florida Bar No. 327580
                                                                          ALONSO APPEALS
                                                                          15757 Pines Boulevard, Suite 222
                                                                          Pembroke Pines, FL 33027
                                                                          (954) 667-8675
                                                                          *alonso@alonsoappeals.com*