UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

    Defendants.
_____/

**ORDER DENYING DEFENDANT NAUTA'S MOTION TO DISMISS
SUPERSEDING INDICTMENT FOR SELECTIVE AND VINDICTIVE PROSECUTION**

    **THIS CAUSE** comes before the Court upon Defendant Nauta's Motion to Dismiss the Superseding Indictment for Selective and Vindictive Prosecution (the "Motion") [ECF No. 485]. Defendant Nauta seeks dismissal—or, in the alternative, additional discovery—based on claims that he was selectively and vindictively prosecuted [ECF No. 485]. Upon review of the Motion, the associated filings [ECF Nos. 486–488], and the arguments raised at the hearing on the Motion [ECF No. 580], Defendant Nauta's Motion is **DENIED**.

***

    A prosecutor's decision to bring charges against a defendant is entitled to "a strong 'presumption of regularity[.]'" *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). Defendants seeking dismissal based on selective or vindictive prosecution must meet a "demanding burden," and must establish the requisite elements by "clear and convincing evidence." *Id.* at 807–808; *Armstrong*, 517 U.S. at 468 (describing the "rigorous standard" for dismissal on these grounds). To be entitled to discovery in support of such claims, a defendant must provide "some evidence tending to show

the existence of the essential elements of the defense." *Armstrong*, 517 U.S. at 468–70. As discussed below, Defendant Nauta fails to clear the bar entitling him to the relief sought.

To succeed in his selective prosecution claim, Defendant Nauta must show that (1) "similarly situated individuals were not prosecuted," and (2) the prosecution was "motivated by a discriminatory purpose." *Smith*, 231 F.3d at 810. Neither prong is satisfied here. First, the Motion fails to identify a similarly situated "comparator [who] committed the same basic [alleged] crime in substantially the same manner as the defendant." *Id.* at 809. The two individuals identified as comparators in the Motion are distinguishable both in their conduct and in their relationships to the charges.[1] Second, Defendant Nauta argues that he was discriminatorily prosecuted for exercising his Fifth Amendment right against self-incrimination: that is, the Special Counsel indicted him for declining prosecutors' invitation to appear before a grand jury [ECF No. 485 pp. 9–11]. Even if the Court were to accept that Defendant Nauta invoked his Fifth Amendment right,[2] there is no evidence showing that Defendant Nauta's exercise of his privilege against self-incrimination motivated the charges against him. *See Smith*, 231 F.3d at 810 (requiring showing that prosecution was "motivated by a discriminatory purpose").

Defendant Nauta's vindictive prosecution claim fails for similar reasons: he fails to make the required showing of "animus plus causation." *United States v. Barner*, 441 F.3d 1310, 1322

---

[1] In his Reply, Defendant Nauta also adopts the comparators offered in Defendant Trump's Motion to Dismiss the Indictment Based on Selective and Vindictive Prosecution [ECF No. 487 pp. 7–9; *see* ECF No. 508 (Trump's Motion)]. Those individuals are more dissimilar than the two comparators offered in Defendant Nauta's Motion, and do not serve to satisfy the first prong of the selective-prosecution test.

[2] Defendant Nauta did not expressly invoke his Fifth Amendment right. As explained in the Special Counsel's Opposition, there is a difference between declining a target letter's invitation to voluntarily appear before a grand jury—as happened here—and refusing to appear under official compulsion [*see* ECF No. 486 pp. 12–13]. "It has long been settled that the [Fifth Amendment] privilege generally is not self-executing and that a witness who desires its protection must claim it." *Salinas v. Texas*, 570 U.S. 178, 181 (2013) (quotation marks omitted); *see Doe v. United States*, 487 U.S. 201, 212 (1988).

