UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WALTINE NAUTA and
CARLOS DE OLIVEIRA,

    Defendants.
_____/

### THE UNITED STATES' OPPOSITION TO NON-PARTY PRESIDENT-ELECT TRUMP'S SUPPLEMENT AND MOTION TO RECONSIDER DENIAL OF EMERGENCY MOTION TO ENJOIN PUBLIC RELEASE OF VOLUME I

The United States respectfully submits this Opposition to President-elect Trump's motion for emergency relief, *see* ECF No. 700. President-elect Trump is not a party to this action and therefore cannot seek injunctive relief. He has no right to participate in this action in order to seek relief relating to a volume of the Special Counsel's Final Report that has nothing to do with this case—much less to seek that relief after this Court already denied it to the actual parties to the case. Although the President-elect styles his motion as a supplement to his pending motion to intervene, he seeks substantive relief by seeking to extend the existing injunction, an injunction that expires in a matter of hours. For the reasons that follow, such relief should be denied.

1. President-elect Trump's delay is reason alone to deny his request for relief. The President-elect's request to intervene in this case has been pending for almost a week. Although his recent filing is styled as a supplement to his motion to intervene, the President-elect never requested expedition on his motion to intervene when he filed it on January 7. Moreover, the Court issued

its Order denying relief with respect to Volume One at 12:16 pm today. Over nine hours later, President-elect Trump filed an "emergency" supplement to his intervention motion, manufacturing an emergency that would not exist had he acted when the Court issued its Order. The request comes too late. Although the request is meritless, there is no excuse for waiting until the eleventh hour to file it, nor does the motion purport to explain why this filing comes after 9:00 pm. On that basis of tardiness alone it should be denied.

2.  Further, the President-elect lacks standing to obtain relief by way of an injunction. Because he is not a party, he has no standing to ask for emergency relief to be granted during the pendency of that motion. "A prospective intervenor is not a party and does not have standing to seek any relief other than leave to intervene." *S.E.C. v. Lauer*, No. 03-80612-CIV-MARRA, 2007 WL 1394001, at *1 (S.D. Fla. May 2, 2007); *Georgia S. Univ. Hous. Found. One, LLC v. Capstone Dev. Corp.*, No. 6:11-CV-104, 2018 WL 4954079, at *8 (S.D. Ga. Oct. 12, 2018) ("JLB has not cited any case where a federal court found that a non-party had standing to obtain an injunction.") *see also Glyn v. Roy Al Boat Mgmt. Corp.*, 897 F. Supp. 451, 453 (D. Haw. 1995) ("Efimov is not a party to this action. Therefore, the relief he seeks could only be considered if he met the requirements of intervention under Fed.R.Civ.P. 24. Simply filing the motion does not make him a party.").

3.  Nor is intervention warranted here. The law provides for intervention in criminal cases only in limited circumstances. *United States v. Atesiano*, 2018 WL 5831092, at *2 (S.D. Fla. Nov. 7, 2018) (citing *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("Various courts have observed that the Federal Rules of Criminal Procedure do not provide for third-party intervention in criminal cases."). Typically, intervention is permitted only where the granting of a motion in a criminal case would infringe on a third party's constitutional rights. *See Atesiano*, 2018 WL 5831092, at

2

*2 (quoting *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004)). But that is not the situation here. The relief sought by Defendants (and already denied by the Court) would have *benefited* the President-elect, not caused him any harm. Movant cites no case where intervention was permitted in this scenario. In fact, the *Carmichael* case relied on by President-elect Trump in his motion to intervene rejected intervention in an analogous situation. In that case, a DEA agent hoped to prevent the criminal defendant from displaying the agent's picture on a website. The prosecution had itself (unsuccessfully) sought an order requiring the defendant to take down the site. Thus, like here, a third party sought to benefit from a motion filed in a criminal case. The Court rejected intervention explaining that:

> Any interest [Agent] DeJohn has in the website's removal is not based on a legal entitlement specifically belonging to him in Carmichael's criminal case. Rather, his motion to intervene is an effort to resolve what is essentially a private dispute based, if anything, on state law. DeJohn's allegation, that the website is not only interfering with his ability to pursue his profession as an undercover agent, it is putting him danger, may very well be actionable under Alabama law. However, intervening in Carmichael's federal criminal case is not an appropriate manner in which to seek redress for his perceived wrong; DeJohn's appropriate forum is, if anywhere, in state court

*Carmichael*, 342 F. Supp. 2d at 1072–73. The Court noted that "[a] criminal case is not the proper channel for a nonparty to resolve a collateral civil dispute with a criminal defendant. *Id.* at 1073. The same is true of a third party's attempt to resolve a collateral civil dispute with the government.