(11th Cir. 2006) (setting forth elements of vindictive prosecution). To be sure, punishing a person for exercising his constitutional rights can constitute genuine animus. *Id.* at 1315. But even accepting that Defendant Nauta effectively invoked his Fifth Amendment right, *see supra* p. 2 n.2, there is no evidence suggesting that charges were brought to punish him for doing so. *Barner*, 441 F.3d at 1322 (requiring proof of causation). Defendant Nauta's argument that he was charged for refusing to cooperate also fails, for the reasons set forth in the Special Counsel's Opposition [ECF No. 486 pp. 13–14 (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978), and *United States v. Davis*, 854 F.3d 1276, 1291 (11th Cir. 2017))].

Lastly, the Court turns to Defendant Nauta's argument that prosecutors' animus for his attorney, Stanley Woodward, motivated the indictment [ECF No. 487 pp. 3–7]. This argument is based primarily on (1) an August 24, 2022, meeting during which Mr. Woodward alleges that Mr. Bratt "attempted to coerce Mr. Nauta's compliance with the investigation by dangling potential favorability on Mr. Woodward's potential judicial nomination" to the Superior Court for the District of Columbia [ECF No. 487 pp. 3–5; *see* ECF Nos. 115, 118 (competing portrayals of the August 24, 2022, meeting)];[3] and (2) a "campaign of intimidation and harassment against [Woodward]" based on interactions Woodward had with prosecutors in this case and others [ECF No. 487 pp. 5–7]. The Special Counsel disagrees with Defendant Nauta's characterization of these interactions [ECF No. 488]. Even if the Court were to accept Defendant Nauta's version

---

[3] The August 24, 2022, meeting also featured prosecutors' supposedly pejorative use of the phrase "Trump attorney," and prosecutors' suggestion that Defendant Nauta, one way or another, would "be giving up a lifestyle of private planes and private golf courses" [ECF No. 580 pp. 29–30, 51–53; *see* ECF No. 118-1 pp. 2–4]. The Special Counsel does not appear to dispute that these statements were made during the meeting, although he disagrees with the insinuations drawn from those remarks by Mr. Woodward [ECF No. 118-1 pp. 49–50; *see* ECF No. 580 p. 54]. Upon review of these statements, the Court notes the heightened professional obligations expected of federal prosecutors, who must maintain discipline, decorum, and discretion at all times. *See Berger v. United States*, 295 U.S. 78, 88 (1935).

CASE NO. 23-80101-CR-CANNON

of events vis-à-vis Mr. Woodward—and the Court expresses no view one way or another, *supra* p. 4 n.4—it does not serve as a basis for dismissal, nor does it entitle him to discovery in furtherance of his claims or to an evidentiary hearing in this Court. As the Special Counsel notes, "[p]recedent addressing vindictive prosecution makes clear that a claim must allege genuine animus directed at the defendant, not someone else" [ECF No. 488 p. 3 (collecting cases)].[4]

In sum, Defendant Nauta has not met the "rigorous standard" necessary to obtain the relief he seeks in the instant Motion. *Armstrong*, 517 U.S. at 468. The Motion is therefore **DENIED** [ECF No. 485]. This Order shall not be construed as commenting on the merits of Defendant Trump's Motion to Dismiss the Indictment Based on Selective and Vindictive Prosecution or on any other motion pending before the Court [ECF No. 508].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 6th day of July 2024.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[4] The Court takes no position on what transpired at the August 24, 2022, meeting. Nor does the Court infer misconduct on the part of prosecutors or doubt Mr. Woodward's representations that he has conveyed his recollection honestly. The Court understands that the Special Counsel's Office, at Mr. Bratt's request, voluntarily contacted the Office of Professional Responsibility (OPR) to make a self-referral of the matter [ECF No. 115 p. 7 n.6]. Per the Special Counsel's representation, OPR is holding the referral in abeyance pending completion of this case [ECF No. 115 p. 7 n.6]. Because the referred matter is at this point collateral to this proceeding, however, the Court recommends—but does not direct—that OPR take the necessary steps to preserve evidence for its inquiry, as it deems proper.