4. In any event, none of the President-elect's arguments regarding release of Volume One has merit. The Presidential Transition Act of 1963 does not justify intervention. That statute "authorizes funding for the General Services Administration (GSA) to provide suitable office space, staff compensation, and other services associated with the presidential transition process." Congressional Research Service, *Presidential Transition Act: Provisions and Funding*, updated May 22, 2024, *available at* https://crsreports.congress.gov/product/pdf/R/R46602. The Act

contains no private right of action. Indeed, the portion of the Act invoked by the President-elect does not even impose binding restrictions. Section 2 provides merely that "*it is the intent of the Congress* that" federal officers "promote orderly transitions in the office of President." 3 U.S.C. § 102 note (emphasis added) (Section 2 of the Presidential Transition Act).

5. Moreover, the President-elect cannot show that release of the Final Report would be contrary to the Act even if it were enforceable. The Motion for Leave to Intervene and tonight's supplement asserts that "[i]ssuance and public release of the Report" would have the effect of "disrupting and interfering with President Trump's transition efforts and harming the institution of the Presidency," Mot. at 5, but does not specify what the disruption and interference might be. The letter from counsel for President-elect Trump to the Attorney General asserts that releasing the Special Counsel's report to the public would "giv[e] rise to a media storm of false and unfair criticism that President Trump would be required to address while preparing to assume his Article II responsibilities," ECF No. 679, Ex. A at 4, and further characterizes the Final Report as "an obvious effort to interfere with upcoming confirmation hearings." *Id.* at 5. Such speculation falls far short of establishing that any provision of the Presidential Transition Act could not be carried out—or would be rendered more difficult to implement—by publication of the Final Report.

6. The letter from counsel for the President also invokes the Appointments Clause and the Appropriations Clause, as well as the Special Counsel Regulations. *See* ECF No. 679, Ex. A at 3-4. But as the government explained in its recent opposition to defendants' motion to extend the temporary injunction (ECF No. 690), these arguments are no longer even relevant now that the Special Counsel has completed his report and transmitted it to the Attorney General. All that is left is for the Attorney General to determine how to handle that report, and his authority in this

4

respect is clear. ECF No. 690 at 8-10. There is no constitutional or other statutory right justifying intervention in this criminal case.

7. The President-elect's supplemental motion tonight more resembles a motion for reconsideration of the court's order of this afternoon. But even if he could bring such a motion, which he cannot, there is no basis for reconsideration. The Court was well aware of when the temporary injunction would expire when it issued its order today declining to extend it as to Volume One, and there is no legal basis raised in tonight's supplement that meets the stringent standard for reconsideration. That standard requires either a change in law or manifest error. Neither is present here. *See Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

8. Once this Court's temporary injunction as to Volume One of the Special Counsel's Final Report expires at midnight, the Department plans to release Volume One, as well as the Special Counsel's transmittal letter, the letter from counsel for President Trump, and a letter from the Special Counsel in response that were described in the United States' January 12, 2025 filing. *See* Dkt. 692.

For all these reasons, this Court should deny the request to extend the temporary injunction with respect to Volume One.

Dated: January 13, 2025

                                                    Respectfully submitted,

                                                    MARKENZY LAPOINTE
                                                    United States Attorney

                                                    BRIAN M. BOYNTON
                                                    Principal Deputy Assistant Attorney General
                                                      Civil Division

By:    /s/ *Elizabeth J. Shapiro*
        ELIZABETH J. SHAPIRO
        D.C. Bar No. 418925
        Special Bar ID #A5502352
        United States Department of Justice
        Civil Division, Federal Programs Branch
        P.O. Box 883
        Washington, D.C. 20044

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

>                /s/ *Elizabeth J. Shapiro*
>                Elizabeth J. Shapiro